IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 3:08-CR-175 |
| : | JUDGES PHILLIPS/SHIRLEY |
| CLARK ALAN ROBERTS, and : | |
| SEAN EDWARD HOWLEY, : | |
| : | |
| Defendants. : | |

SUPERSEDING INDICTMENT

The Grand Jury charges:

INTRODUCTION

At all times relevant to this Indictment:

1.      Goodyear Tire Company (Goodyear) was a publicly-traded corporation whose business focused on the manufacture of tires. Goodyear's corporate headquarters were located in Akron, Ohio. Goodyear distributed and sold tires in all areas of the United States, and all over the world. Among its various products, Goodyear produced very large tires for earth moving equipment, also known as "off the road" or OTR tires, at its Topeka, Kansas tire manufacturing facility. Goodyear's products were sold and shipped, and intended to be sold and shipped, in interstate and foreign commerce.

2.      Wyko Tire Technology Incorporated (Wyko U.S.) was a company located in Greenback, Tennessee, within the Eastern District of Tennessee. Wyko U.S. was in the business of designing and creating manufacturing equipment used by other companies, such as Goodyear,

to manufacture tires. Wyko Tire Technology Limited (Wyko U.K.) was a manufacturing company located in Dudley, England and Wyko China was a company located in Shanghai, Peoples Republic of China (PRC) which sold tire manufacturing equipment for Wyko U.S. and Wyko U.K.

3. Wyko U.S., Wyko U.K. and Wyko China were all subsidiaries of Wyko Group Limited (Wyko), which was co-located with Wyko U.K. in Dudley, England. Wyko Group Limited was owned by a Netherlands based company, Eriks Group N.V.

4. In January 2007, Wyko China secured a contract with Haohau South China Guilin Rubber Company Limited (HHSC), a Chinese tire manufacturing company located in Guilin, PRC to supply tire manufacturing equipment for use in producing OTR tires. Some of the equipment was to be produced at the Wyko U.S. manufacturing facility in Tennessee and some was to be manufactured at the Wyko U.K. facility in Dudley, England. Pursuant to the contract, HHSC agreed to pay Wyko approximately $1,200,000 for the manufacturing equipment and Wyko agreed to deliver by the end of September 2007.

5. One of the pieces of equipment that Wyko agreed to manufacture for HHSC was a Swab Down System which was also known as a roll over-ply down device. This device is used to wrap rubber around a cable, which creates the inner bead of the tire. The device then applies the bead to the wheel hub.

6. The contract between HHSC and Wyko listed the value of the Swab Down System at approximately $307,000. Prior to this contract, Wyko had never manufactured a roll over-ply down device for large OTR tires.

7. Defendant CLARK ALAN ROBERTS was employed as an engineer at Wyko U.S. in Greenback, Tennessee and was responsible for assisting with the design and production of the tire manufacturing equipment for the HHSC contract.

8. Defendant SEAN EDWARD HOWLEY was employed as an engineer at Wyko U.S. in Greenback, Tennessee and also worked on the HHSC contract.

9. Goodyear had multiple roll over-ply down devices in its Topeka tire manufacturing facility that were used to manufacture OTR tires.

10. Goodyear's roll over-ply down device contained trade secret information and was protected by Goodyear as confidential and proprietary information. To protect the information contained in the roll over-ply down device as a trade secret, Goodyear implemented the following security measures:

(a) The roll over-ply down devices were housed in a restricted access facility behind several locked points, including gates and doors.

(b) Visitors were denied access unless permission was granted. Access was restricted to a limited purpose for the visit. Before entering the facility, a visitor was required to sign in and out at a manned security gate and was required to be pre-cleared by Goodyear personnel for entry into the plant.

(c) A sign was displayed at the entrance gate announcing that cameras are not allowed in the facility.

(d) All visitors were required to be escorted by a Goodyear employee, who restricted access only to equipment and information relevant to the limited purpose for the visit.

3

(e) Prior to their entry to the Topeka tire manufacturing facility, visitors were asked to sign a non-disclosure agreement, specifically a Goodyear F-408 "Agreement of Visitors to Goodyear Facilities."

(f) Visitors were not allowed to take photographs in the tire manufacturing facility.

## COUNT ONE
(Conspiracy)
**18 U.S.C. § 1832(a)(5)**

11. The allegations set forth in paragraphs one through ten of this Indictment are incorporated herein as if set forth in full.

12. Beginning on a date unknown to the Grand Jury but at least by, on or about April 18, 2007, and continuing until on or about June 1, 2007, in the Eastern District of Tennessee, and elsewhere, the defendants,

**CLARK ALAN ROBERTS and SEAN EDWARD HOWLEY**

did knowingly and willfully combine, conspire, confederate, agree with each other, and others known and unknown to the Grand Jury, to commit the following offenses:

(a) Theft of trade secrets, in violation of Title 18, United States Code, Section 1832(a)(1);

(b) Unauthorized photographing and transmitting trade secrets, in violation of Title 18, United States Code, Section 1832(a)(2); and

(c) Receiving and possessing trade secrets, while knowing the same to have been stolen and taken without authorization, in violation of Title 18, United States Code, Section 1832(a)(3).

