UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CLARK ALAN ROBERTS, and )<br>SEAN EDWARD HOWLEY, )<br>)<br>Defendants. ) | Case No.3:08-cr-175<br>JUDGES PHILLIPS/SHIRLEY |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SUPERSEDING INDICTMENT ON THE BASIS OF FAILURE TO STATE AN OFFENSE AND CONSTITUTIONAL AND PROCEDURAL INSUFFICIENCIES**

The defendant, Clark Alan Roberts, by and through counsel and pursuant to Fed. R. Crim. P. 7(c) and 12(b)(2) & (3)(A)-(B), the Indictment, Due Process, and Double Jeopardy clauses of the Fifth Amendment, the Notice Clause of the Sixth Amendment, Hamling v. United States, 418 U.S. 87, 117 (1974), and their progeny, has respectfully moved this Honorable Court an order dismissing the Superseding Indictment on the basis that it fails to state an offense and is constitutionally and procedurally insufficient.

**I.      INTRODUCTION**

Based upon insufficiencies in the Superseding Indictment, defendant has also moved this Court for an Order requiring the prosecution to file a Bill of Particulars in this matter. However, a Bill of Particulars will not cure an insufficient indictment. See United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993); see also Russell v. United States, 369 U.S. 749, 769-770 (1962); United States v. Sturman, 951 F.2d 1466, 1479 (6th Cir.1992).

1

## II. IN ORDER FOR AN INDICTMENT TO BE PROCEDURALLY AND CONSTITUTIONALLY SUFFICIENT, IT MUST STATE EVERY ELEMENT OF THE OFFENSE AND PROVIDE A STATEMENT OF THE ESSENTIAL FACTS SATISFYING THOSE ELEMENTS.

The notice clause of the Sixth Amendment requires that a criminal defendant has the right "to be informed of the nature and cause of the accusation" against him. U.S. Const. amend. VI; United States v. Maney, 226 F.3d 660, 663 (6th Cir. 2000). Further, the indictment clause of the Fifth Amendment requires that a defendant be charged with only those charges brought before the grand jury. U.S. Const. amend. V; Maney, 226 F.3d at 663. The Fifth Amendment indictment clause and Sixth Amendment notice clause require that all elements necessary to the conviction and punishment of the defendant be charged in an indictment and proven to a jury beyond a reasonable doubt. United States v. Booker, 543 U.S. 220 (2005); Blakely v. Washington, 542 U.S. 296 (2004); Ring v. Arizona, 536 U.S. 584 (2002); Apprendi v. New Jersey, 530 U.S. 466 (2000); and Jones v. United States, 526 U.S. 227 (1999).

Fed. R. Crim. Proc. 7(c)(1) states, in pertinent part, that "[t]he indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." However, the rule relating to indictments merely expresses and codifies what the law has always been; "it is still essential that every element of an offense be stated and that the defendant be given fair notice of the charge against him." Wright, Fed. Prac. & Proc., Vol. 1, Ch. 4, § 123, pg. 532 (3d. Ed. 1999, update 2004) (citing United States v. Hernandez, 980 F.2d 868, 871 (2d Cir. 1992); Honea v. United States, 344 F.2d 798, 803 (5th Cir. 1965); United States v. Deer, 131 F.Supp. 319 (D.C. Wash. 1955); United States v. Sermon, 218 F.Supp. 871 (D.C.Mo. 1963)).

The omission of an essential element of the offense from the indictment cannot be cured by a citation to the applicable statute. See Id. at pg. 549 (citing United States v. Hooker, 841 F.2d 1225, 1227-1228 (4th Cir. 1988) (reversing RICO conspiracy conviction on basis that indictment did not allege all essential elements of the offense even though jury instructions did)).

> Half a century ago Judge Parker, speaking for a unanimous court, put it: "It is elementary that every ingredient of crime must be charged in the bill, a general reference to the provisions of the statute being insufficient." Hale v. United States, 89 F.2d 578, 579 (4th Cir.1937). We have repeatedly reaffirmed this rule in subsequent cases. United States v. Hayes, 775 F.2d 1279, 1282 (4th Cir.1985); United States v. Pomponio, 517 F.2d 460, 461 (4th Cir.1975), cert. denied, 423 U.S. 1015, 96 S.Ct. 448, 46 L.Ed.2d 386 (1975). Moreover, this holding is in accord with the rule adopted in at least eight circuits. U.S. v. Kurka, 818 F.2d 1427, 1430-31 (9th Cir.1987); United States v. McLennan, 672 F.2d 239, 242 (1st Cir.1982); United States v. Jones, 647 F.2d 696, 699-700 (6th Cir.1981), cert. denied, 454 U.S. 898, 102 S.Ct. 399, 70 L.Ed.2d 214 (1981); United States v. Camp, 541 F.2d 739, 740 (8th Cir.1976); United States v. Wabaunsee, 528 F.2d 1, 3 (7th Cir.1975); United States v. Berlin, 472 F.2d 1002, 1007 (2d Cir.1973), cert. denied, 412 U.S. 949, 93 S.Ct. 3007, 37 L.Ed.2d 1001 (1973); United States v. Beard, 414 F.2d 1014, 1017 (3d Cir.1969); Robinson v. United States, 263 F.2d 911, 912 (10th Cir.1959).

