UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CLARK ALAN ROBERTS, and )<br>SEAN EDWARD HOWLEY, )<br>)<br>Defendants. ) | Case No.3:08-cr-175<br>JUDGES PHILLIPS/SHIRLEY |

**MOTION FOR HEARING TO DETERMINE EXISTENCE OF CONSPIRACY**

Comes the Defendant, Clark Alan Roberts, by and through counsel and pursuant to the Fifth and Sixth Amendments to the federal constitution, Bourjaily v. United States, 483 U.S. 171, 180 (1987); United States v. James, 590 F.2d 575 (5th Cir.), cert. denied, 442 U.S. 917 (1979), and United States v. Vinson, 606 F.2d 149, 152-153 (6th Cir. 1979), and respectfully moves this Honorable Court for an Order granting a pre-trial hearing to determine whether or not the government may satisfy its burden of proof on the existence of the charged conspiracies before any alleged co-conspirator statements may be admitted in the government's case-in-chief at trial.

In further support thereof, defendant states the following:

(1) A co-conspirator's statement is admissible under Federal R. Evid. 801(d)(2)(E) if the trial court determines that the government has shown by a preponderance of the evidence: (a) that a conspiracy existed, (b) that the defendant against whom the hearsay is offered was a member of that conspiracy, and (c) that the hearsay statement was made in the course of and in furtherance of the conspiracy.

1

(2) A pretrial hearing is an acceptable method of making the determination of the existence of the conspiracy and the admissibility of any hearsay statements.

(3) There is heightened importance in the initial finding of whether statements offered by the prosecution are admissible pursuant to Fed. R. Evid. 801(d)(2)(E); if such statements are allowed to come into evidence before the jury preliminarily, and the prosecution is unable to tie such statements back to a proven conspiracy, then not only is 801(d)(2)(E) violated, but also the defendant's right to confrontation under the Sixth Amendment is implicated, making it unlikely that any prejudice can be cured by a cautionary jury instruction.

(4) Accordingly, in order to protect against the danger of unfair prejudice of inadmissible hearsay at trial, and in order to ensure Defendant's rights to a fair trial, due process, and confrontation, a pre-trial hearing on the existence of the charged conspiracy and admissibility of any 801(d)(2)(E) statements is certainly preferable to waiting until the government's case-in-chief to deal with this issue.

(5) Defendant Roberts further relies upon, and incorporates fully herein, the supporting memorandum filed with this motion.

    Respectfully submitted,

    s/ W. Thomas Dillard
    **W. THOMAS DILLARD**
    **[BPR # 002020]**

    s/ Stephen Ross Johnson
    **STEPHEN ROSS JOHNSON**
    **[BPR# 022140]**

    **RITCHIE, DILLARD, & DAVIES, P.C.**
    606 W. Main Street, Suite 300
    P. O. Box 1126
    Knoxville, TN 37901-1126
    (865) 637-0661
    www.rddlawfirm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 15, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                              s/ Stephen Ross Johnson