UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.3:08-cr-175 |
| | ) JUDGES PHILLIPS/SHIRLEY |
| CLARK ALAN ROBERTS, and | ) |
| SEAN EDWARD HOWLEY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR HEARING TO DETERMINE EXISTENCE OF CONSPIRACY**

**I.     Introduction**

The Defendant, Clark Alan Roberts, by and through undersigned counsel, pursuant to the Fifth and Sixth Amendments to the federal constitution, Bourjaily v. United States, 483 U.S. 171, 180 (1987); United States v. James, 590 F.2d 575 (5th Cir.), cert. denied, 442 U.S. 917 (1979), and United States v. Vinson, 606 F.2d 149, 152-153 (6th Cir. 1979), has respectfully moved this Honorable Court for an Order granting a pre-trial hearing to determine whether or not the government may satisfy its burden of proof on the existence of the charged conspiracies before any alleged co-conspirator statements may be admitted in the government's case-in-chief at trial.

**II.    A conspiracy must be proved to exist before a co-conspirator's statements are admissible.**

A co-conspirator's statement is admissible under Federal R. Evid. 801(d)(2)(E) if the trial court determines that the government has shown by a preponderance of the evidence: (1) that a conspiracy existed, (2) that the defendant against whom the hearsay is offered was a member of that conspiracy, and (3) that the hearsay statement was made in the course of and in furtherance

1

of the conspiracy.  United States v. Vinson, 606 F.2d 149, 152-153 (6th Cir. 1979) (approving decision in United States v. James, 590 F.2d 575, 582-83 (5th Cir. 1979), and citing United States v. Enright, 579 F.2d 980 (6th Cir. 1978)).  The party seeking to introduce hearsay testimony under Rule 801(d)(2)(E) bears the burden of proving the relevant facts by a preponderance of the evidence.  Bourjaily v. U.S., 483 U.S. 171, 176 (1987).  "Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls with the definition of the Rule."  Bourjaily, 483 U.S. at 171.

### III.     A pretrial hearing is an acceptable method of making the determination of the existence of the conspiracy and the admissibility of any hearsay statements.

"One acceptable method [of the court's making a determination of the existence of the conspiracy and the admissibility of the hearsay statement] is the so-called 'mini-hearing' in which the court, without a jury, hears the government's proof of conspiracy and makes the preliminary Enright finding.  If the hearsay is found admissible, the case, including co-conspirator hearsay, is presented to the jury."  United States v. Vinson, 606 F.2d 149, 152 (6th Cir. 1979).  This is commonly referred to a James hearing.  Sometimes a James hearing is known as an Enright hearing in this circuit.  See United States v. Vinson, 606 F.2d 149, 152 n. 3 (6th Cir. 1979).  The James hearing comes from United States v. James, 576 F.2d 1121 (5th Cir.1978), modified by 590 F.2d 575 (1979) (en banc); and the term Enright hearing comes from United States v. Enright, 579 F.2d 980 (6th Cir.1978).

Regardless of whether preliminary proof of admissibility of out-of-court statements by an alleged coconspirator has been made in the preferred order during a conspiracy trial, or whether a coconspirator's statement has instead been admitted subject to later connection, the court must determine as a factual matter, on the appropriate motion at the conclusion of all evidence,

2

whether the prosecution has shown by a preponderance of evidence independent of the statement itself that a conspiracy existed, that the coconspirator and the defendant against whom the coconspirator's statement is offered were members of conspiracy, and that the statement was made during course of and in furtherance of the conspiracy; if the court concludes that the prosecution has not borne its burden of proof on such issues, the statement cannot remain in evidence to be submitted to the jury, and, in that case, the judge must decide whether the prejudice arising from the erroneous admission of statements can be cured by a cautionary instruction or whether a mistrial is required. United States v. James, 590 F.2d 575, 582-83 (5th Cir. 1979). It is preferable whenever possible that the government's independent proof of the conspiracy be introduced first, thereby avoiding the danger of injecting the record with inadmissible hearsay in anticipation of proof of a conspiracy which never materializes, which then endangers the entire proceeding with the specter of a mistrial and the likelihood of reversal of an otherwise valid conviction on appeal. Id.

There is certainly much greater chance for a mistrial should a James/Enright pretrial hearing not be held, and the government fail to establish the requirements of Fed. R. Evid. 801(d)(2)(E), if the jury has already been provided with such statements. In that situation, if "the court finds that the government has failed to carry its burden, it should, on defendant's motion, declare a mistrial unless convinced that a cautionary jury instruction would shield the defendant from prejudice." United States v. Vinson, 606 F.2d 149, 153 (6th Cir. 1979); United States v. James, 590 F.2d at 581-83; United States v. Bell, 573 F.2d 1040, 1044 (8th Cir. 1978); United States v. Geaney, 417 F.2d 1116, 1120 (2d Cir. 1969), cert. denied 397 U.S. 1028 (1970)).

**IV. The right to confrontation emphasizes the necessity for a pretrial hearing to determine the admissibility of any co-conspirator statements.**

The Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." The "principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of ex parte examinations as evidence against the accused .... The Sixth Amendment must be interpreted with this focus in mind." Crawford v. Washington, 541 U.S. 36, 50 (2004); United States v. Arnold, 410 F.3d 895, 903 (6th Cir. 2005); United States v. Pugh, 405 F.3d 390 (6th Cir. 2005); United States v. Gibson, 409 F.3d 325, 338 (6th Cir.2005); United States v. Cromer, 389 F.3d 662 (6th Cir.2004). "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." Crawford 541 U.S. at 68-69.

Crawford only apparently exempts non-testimonial hearsay from the rule, and lists business records and statements in furtherance of a conspiracy as non-testimonial hearsay. Crawford, 124 S.Ct. at 1367. Therefore, there is heightened importance in the initial finding of whether statements offered by the prosecution are admissible pursuant to Fed. R. Evid. 801(d)(2)(E); if such statements are allowed to come into evidence before the jury preliminarily, and the prosecution is unable to tie such statements back to a proven conspiracy, then not only is 801(d)(2)(E) violated, but also the defendant's right to confrontation under the Sixth Amendment is implicated, making it unlikely that any prejudice can be cured by a "cautionary jury instruction." United States v. Vinson, 606 F.2d 149, 153 (6th Cir. 1979). Accordingly, in order to protect against the danger of unfair prejudice of inadmissible hearsay at trial, and in order to ensure Defendant's rights to a fair trial, due process, and confrontation, a pre-trial hearing on the

4

existence of the charged conspiracy and admissibility of any 801(d)(2)(E) statements is certainly preferable to waiting until the government's case-in-chief to deal with this issue.

## V. Conclusion

For the foregoing reasons, Defendant Roberts respectfully moves this Honorable Court for an Order granting a pre-trial hearing to determine whether or not the government may satisfy its burden of proof on the existence of a conspiracy before any co-conspirator statements may be admitted in the government's case-in-chief at trial.

s/ W. Thomas Dillard
**W. THOMAS DILLARD**
**[BPR # 002020]**

s/ Stephen Ross Johnson
**STEPHEN ROSS JOHNSON**
**[BPR# 022140]**

**RITCHIE, DILLARD, & DAVIES, P.C.**
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN 37901-1126
(865) 637-0661
www.rddlawfirm.com
*Counsel for Clark Alan Roberts*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/ Stephen Ross Johnson