UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.3:08-cr-175 |
| ) | JUDGES PHILLIPS/SHIRLEY |
| CLARK ALAN ROBERTS, and ) | |
| SEAN EDWARD HOWLEY, ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR BILL OF PARTICULARS

Comes the defendant, Clark Alan Roberts, by and through counsel and pursuant to Fed. R. Crim. Proc. 7(f), the Indictment, Due Process, and Double Jeopardy clauses of the Fifth Amendment, the Notice Clause of the Sixth Amendment, Hamling v. United States, 418 U.S. 87, 117 (1974), and their progeny, and respectfully moves this Honorable Court for an Order requiring the government to file a Bill of Particulars in this matter.

In further support thereof, defendant states the following:

(1) As is discussed more fully in Mr. Roberts' motions concerning the unconstitutional vagueness of the Superseding Indictment (Docs. 29, 30) and its constitutional and procedural insufficiencies (Docs. 27, 28), the Superseding Indictment in this matter is wholly inadequate. Should the Court find that the Superseding Indictment meets the minimum constitutional requirements for a charging instrument, however, the harms discussed in the above motions and supporting memoranda are still present.

(2) Each count of the Superseding Indictment is dependent on the allegation that Goodyear's roll over-ply down device "***contained***" trade secret information and that cell phone

-1-

photographs of the device were obtained to assist Wyko in designing and manufacturing a "*similar*" device.

(3) As to Counts One through Seven, the Superseding Indictment only alleges theft and conspiracy to commit theft of a trade secret *contained* in the roll over-ply down device owned by Goodyear. Nowhere does the indictment utilize the statutory definition of a trade secret and allege facts to support the statutory elements within 18 U.S.C. § 1839(3)(A)-(B), which are also essential elements of the offenses. The Superseding Indictment skirts the specificity requirement by alleging that the secret was *contained* within the device without alleging the trade secret itself, the essential elements and facts to establish trade secret status, and Mr. Roberts' knowledge thereof.

(4) As to Counts Eight through Eleven, Mr. Roberts is charged with three substantive wire fraud allegations and a wire fraud conspiracy, all of which are premised upon the same underlying factual allegations contained within the introductory section of the Superseding Indictment. Counts Eight through Eleven allege two "materially false" representations in support of the wire fraud allegations: (a) that Mr. Roberts told the security guard at the Goodyear tire plant in Topeka that he had signed a Form 408 document the year before when he knew he had not, and (b) that Mr. Roberts and his co-defendant, Sean Howley, told a Goodyear engineer during their trip to the plant in Topeka that the sole reason for their visit was to evaluate Wyko made equipment for possible repairs when, in fact, they intended to take unauthorized photographs of Goodyear's roll over-ply down device.

(5) Other than just stating that these alleged representations were "false" and "material", no facts are alleged to establish the essential element of materiality as well as any facts to support that the representations had the purpose of inducing Goodyear to part with the

property or undertake some action that would not otherwise be done absent the misrepresentation or omission. It is clear that just calling the representations "false" and "material" in the indictment is insufficient since such characterizations are bare legal conclusions, not statements of fact. Moreover, even absent the insufficiencies with respect to materiality and falsity, the Superseding Indictment at Counts Eight through Eleven is also insufficient in its description of the scheme to defraud since the scheme to defraud incorporates from Counts One through Seven the wholly inadequate description of the alleged trade secret "contained" within the Goodyear device.

(6) The authority for particularization of the charges made against a defendant is set forth in Fed. R. Crim. P. 7(f): "The court may direct the filing of a bill of particulars."

(7) Trial courts are not without guidance as to the exercise of their discretion. First, those who drafted the present version of Rule 7(f) left a clear statement of their intent to encourage the use of bills of particulars.

> The amendment to the first sentence eliminating the requirement of a showing of cause is designed to encourage a more liberal attitude by the courts towards bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases.

Advisory Committee Note to 1966 Amendment to Fed. R. Crim. P. 7(f).

(8) There are well-recognized guideposts in deciding whether to grant or deny specific requests in specific cases. "The purposes of a bill of particulars, which should be considered by the court in ruling upon such a motion, are: (1) to ensure that a defendant understands the nature of the charges against him so that he can adequately prepare for trial; (2) to avoid or minimize the danger of unfair surprise at trial; and (3) to enable the defendant to plead double jeopardy if he is later charged with the same offense when the indictment itself is

too vague and indefinite for such purposes." United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976).

(9) Courts increasingly have exercised their discretion toward granting requests for particularization, in recognition of the trend toward full disclosure of the government's accusations. As one court put it:

> The liberalization [of Rule 7(c)] was undoubtedly in recognition of the trend toward fuller disclosure of the Government's case to better serve the ends of criminal justice. While the discretion continues to reside in the trial court, it should be freely exercised with an awareness that an indictment may be sufficient on its face to state an offense, yet insufficient to adequately inform the accused of the charge against him to enable him to properly prepare his defense and, at least, to avoid prejudicial surprise.

King v. United States, 402 F.2d 289, 292 (10th Cir. 1968).

(10) For the above reasons, a Bill of Particulars is necessary in this case. Defendant further relies upon, and incorporates herein by reference, the supporting memorandum filed with this motion.

Respectfully submitted this 15th day of May, 2009.

> s/ W. Thomas Dillard
> **W. THOMAS DILLARD**
> **[BPR # 002020]**
>
> s/ Stephen Ross Johnson
> **STEPHEN ROSS JOHNSON**
> **[BPR# 022140]**
>
> **RITCHIE, DILLARD, & DAVIES, P.C.**
> 606 W. Main Street, Suite 300
> P. O. Box 1126
> Knoxville, TN 37901-1126
> (865) 637-0661
> www.rddlawfirm.com
> *Counsel for Clark Alan Roberts*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 15, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                    s/ Stephen Ross Johnson