UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.3:08-cr-175 |
| ) | JUDGES PHILLIPS/SHIRLEY |
| CLARK ALAN ROBERTS, and ) | |
| SEAN EDWARD HOWLEY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR BILL OF PARTICULARS**

The defendant, Clark Alan Roberts, by and through counsel and pursuant to Fed. R. Crim. Proc. 7(f), the Indictment, Due Process, and Double Jeopardy clauses of the Fifth Amendment, the Notice Clause of the Sixth Amendment, Hamling v. United States, 418 U.S. 87, 117 (1974), and their progeny, has respectfully moved this Honorable Court for an Order requiring the government to file a Bill of Particulars in this matter.

**I.     INTRODUCTION**

Based upon insufficiencies in the Superseding Indictment, defendant has also moved this Court for an Order dismissing it. The law is clear that a Bill of Particulars will not cure an insufficient indictment. See United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993); see also Russell v. United States, 369 U.S. 749, 769-770 (1962); United States v. Sturman, 951 F.2d 1466, 1479 (6th Cir.1992).

> A grand jury, in order to make that ultimate determination, must necessarily determine what the question under inquiry was. To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic

> protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.

Russell v. United States, 369 U.S. 749, 769-770 (1962).

Because of the broadness of the charges, the defendant's rights to a fair trial, due process, and protections against double jeopardy obligate the government to further particularize the allegations in this case.

As is discussed more fully in Mr. Roberts' motions concerning the unconstitutional vagueness of the Superseding Indictment (Docs. 29, 30) and its constitutional and procedural insufficiencies (Docs. 27, 28), the Superseding Indictment in this matter is wholly inadequate. Should the Court find that the Superseding Indictment meets the minimum constitutional requirements for a charging instrument, however, the harms discussed in the above motions and supporting memoranda are still present.

Each count of the Superseding Indictment is dependent on the allegation that Goodyear's roll over-ply down device "***contained***" trade secret information and that cell phone photographs of the device were obtained to assist Wyko in designing and manufacturing a "***similar***" device.

As to Counts One through Seven, the Superseding Indictment only alleges theft and conspiracy to commit theft of a trade secret *contained* in the roll over-ply down device owned by Goodyear. Nowhere does the indictment utilize the statutory definition of a trade secret and allege facts to support the statutory elements within 18 U.S.C. § 1839(3)(A)-(B), which are also essential elements of the offenses. The Superseding Indictment skirts the specificity requirement by alleging that the secret was *contained* within the device without alleging the trade secret itself,

the essential elements and facts to establish trade secret status, and Mr. Roberts' knowledge thereof.

As to Counts Eight through Eleven, Mr. Roberts is charged with three substantive wire fraud allegations and a wire fraud conspiracy, all of which are premised upon the same underlying factual allegations contained within the introductory section of the Superseding Indictment. Counts Eight through Eleven allege two "materially false" representations in support of the wire fraud allegations: (1) that Mr. Roberts told the security guard at the Goodyear tire plant in Topeka that he had signed a Form 408 document the year before when he knew he had not, and (2) that Mr. Roberts and his co-defendant, Sean Howley, told a Goodyear engineer during their trip to the plant in Topeka that the sole reason for their visit was to evaluate Wyko made equipment for possible repairs when, in fact, they intended to take unauthorized photographs of Goodyear's roll over-ply down device. See Superseding Indictment (Doc. 6) at pp. 12-13, ¶¶ 24(c)-(d).

Other than just stating that these alleged representations were "false" and "material", no facts are alleged to establish the essential element of materiality as well as any facts to support that the representations had the purpose of inducing Goodyear to part with the property or undertake some action that would not otherwise be done absent the misrepresentation or omission. It is clear that just calling the representations "false" and "material" in the indictment is insufficient since such characterizations are bare legal conclusions, not statements of fact. Moreover, even absent the insufficiencies with respect to materiality and falsity, the Superseding Indictment at Counts Eight through Eleven is also insufficient in its description of the scheme to

defraud since the scheme to defraud incorporates from Counts One through Seven the wholly inadequate description of the alleged trade secret "contained" within the Goodyear device.

## II. THE GOVERNMENT IS OBLIGATED TO PARTICULARIZE THE CHARGES.

A. Particularization is appropriate

This authority for particularization of the charges made against a defendant is set forth in Fed. R. Crim. P. 7(f): "The court may direct the filing of a bill of particulars." The rule has been interpreted to vest broad discretion in the trial court to grant or deny a defendant's request for a bill. United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981).