4

**Manner and Means**

13. The defendants, CLARK ALAN ROBERTS and SEAN EDWARD HOWLEY, would and did carry out the conspiracy and effect its unlawful objects, that is the theft, unauthorized photographing, transmittal and possession of trade secrets contained in the roll over-ply down device owned by Goodyear, through the following manner and means, among others:

(a) It was part of the conspiracy that defendants, CLARK ALAN ROBERTS and SEAN EDWARD HOWLEY, planned to take unauthorized photographs of the roll over-ply down device to assist Wyko with the design and manufacture of a similar device for HHSC, during their visit to the Topeka tire manufacturing facility.

(b) It was further part of the conspiracy that defendants CLARK ALAN ROBERTS and SEAN EDWARD HOWLEY would make materially false representations to Goodyear that the sole reason for their visit to the Goodyear Topeka tire manufacturing facility was to evaluate Wyko made equipment for possible repairs when, in fact, they intended to take unauthorized photographs of Goodyear's roll over-ply down device.

(c) It was part of the conspiracy that defendant SEAN EDWARD HOWLEY would use his cellular telephone to take the unauthorized photographs of the roll over-ply down device while defendant CLARK ALAN ROBERTS would look out for Goodyear employees.

(d) It was part of the conspiracy that the defendants, CLARK ALAN ROBERTS and SEAN EDWARD HOWLEY, would take and carry away the photographs of Goodyear's roll over-ply down device.

5

(e) It was part of the conspiracy that the defendants, CLARK ALAN ROBERTS and SEAN EDWARD HOWLEY, would transmit those photographs to other Wyko employees to be used to assist Wyko in constructing a roll over-ply down device Wyko was manufacturing for HHSC.

**Overt Acts**

14. In furtherance of the conspiracy and to achieve the objects and purposes thereof, the defendants, CLARK ALAN ROBERTS and SEAN EDWARD HOWLEY, committed and caused to be committed the following overt acts, among others, in the Eastern District of Tennessee and elsewhere:

(a) On or about April 18, 2007, defendant CLARK ALAN ROBERTS scheduled a visit to Goodyear's Topeka tire manufacturing facility to take place on or about May 30, 2007 in order to inspect Wyko equipment for necessary repairs.

(b) In May 2007, prior to their visit to Topeka, defendants CLARK ALAN ROBERTS and SEAN EDWARD HOWLEY asked Wyko's Information Technology Technician, for a small camera.

(c) In or about May 2007, prior to their visit to Topeka, defendant CLARK ALAN ROBERTS advised defendant SEAN EDWARD HOWLEY that they would be able to access and view Goodyear's roll over-ply down device during the visit and that defendant SEAN EDWARD HOWLEY should take pictures of the roll over-ply down device.

(d) On or about May 30, 2007, defendants CLARK ALAN ROBERTS and SEAN EDWARD HOWLEY traveled to Topeka, Kansas to visit the Goodyear tire manufacturing facility.

(e) On or about May 30, 2007, defendant CLARK ALAN ROBERTS falsely stated to a security guard at Goodyear's Topeka tire manufacturing facility that he had signed a Goodyear Form 408 "Agreement of Visitors to Goodyear Facilities" in the past year and that he was not required to sign another form.

(f) On or about May 30, 2007, defendants CLARK ALAN ROBERTS and SEAN EDWARD HOWLEY made materially false representations to their escort, a Goodyear engineer, that the sole reason for their visit to the Goodyear Topeka tire manufacturing facility was to evaluate Wyko made equipment for possible repairs when, in fact, as they then well knew, they intended to take unauthorized photographs of Goodyear's roll over-ply down device.

(g) On or about May 30, 2007, defendant SEAN EDWARD HOWLEY took a cellular telephone equipped with a camera into Goodyear's Topeka tire manufacturing facility while knowing that cameras were not allowed in the facility.

(h) On or about May 31, 2007, defendant SEAN EDWARD HOWLEY used his cellular phone to take seven (7) photographs of Goodyear's roll over-ply down device, while defendant CLARK ALAN ROBERTS stood at a distance to look for Goodyear employees.

(i) On or about May 31, 2007, defendant SEAN EDWARD HOWLEY downloaded the seven (7) photographs from his cellular telephone to his personal email account at delorsche@bellsouth.net and emailed the photographs to his work email account at showley@wykous.com.