United States v. Hooker, 841 F.2d 1225, 1227-1228 (4th Cir. 1988).

The Supreme Court has held that the Fifth Amendment Indictment clause and the Sixth Amendment Notice clause, as protected in Federal Rule of Criminal Procedure 7(c), require an inquiry to determine (1) whether the indictment "contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet," and (2) "in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Russell v. United States, 369 U.S. 749, 763-64 (1962); see also United States v. Sturman, 951 F.2d 1466, 1479 (6th Cir. 1991) (citing Russell).

> As Professors LaFave, Israel, and King have observed, "the <u>Hamling</u> standard actually includes three requirements: (1) inclusion of the elements of the offense; (2) providing adequate notice as to the charge; and (3) providing protection against double jeopardy." Wayne R. LaFave, et al., 4 CRIMINAL PROCEDURE, § 19.2(a), at 746 (1999). **They have also noted that the first requirement, known as the "essential elements" requirement, is based primarily upon a third pleading function, sometimes characterized as the "judicial review" function. That function has been described by the Supreme Court as "inform[ing] the [trial] court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." Although this "judicial review" function is mentioned far less frequently than the "notice" and "double jeopardy" functions, it remains a cornerstone of both federal and state pleading requirements.** <u>Id</u>. § 19.2(d), at 753-54 (citing <u>United States v. Cruikshank</u>, 92 U.S. (2 Otto) 542, 558, 23 L.Ed. 588 (1875)) (footnotes and citations omitted).

<u>United States v. Landham</u>, 251 F.3d 1072, 1080, n.4 (6th Cir. 2001) (reversing convictions and finding indictment insufficient) (emphasis added).

An indictment will usually be sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense. <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974). The Supreme Court has cautioned, however: "Undoubtedly the language of the statute may be used in the general description of the offense, but it ***must be accompanied with such a statement of the facts and circumstances*** as will inform the accused of the specific offense, coming under the general description with which he is charged." <u>Hamling</u>, 418 U.S. at 117-18 (emphasis added; citation omitted). Conclusory statements of fact in the indictment are insufficient. See <u>United States v. Landham</u>, 251 F.3d 1072, 1081 (6th Cir. 2001) (citing and applying <u>Hamling</u> standard, finding indictment insufficient and reversing convictions).

This specificity requirement serves several purposes required by the Constitution and identified by the Supreme Court over a century ago. First, there is the "fair notice requirement

4

that the indictment must furnish the defendant with "such a description of the charge" against him so that he is able to "make [his] defense**.**" <u>United States v. Cruikshank</u>, 92 U.S. 542, 558 (1875).  Second, the indictment must allege the conduct being charged with sufficient particularity that the defendant can raise his conviction or acquittal as a bar to future proceedings based on the same conduct. <u>Hamling v. United States</u>, 418 U.S. at 117. The indictment must be sufficiently detailed to "inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. For this, facts are to be stated, not conclusions of law alone." <u>United States v. Cruikshank</u>, 92 U.S. at 558.  Furthermore, "***[a]n indictment that requires speculation on a fundamental part of the charge is insufficient***." <u>United States v. Bobo</u>, 344 F.3d 1076, 1084 (11th Cir. 2003) (emphasis added) (dismissing health care fraud indictment).

"[T]hese basic principles of fundamental fairness [embodied in earlier decisions of this Court] retain their full vitality under modern concepts of pleading, and specifically under Rule 7(c) of the Federal Rules of Criminal Procedure."  <u>Russell v. United States</u>, 369 U.S. 749, 766 (1962); <u>see</u> <u>Dunn v. United States</u>, 284 U.S. 390, 393 (1932) (Justice Holmes) ("Each count in an indictment is regarded as if it was a separate indictment."); <u>United States v. Roberts</u>, 465 F.2d 1373, 1375 (1972) ("In ascertaining the sufficiency of the count of an indictment each count must be considered by itself."); Wright, Fed. Prac. & Proc. at § 123 (stating that each count of an indictment must be sufficient by itself and cannot rely on other counts or portions of the charging instrument unless specifically and expressly incorporated by reference) (citing <u>Parker v. United States</u>, 252 F.2d 680 (6th Cir. 1958); <u>United States v. Yefsky</u>, 994 F.2d 885, 894 (1st Cir. 1993)).