> The determination of whether a given bill falls within or exceeds (the) . . . permissible purposes is seldom subject to precise line drawing. More often it is an exercise calling for discrete decisions properly infused with the ambience of the trial scene and tailored to fit the facts before the trial judge. Not surprisingly then, in passing on motions for a bill of particulars, a trial court is afforded substantial discretion.

United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1978); see also Wong Tai v. United States, 273 U.S. 77, 82 (1927); United States v. Barrett, 505 F.2d 1091, 1106 (7th Cir. 1974), cert. denied, 421 U.S. 964 (1975); United States v. Kendall, 665 F.2d 126, 134 (6th Cir. 1981), cert. denied, 455 U.S. 1021 (1982).

Trial courts are not without guidance as to the exercise of their discretion. First, those who drafted the present version of Rule 7(f) left a clear statement of their intent to encourage the use of bills of particulars.

> The amendment to the first sentence eliminating the requirement of a showing of cause is designed to encourage a more liberal attitude by the courts towards bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases.

Advisory Committee Note to 1966 Amendment to Fed. R. Crim. P. 7(f).

      B.    <u>Constitutional implications</u>

There are well-recognized guideposts in deciding whether to grant or deny specific requests in specific cases. "The purposes of a bill of particulars, which should be considered by the court in ruling upon such a motion, are: (1) to ensure that a defendant understands the nature of the charges against him so that he can adequately prepare for trial; (2) to avoid or minimize the danger of unfair surprise at trial; and (3) to enable the defendant to plead double jeopardy if he is later charged with the same offense when the indictment itself is too vague and indefinite for such purposes." <u>United States v. Birmley</u>, 529 F.2d 103, 108 (6th Cir. 1976); <u>United States v. Colson</u>, <u>supra</u>; <u>United States v. Haskins</u>, 345 F.2d 111, 114 (6th Cir. 1965); <u>see also</u> <u>United States v. Giese</u>, 597 F.2d 1170, 1180 (9th Cir.), cert. denied, 444 U.S. 979 (1979); <u>United States v. Addonizio</u>, 451 F.2d 49, 64 (3d Cir. 1971), cert. denied, 405 U.S. 936 (1972). Therefore, in constitutional terms a request for a bill of particulars is concerned with and implicates principles of due process, rights to a fair trial, and protections against double jeopardy.

      C.    <u>The appropriate test</u>

The test for determining whether a bill of particulars should issue is whether the (1) indictment is specific enough to inform the defendant of the charges against him, (2) to protect him from double jeopardy, and (3) to enable him to prepare for trial. <u>See</u> <u>United States v. Azad</u>, 809 F.2d 291, 296 (6th Cir.1986), cert. denied, 481 U.S. 1004 (1987); <u>see also</u> <u>United States v. Birmley</u>, 529 F.2d 103, 108 (6th Cir.1976); <u>United States v. Roya</u>, 574 F.2d 386, 391 (7th Cir. 1978), <u>cert</u>. <u>denied</u>, 439 U.S. 857.

Finally, there is a body of trial court decisions that demonstrates the expansive use of Rule 7(f) and the underlying purposes of that use.  See United States v. Rogers, 617 F.Supp. 1024, 1027 (D.Col. 1985) (A request should be granted where "it is necessary that defendant have the particulars sought in order to prepare his defense and in order that prejudicial surprise will be avoided."); see also United States v. Osticco, 563 F.Supp. 727 (M.D.Pa. 1983); United States v. Joseph, 510 F.Supp. 1001 (E.D.Pa. 1981);  United States v. McCoy, 492 F.Supp. 540 (M.D.Fla. 1980); United States v. Holman, 490 F.Supp. 755 (E.D.Pa. 1980); United States v. Mannino, 480 F.Supp. 1182 (S.D.N.Y. 1979); United States v. Grindstaff, 479 F.Supp. 599 (E.D.Tenn. 1978); United States v. Hubbard, 474 F.Supp. 64 (D.D.C. 1979); United States v. Eilberg, 465 F.Supp. 1076 (E.D.Pa. 1978); United States v. Hedman, 458 F.Supp. 1384 (N.D.Ill. 1978); United States Isaacs, 347 F.Supp. 743 (N.D.Ill. 1972).