(j) On or about June 1, 2007, Defendant SEAN EDWARD HOWLEY sent seven (7) photographs of Goodyear's roll over-ply down device from his showley@wykous.com email account to defendant CLARK ALAN ROBERTS at croberts@wykous.com.

7

(k) On or about June 1, 2007, defendant CLARK ALAN ROBERTS sent the seven (7) photographs of Goodyear's roll over-ply down device from croberts@wykous.com to two Wyko U.K. employees in Dudley, England.

All in violation of Title 18, United States Code, Section 1832(a)(5).

## COUNT TWO
(Theft and Attempted Theft of Trade Secrets;
Aiding and Abetting)
**18 U.S.C. § 1832(a)(1)&(a)(4) and 18 U.S.C. §2**

15. The allegations set forth in paragraphs one through ten, thirteen and fourteen of this Indictment are incorporated herein as if set forth in full.

16. Between on or about May 30, 2007 and June 1, 2007, in the Eastern District of Tennessee, and elsewhere, the defendants,

**CLARK ALAN ROBERTS and SEAN EDWARD HOWLEY,**

aided and abetted by each other, with the intent to convert a trade secret to the economic benefit of someone other than Goodyear, and intending and knowing that the offense would injure Goodyear, did knowingly steal, appropriate without authorization, and by fraud, artifice and deception obtain information, and attempt to do so, specifically a trade secret contained in the roll over-ply down device owned by Goodyear, which was related to and included in a product that is produced for or placed in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 1832(a)(1)& (a)(4) and 2.

## COUNT THREE
(Photographing and Attempted Photographing of Trade Secrets;
Aiding and Abetting)
**18 U.S.C. § 1832(a)(2)&(a)(4) and 18 U.S.C. §2**

17.     The allegations set forth in paragraphs one through ten, thirteen and fourteen of this Indictment are incorporated herein as if set forth in full.

18.     Between on or about May 30, 2007 and June 1, 2007, in the Eastern District of Tennessee and elsewhere, the defendants,

**CLARK ALAN ROBERTS and SEAN EDWARD HOWLEY,**

aided and abetted by each other, with the intent to convert a trade secret to the economic benefit of someone other than Goodyear, and intending and knowing that the offense would injure Goodyear, did knowingly photograph, and attempt to photograph, without authorization a trade secret, specifically a trade secret contained in the roll over-ply down device owned by Goodyear, which was related to and included in a product that is produced for and placed in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 1832(a)(2)& (a)(4) and 2.

9

## COUNTS FOUR through SIX
(Transmittal and Attempted Transmittal of Trade Secrets;
Aiding and Abetting)
**18 U.S.C. § 1832(a)(2)&(a)(4) and 18 U.S.C. §2**

19. The allegations set forth in paragraphs one through ten, thirteen and fourteen of this Indictment are incorporated herein as if set forth in full.

20. On or about the dates listed below, in the Eastern District of Tennessee and elsewhere, the defendants,

**CLARK ALAN ROBERTS and SEAN EDWARD HOWLEY,**

aided and abetted by each other, with the intent to convert a trade secret to the economic benefit of someone other than Goodyear, and intending and knowing that the offense would injure Goodyear, did knowingly transmit, and attempt to transmit, without authorization a trade secret, specifically a trade secret contained in the roll over-ply down device owned by Goodyear, which was related to and included in a product that is produced for and placed in interstate and foreign commerce, in the following wire communications:

| Count | Date | Wire Communication |
| --- | --- | --- |
| 4 | May 31, 2007 | Email from delorsche@bellsouth.net to showley@wykous.com containing seven (7) unauthorized photographs of Goodyear's roll over-ply down device |
| 5 | June 1, 2007 | Email from showley@wykous.com to croberts@wykous.com containing seven (7) unauthorized photographs of Goodyear's roll over-ply down device |
| 6 | June 1, 2007 | Email from croberts@wykous.com to two Wyko U.K. employees located in Dudley, England containing seven (7) unauthorized photographs of Goodyear's roll over-ply down device |

All in violation of Title 18, United States Code, Sections 1832(a)(2)& (a)(4) and 2.

10

# COUNT SEVEN
(Possession and Attempted Possession of Trade Secrets;
Aiding and Abetting)
**18 U.S.C. § 1832(a)(3)&(a)(4) and 18 U.S.C. §2**

21. The allegations set forth in paragraphs one through ten, thirteen and fourteen of this Indictment are incorporated herein as if set forth in full.

22. Between on or about May 30, 2007 and June 1, 2007, in the Eastern District of Tennessee and elsewhere, the defendants,

**CLARK ALAN ROBERTS and SEAN EDWARD HOWLEY,**

aided and abetted by each other, with the intent to convert a trade secret to the economic benefit of someone other than Goodyear, and intending and knowing that the offense would injure Goodyear, did knowingly possess, and attempt to possess, information, knowing that the information had been stolen, appropriated, and obtained without authorization, specifically a trade secret contained in the roll over-ply down device owned by Goodyear, which was related to and included in a product that is produced for and placed in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 1832(a)(3)& (a)(4) and 2.