This follows the rule that a document is to be construed against the drafter, to which the prosecution is held even more strictly than a private party. See United States v. Debreczeny, 69 Fed.Appx. 702, 708 (6th Cir. 2003) ("The government is held to a higher standard because of its role as the drafter ... and because it is seen as possessing the upper hand and expertise ...."); United States v. Herrera, 928 F.2d 769, 773 (6th Cir.1991) (government held to higher standard than private parties in drafting documents related to criminal proceedings because of due process implications); United States v. Justice, 877 F.2d 664, 668 (8th Cir. 1989) (discussing construing plea agreement against its drafter, the government); United States v. Donatiu, 720 F.Supp. 619, 626 (N.D.Ill. 1989) (same). While an indictment is formalistically returned by the grand jury, the grand jury is not an adversarial proceeding, the prosecution drafts the indictment, and the prosecution directs the proceedings. United States v. Jones, 160 F.3d 641, 646 (10th Cir. 1998).

### III. THE CHARGING COUNTS OF THE SUPERSEDING INDICTMENT IN THIS CASE ARE CONSTITUTIONALLY AND PROCEDURALLY INSUFFICIENT.

The Superseding Indictment in this case fails because it lacks the necessary facts to support appropriate particularization. An indictment must state facts, not conclusions of law alone, and the facts must be set forth with reasonable particularity as to time, place, and circumstance. See Russell v. United States, 369 U.S. 749, 765 (1962). "A crime is made up of acts and intents and they must be set forth in the indictment ***with reasonable particularity of time, place and circumstance***." United States v. Cruikshank, 92 U.S. at 558 (emphasis added); Russell v. United States, 369 U.S. 749, 765 (1962) (quoting the above language from Cruikshank); United States v. Daniels, 281 F.3d 168, 179 (5th Cir. 2002) (citing and applying Cruikshank); United States v. Staggs, 881 F.2d 1527, 1542 (10th Cir. 1989) (same); Reimer-

6

Gross v. United States, 20 F.2d 36, 38 (6th Cir. 1927) (same); see also United States v. Salisbury, 983 F.2d 1369, 1374 (6th Cir. 1993) (stating that "[w]here an indictment sets forth a bare recitation of the statutory language, such indictment may be sustained only if the statute sets forth all the necessary elements fully and clearly, without ambiguity or uncertainty, accompanied by a statement of facts sufficient to inform the accused of the specific conduct which is prohibited.").

### A. The Superseding Indictment

The Superseding Indictment charges multiple violations of the Economic Espionage Act ("EEA"). Count One charges a conspiracy to commit theft, unauthorized photographing and transmitting, and receiving and possessing trade secrets in violation of 18 U.S.C. § 1832(a)(5); Count Two charges actual theft and attempted theft of trade secrets in violation of 18 U.S.C. § 1832(a)(1) & (a)(4) and 18 U.S.C. § 2; Count Three charges actual photographing and attempting photographing of trade secrets in violation at 18 U.S.C. § 1832(a)(2) & (a)(4) and 18 U.S.C. § 2; Counts Four through Six charge actual transmittal and attempted transmittal of trade secrets on the basis of three e-mails of photographs of Goodyear's roll over-ply down machine in violation of 18 U.S.C. § 1832(a)(2) & (a)(4) and 18 U.S.C. § 2; Count Seven charges actual possession and attempted possession of trade secrets in violation of 18 U.S.C. § 1832(a)(3) & (a)(4) and 18 U.S.C. § 2; Counts Eight through Ten charge wire fraud and aiding and abetting wire fraud, incorporating in the alleged scheme to defraud the description of Goodyear's roll over-ply down device as "***contain[ing]***" trade secrets and re-alleging that photographs of the device were taken to "assist Wyko with the design and manufacture of a ***similar*** device ….", see Superseding Indictment (Doc. 6) at p. 12, ¶¶ 23-24, in violation of 18 U.S.C. §§ 1343 and 2; and

Count Eleven alleges conspiracy to commit wire fraud, incorporating the prior allegations, in violation of 18 U.S.C. § 1349.