The government often opposes the granting of a bill of particulars, arguing that it ought not to be compelled to reveal evidence or prosecution theories.  This statement is misleading.  Indictments are generally skeletal outlines.  Particularization of these skeletons always involves evidence and legal theories.  In each case where district courts have granted requests for particularization, the particularization has involved evidence and legal theories.  A bill of particulars is intended to satisfy a defendant's "need to know the evidentiary details establishing the facts" of the offenses charged.  Moreover, "any information which elaborates upon the nature of the offenses charged is likely to itself constitute 'evidence'." United States v. Tanner, 279 F.Supp. 457 (N.D.Ill. 1967).  When necessary, a bill of particulars is granted "even though it requires the furnishing of information which in other circumstances would not be required because it is evidentiary in nature." United States v. Smith, 16 F.R.D. 372 (W.D.Mo. 1954)

(opinion of Justice Whittaker cited with approval in Advisory Committee Note to Rule 7(f)); see, e.g., Will v. United States, 389 U.S. 90, 98-99 (1967) ("[I]t is not uncommon for the Government to be required to disclose the names of potential witnesses in a bill of particulars"); United States v. Levine, 546 F.2d 658, 666 (5th Cir. 1977) (bill of particulars expected to inform defendant "as to what proof" he must meet at trial); United States v. Brighton Bldg. & Maintenance Co., 435 F.Supp. 222, 236 (N.D.Ill. 1977) (partial list of witnesses ordered produced); United States v. Feola, 651 F.Supp. 1068 (S.D.N.Y. 1987) (list of witnesses to overt and substantive acts ordered produced).

### III. THE INDICTMENT DOES NOT CONTAIN SUFFICIENT PARTICULARIZATION.

Numerous conclusory allegations are made in support of the charges in the Superseding Indictment, and the counts do little more than reiterate the statutory elements of the offenses. Hamling v. United States, 418 U.S. 87, 117 (1974) ("***Undoubtedly the language of the statute may be used in the general description of the offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description with which he is charged***.") (Emphasis added). While a bill of particulars cannot be used to save an otherwise invalid indictment, see United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993), circumstances like this are precisely the reason Rule 7 gives this Court the discretion to grant a motion for bill of particulars. See United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988) (reversing RICO conspiracy conviction on the basis that district court failed to order prosecution to submit bill of particulars); see, e.g.,

United States v. Santoro, 647 F.Supp 153 (E.D.N.Y. 1986) (defendants entitled to a bill of particulars describing as specifically as possible the inside information on which the defendants were alleged to have traded); United States v. Bortnovsky, 820 F.2d 572 (2d Cir. 1987) (failure to provide mail fraud defendants with specific information as to which claims were fraudulent and which invoices were falsified was reversible error).

In Davidoff, the defendant was charged with RICO conspiracy, and the indictment rather broadly alleged that the predicate acts to the racketeering charge were extortionate schemes directed toward one company; defendant moved for a bill of particulars, but the motion was denied, and defendant was confronted at trial with evidence of extortions aimed at entirely different companies. See Davidoff at 1154. On appeal after conviction, the Second Circuit held that the defendant should have been apprised through a bill of particulars of at least the basic nature of the allegations he would face. The failure to grant the bill required reversal. Davidoff, 845 F.2d at 1154.

Moreover, the Davidoff court also noted that the Government could not excuse the lack of a bill of particulars by contending that information concerning the defendant's alleged participation in conspiracy involving extortions against companies unrelated to a company named in the indictment was contained in *Jencks Act* statements of prosecution witnesses turned over to the defendant during jury selection and during trial. *Jencks Act* material could not be automatically relied upon as an adequate substitute for straightforward identification in a bill of particulars of the identity of the victims of offenses the prosecution intended to prove. See Davidoff at 1155. Additionally, just providing the defendant with everything the prosecution has

during discovery is insufficient; a defendant may have all the discovery in the world and yet still not know the particularity of the charges against him. Id. (finding that pretrial turnover of some 6,000 pages of material concerning wiretap application and transcripts of wiretapped conversation did not provide notice of defendant's alleged extortion against companies not named in indictment so as to excuse lack of bill of particulars requested by defendant on conspiracy charge).

Here, the defendant seeks basic information as to the charges. Motions seeking particularization of the time, place, and circumstances of the alleged offense are routinely granted as being necessary in order for the defendant to know against what she must defend, and what the prosecution intends to prove. See e.g., United States v. Tedesco, 441 F. Supp. 1336 (D. Penn. 1977); United States v. Baker Brush Co., 197 F. Supp. 922 (D.N.Y. 1961); see also One C. Wright, Federal Practice and Procedure, Criminal Section 129 (1982), at 134 ("Thus, in order for the defendant to know against what he must defend, it will frequently be necessary to require the Government to disclose a time and place of the alleged offenses, and the names of the persons present when the offense took place.") (citations and footnotes omitted)).