11

# COUNTS EIGHT through TEN
(Wire Fraud; Aiding and Abetting)
**18 U.S.C. § 1343 and §2**

23. The allegations set forth in paragraphs one through ten, thirteen and fourteen of this Indictment are incorporated herein as if set forth in full.

**The Scheme and Artifice to Defraud**

24. Beginning on an unknown date in 2007 and continuing until on or about June 1, 2007, the defendants, devised and intended to devise the following scheme and artifice to defraud Goodyear of its confidential proprietary information:

    (a) It was part of the scheme and artifice to defraud that defendants CLARK ALAN ROBERTS and SEAN EDWARD HOWLEY planned to take unauthorized photographs of the roll over-ply down device to assist Wyko with the design and manufacture of a similar device for HHSC, during their visit to Goodyear's Topeka tire manufacturing facility.

    (b) It was further part of the scheme and artifice to defraud that defendant SEAN EDWARD HOWLEY would use his cellular telephone to take the unauthorized photographs of the roll over-ply down device while Defendant CLARK ALAN ROBERTS would act as a lookout for Goodyear employees.

    (c) As a further part of the scheme and artifice to defraud, defendant CLARK ALAN ROBERTS made a materially false representation on or about May 30, 2007 to a security guard at the Goodyear Topeka tire manufacturing facility that he had previously signed a Goodyear Form 408 "Agreement of Visitors to Goodyear Facilities" within the previous year, when, in fact, as defendant CLARK ALAN ROBERTS well knew, he had not done so.

12

(d) Also as part of the scheme and artifice to defraud, defendants CLARK ALAN ROBERTS and SEAN EDWARD HOWLEY, made materially false representations on or about May 30, 2007 to their escort, a Goodyear engineer, that the sole reason for their visit to the Goodyear Topeka tire manufacturing facility was to evaluate Wyko made equipment for possible repairs when, in fact, as they then well knew, they intended to take unauthorized photographs of Goodyear's roll over-ply down device.

(e) It was further part of the scheme to defraud that defendants CLARK ALAN ROBERTS and SEAN EDWARD HOWLEY would transmit the unauthorized photographs of Goodyear's roll over-ply down device to other Wyko employees to be used to assist Wyko in constructing a roll over-ply down device for HHSC.

**The Wire Communications**

25. On or about the dates listed below, in the Eastern District of Tennessee and elsewhere, the defendants,

**CLARK ALAN ROBERTS and SEAN EDWARD HOWLEY**,

aided and abetted by each other, having devised and intending to devise a scheme to defraud Goodyear of its property — namely, its confidential proprietary information contained in its roll over-ply down device — by means of material false and fraudulent pretenses, representations, promises, and omissions, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce writings, signs, signals, and pictures for the purpose of executing the scheme the following wire communications:

13

| Count | Date | Wire Communication |
|---|---|---|
| 8 | May 31, 2007 | Email from delorsche@bellsouth.net to showley@wykous.com containing seven (7) unauthorized photographs of Goodyear's roll over-ply down device |
| 9 | June 1, 2007 | Email from showley@wykous.com to croberts@wykous.com containing seven (7) unauthorized photographs of Goodyear's roll over-ply down device |
| 10 | June 1, 2007 | Email from croberts@wykous.com to two Wyko U.K. employees located in Dudley, England containing seven (7) unauthorized photographs of Goodyear's roll over-ply down device |

All in violation of Title 18, United States Code, Sections 1343 and 2.

# COUNT ELEVEN
(Conspiracy to Commit Wire Fraud)
**18 U.S.C. § 1349**

26. The allegations set forth in paragraphs one through ten, thirteen, fourteen, twenty-four and twenty-five of this Indictment are incorporated herein as if set forth in full.

27. Between on or about May 30, 2007 and June 1, 2007, in the Eastern District of Tennessee and elsewhere, the defendants,

**CLARK ALAN ROBERTS and SEAN EDWARD HOWLEY**,

did knowingly conspire, confederate and agree with each other to commit wire fraud by devising a scheme and artifice to defraud Goodyear of property, specifically confidential proprietary information by means of materially false and fraudulent pretenses.

All in violation of Title 18, United States Code, Section 1349.

A TRUE BILL:

S/Foreperson
FOREPERSON

JAMES R. DEDRICK
United States Attorney

By: S/D. Gregory Weddle
D. GREGORY WEDDLE
Assistant United States Attorney

S/ Thomas S. Dougherty
THOMAS S. DOUGHERTY
Trial Attorney
U.S. Department of Justice, Criminal Division