### B. Theft of trade secrets allegations

Counts One through Seven of the Superseding Indictment involve allegations of theft of trade secrets in violation of 18 U.S.C. § 1832(a). The counts vary with respect to the particular subsection of § 1832(a) alleged to have been violated. The Economic Espionage Act at 18 U.S.C. § 1832(a) states:

> (a) Whoever, with **intent** to convert a trade secret, that is related to or included in a product that is produced for or placed in interstate or foreign commerce, to the economic benefit of anyone other than the owner thereof, and **intending** or **knowing** that the offense will, injure any owner of that trade secret, **knowingly**--
> (1) steals, or without authorization appropriates, takes, carries away, or conceals, or by fraud, artifice, or deception obtains such information;
> (2) without authorization copies, duplicates, sketches, draws, photographs, downloads, uploads, alters, destroys, photocopies, replicates, transmits, delivers, sends, mails, communicates, or conveys such information;
> (3) receives, buys, or possesses such information, knowing the same to have been stolen or appropriated, obtained, or converted without authorization;
> (4) **attempts** to commit any offense described in paragraphs (1) through (3); or
> (5) **conspires** with one or more other persons to commit any offense described in paragraphs (1) through (3), and one or more of such persons do any act to effect the object of the conspiracy,
> shall, except as provided in subsection (b), be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 1832(a) (emphasis added). Another provision of the Economic Espionage Act, 18 U.S.C. § 1839(3)(A)-(B), defines the term "trade secret":

> (3) the term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if--

   (A) the owner thereof has taken reasonable measures to keep such information secret; and

   (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, the public[.]

18 U.S.C. § 1839(3)(A)-(B).

  It is noteworthy that the Superseding Indictment in this case charges conspiracy and attempt *in addition to* several completed acts of theft of trade secrets. See Superseding Indictment (Doc. 6) at Counts 1-7. The Fifth and Sixth Amendments require every necessary element to be charged in the indictment with facts supporting each element. Notably, even with the conspiracy charged in Count 1 and the attempts charged concurrently with the completed offenses in Counts 2-7, all are modified by the *mens rea* elements present in the introductory clause of § 1832(a). More specifically, one must have the *intent* to convert a trade secret to the economic benefit of someone other than its owner while *intending* or *knowing* that the offense will injure the owner of the trade secret *in addition to* the various elements of the offenses listed in the subsections of § 1832(a). This is true even for conspiracy in § 1832(a)(5). Accordingly, the *mens rea* elements of § 1832 are necessary elements of each charged offense that must be alleged with essential facts.

  Turning to Count One, nowhere does the Superseding Indictment allege that Mr. Roberts had the specific *intent* to convert a trade secret to the economic benefit of someone other than its owner while *intending* or *knowing* that the offense will injure the owner of the trade secret *while* conspiring to violate subsections (a)(1)-(3). The omission of the essential *mens rea* and other elements set forth in the beginning clause of the statute, as well as supporting facts, renders Count One's conspiracy allegation wholly insufficient. See Flores-Figueroa v. U.S., --- S.Ct. ----, 2009 WL 1174852, *2-7 (May 4, 2009) (reversing and finding that mens rea element at outset

of statute applies to all subsequently listed elements of the offense; holding that "knowingly" element in aggravated identity theft statute required government to allege and prove that defendant not only knowingly transferred, possessed, or used a means of identification, but that defendant had knowledge of unlawfulness as well as knowledge that the identification actually belonged to another person).

As to Counts Two through Seven, the Superseding Indictment only alleges the bare elements of the statutory language with one notable exception. Each of those counts alleges theft of "a trade secret *contained* in the roll over-ply down device owned by Goodyear…." See Superseding Indictment (Doc. 6) at Counts 2-7. Under Flores-Figueroa v. U.S., --- S.Ct. ----, 2009 WL 1174852, *2-7 (May 4, 2009), and particularly given that completed theft offenses are charged, in order for a conviction to occur Mr. Roberts had to have known that the item actually alleged to be taken met the statutory definition of a trade secret. Such a fact is an essential element of the offense, and nowhere is it alleged. Moreover, nowhere does the indictment utilize the statutory definition of a trade secret and allege facts to support the statutory elements within 18 U.S.C. § 1839(3)(A)-(B), which are also essential elements of the offenses. The government is required to allege the trade secret with the requisite amount of specificity that is constitutionally required under the Fifth and Sixth Amendments. The Superseding Indictment skirts the specificity requirement by alleging that the secret was *contained* within the device without alleging the trade secret itself, the essential elements to establish trade secret status, and knowledge thereof. Such omissions invite nothing more than guesses at what the grand jury determined, if anything at all, on those essential elements.