## IV. **A BILL OF PARTICULARS IS NECESSARY TO AVOID SURPRISE.**

The defendant needs to know with specificity what the government alleged was done to further the charged offenses, so that (1) he can prepare for the actual charges the government will

attempt to prove[1], and (2) so that he can file the necessary motions to prevent the introduction of prejudicial assertions that are irrelevant to the charges or otherwise inadmissible on the basis of suppression or other issues.

> The government cannot put the defendant in the position of disclosing certain overt acts through the indictment and withholding others subsequently discovered, all of which it intends to prove at trial. This is the type of surprise a bill of particulars is designed to avoid.

United States v. Tanner, 279 F.Supp. 457, 476 (N.D.Ill. 1967); see also, United States v. Covelli, 210 F.Supp. 589 (N.D.Ill. 1962).

The structure of the Superseding Indictment itself is insufficient to accord the defendant the information necessary to defend these charges. The Sixth Circuit has explained that a trial court should exercise its discretion to order a bill of particulars whenever necessary to fulfill any of the three purposes of the bill: 1) to inform the defendant of the nature of the charges with sufficient precision to enable him or her to prepare adequately for trial; 2) to prevent or minimize the danger of surprise at the time of trial; or 3) to enable the defendant to plead his or her acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague for double jeopardy purposes. United States v. Birmley, supra. The requested bill of particulars is necessary in this case because the Superseding Indictment fails to satisfy the

---

[1] As stated in United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988), "it is simply unrealistic to think that a defendant preparing to meet charges of extorting funds from one company had a fair opportunity to defend against allegations of extortions against unrelated companies, allegations not made prior to trial." See also United States v. Chavez, 845 F.2d 219 (9th Cir. 1988) (defendant misled by bill of particulars which asserted there would be proof of no other individuals "supervised" by the defendant).

first test in Birmley. The conclusory allegations are plainly inadequate. The defendant is entitled to additional information which is necessary to prepare his defense. The drafters of Rule 7(f), as previously indicated, clearly provided for this type of information to be furnished under circumstances such as this. It is therefore the defendant's position that the Superseding Indictment, as returned, lacks particularity and does not provide him with sufficient facts to adequately prepare his defense.

Courts increasingly have exercised their discretion toward granting requests for particularization, in recognition of the trend toward full disclosure of the government's accusations. As one court put it:

> The liberalization [of Rule 7(c)] was undoubtedly in recognition of the trend toward fuller disclosure of the Government's case to better serve the ends of criminal justice. While the discretion continues to reside in the trial court, it should be freely exercised with an awareness that an indictment may be sufficient on its face to state an offense, yet insufficient to adequately inform the accused of the charge against him to enable him to properly prepare his defense and, at least, to avoid prejudicial surprise.

King v. United States, 402 F.2d 289, 292 (10th Cir. 1968); see also Arkin, Dudley, Eisenstein, Rakoff, Re, and Saffert, Business Crime, Vol. 1, § 4.03, p. 4-31 (1984) ("As the expansion over the years of pretrial discovery has tacitly recognized, intelligent trial preparation and the avoidance of unfair surprise at trial generally demand greater particularity of information than is necessary to fulfill the requirement of a grand jury indictment.")

In the present case, a balancing of the parties' interests tips in favor of granting the defendant's motion for particularization. The Bill requested will enable the defendant to sift more efficiently through the evidence; it will enable the defendant to more intelligently interview the potential witnesses; it will enable counsel to more cogently prepare jury instructions tailored to the allegations; and it will avoid unnecessary waste of judicial resources because the parties

will focus their attention on what is really in dispute. The request for particulars will not prejudice the government at all, but will greatly enhance the truth-finding function, and the efficiency of the trial process by allowing adequate preparation by all parties.

## V.     CONCLUSION

For these reasons, defendant respectfully requests this Court to enter an Order compelling the government to file a Bill of Particulars. Defendant also relies upon, and incorporates herein by reference, the arguments and briefing concerning specific deficiencies in the Superseding Indictment warranting its dismissal. (Docs. 27-30).

Respectfully submitted this 15th day of May, 2009.

s/ W. Thomas Dillard
**W. THOMAS DILLARD**
**[BPR # 002020]**

s/ Stephen Ross Johnson
**STEPHEN ROSS JOHNSON**
**[BPR# 022140]**

**RITCHIE, DILLARD, & DAVIES, P.C.**
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN 37901-1126
(865) 637-0661
www.rddlawfirm.com
*Counsel for Clark Alan Roberts*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/ Stephen Ross Johnson