> A grand jury, in order to make that ultimate determination, must necessarily determine what the question under inquiry was. To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic

> protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.

Russell v. United States, 369 U.S. 749, 769-770 (1962). Accordingly, the Superseding Indictment at Counts One through Seven is constitutionally insufficient.

### C. Wire fraud allegations

Moving to Counts Eight through Eleven, Mr. Roberts is charged with three substantive wire fraud allegations and a wire fraud conspiracy, all of which are premised upon the same underlying factual allegations contained within the introductory section of the Superseding Indictment. See Superseding Indictment at pp. 12-14.

Materiality of falsehood is a requisite element of mail and wire fraud. Neder v. United States, 527 U.S. 1, 25 (1999). The misrepresentation "must have the purpose of inducing the victim of the fraud to part with the property or undertake some action that he would not otherwise do absent the misrepresentation or omission." United States v. Daniel, 329 F.3d 480, 487 (6th Cir.2003). A misrepresentation "is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which it was addressed." Neder, 527 U.S. at 16, 119 S.Ct. 1827 (internal citation and quotation marks omitted). The requisite intent to defraud requires "an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself." Sixth Circuit Pattern Jury Instruction 10.01(2)(E); see also United States v. Frost, 125 F.3d 346, 371 (6th Cir. 1997). An indictment for mail or wire fraud must allege sufficient facts to support these elements. United States v. McAuliffe, 490 F.3d 526, 531-532 (6th Cir. 2007).

"The indictment may incorporate the words of the statute to set forth the offense, but the statutory language must be accompanied with such a statement of the facts and circumstances as

will inform the accused of the specific offense, coming under the general description, with which he is charged." Hamling, 418 U.S. at 117-18 (citing United States v. Hess, 124 U.S. 483, 487 (1888))); cf. United States v. Curtis, 506 F.2d 985, 990 (10th Cir. 1974) (citations omitted) (dismissing mail fraud indictment that excludes false pretenses). In United States v. Yefsky, 994 F.2d 885, 893 (1st Cir. 1993), the court held that the indictment was defective in that it did not provide the defendant with adequate notice of the charge (conspiracy to commit mail fraud) against him. 994 F.2d at 993 ("Where guilt depends so crucially upon . . . a specific identification of fact, . . . cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute.") (citing Hamling, 418 U.S. at 118).

Counts Eight through Eleven allege two "materially false" representations in support of the wire fraud allegations: (1) that Mr. Roberts told the security guard at the Goodyear tire plant in Topeka that he had signed a Form 408 document the year before when he knew he had not, and (2) that Mr. Roberts and his co-defendant, Sean Howley, told a Goodyear engineer during their trip to the plant in Topeka that the sole reason for their visit was to evaluate Wyko made equipment for possible repairs when, in fact, they intended to take unauthorized photographs of Goodyear's roll over-ply down device. See Superseding Indictment (Doc. 6) at pp. 12-13, ¶¶ 24(c)-(d).

Other than just stating that these alleged representations were "false" and "material", no facts are alleged to establish the essential element of materiality as well as any facts to support that the representations had the purpose of inducing Goodyear to part with the property or undertake some action that would not otherwise be done absent the misrepresentation or omission. United States v. Daniel, 329 F.3d 480, 487 (6th Cir. 2003). It is clear that just calling the representations "false" and "material" in the indictment is insufficient since such

characterizations are bare legal conclusions, not statements of fact. Therefore, the Superseding Indictment at Counts Eight through Eleven is constitutionally insufficient. Moreover, even absent the insufficiencies with respect to materiality and falsity, the Superseding Indictment at Counts Eight through Eleven is also insufficient in its description of the scheme to defraud since the scheme to defraud incorporates the wholly inadequate description of the alleged trade secret from Counts One through Seven. See discussion at § III.B, supra.

## V. CONCLUSION

For the aforementioned reasons, the Superseding Indictment in this matter must be dismissed as being constitutionally and procedurally insufficient.

Respectfully submitted this 14th day of May, 2009.

s/ W. Thomas Dillard
**W. THOMAS DILLARD**
**[BPR # 002020]**

s/ Stephen Ross Johnson
**STEPHEN ROSS JOHNSON**
**[BPR# 022140]**

**RITCHIE, DILLARD, & DAVIES, P.C.**
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN 37901-1126
(865) 637-0661
www.rddlawfirm.com
*Counsel for Clark Alan Roberts*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/ Stephen Ross Johnson