UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.3:08-cr-175 |
| | ) | JUDGES PHILLIPS/SHIRLEY |
| CLARK ALAN ROBERTS, and | ) | |
| SEAN EDWARD HOWLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE STATEMENTS OF CO-DEFENDANT AND ANY TESTIMONIAL STATEMENTS OF NON-TESTIFYING INDIVIDUALS FROM ANY JOINT TRIAL, OR, IN THE ALTERNATIVE, FOR SEVERANCE**

**I. INTRODUCTION**

Defendant Clark Alan Roberts, pursuant to Fed. R. Crim. Proc. 14(a), Bruton v. U.S., 391 U.S. 123 (1968), Crawford v. Washington, 541 U.S. 36 (2004), and their progeny, and by and through undersigned counsel, has respectfully moved this Honorable Court for an Order excluding the testimonial statements of co-defendant Sean Edward Howley, or, in the alternative, severing his case from that of Mr. Howley. Additionally, defendant Roberts moves the Court for an Order excluding any testimonial hearsay statements by any non-testifying person at trial.

It is Mr. Roberts' understanding that co-defendant Sean Edward Howley was interviewed by agents of the Federal Bureau of Investigation during their search in September of 2007 of Wyco Tire Technology in Greenback, Tennessee. It is further Mr. Roberts' understanding that Mr. Howley was specifically questioned by agents about Mr. Roberts, and Mr. Howley allegedly made statements concerning Mr. Roberts to government agents during that interview.

1

Accordingly, the Confrontation Clause of the Sixth Amendment mandates either exclusion of Mr. Howley's alleged statements to government agents from any joint trial or severance of the defendants.

II. **THE CONFRONTATION CLAUSE MANDATES EITHER EXCLUSION OF THE STATEMENTS MADE TO LAW ENFORCEMENT BY CO-DEFENDANT HOWLEY IN ANY TRIAL OF DEFENDANT ROBERTS, OR THE SEVERANCE OF THE DEFENDANTS.**

    A.    **The Rule in <u>Bruton</u>**

In <u>Bruton v. U.S.</u>, 391 U.S. 123, (1968), the United States Supreme Court considered the question of "whether the conviction of a defendant at a joint trial should be set aside although the jury was instructed that a co-defendant's confession inculpating the defendant had to be disregarded in determining his guilt or innocence." The Court held, in an opinion by Justice Brennan, that "because of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining petitioner's guilt, admission of [co-defendant] Evans' confession in this joint trial violated petitioner's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment." <u>Bruton</u>, 391 U.S. at 126. "Here the introduction of Evans' confession posed a substantial threat to petitioner's right to confront the witnesses against him, and this is a hazard we cannot ignore. Despite the concededly clear instructions to the jury to disregard Evans' inadmissible hearsay evidence inculpating petitioner, in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination." <u>Bruton</u>, 391 U.S. at 137.

In interpreting <u>Bruton</u>, the Sixth Circuit has stated:

> A long line of Supreme Court cases interpreting the Confrontation Clause has created a strong presumption against the trustworthiness of co-conspirators' statements that are made after a conspiracy has terminated in arrest. In the most recent case on point, Lee v. Illinois, the Court held inadmissible a co-conspirator's confession. It said that the "truthfinding function of the Confrontation Clause is uniquely threatened when an accomplice's confession is sought to be introduced against a criminal defendant without the benefit of cross-examination." 476 U.S. at 541, 106 S.Ct. at 2062. Due to a co-conspirator's "strong motivation to implicate the defendant and to exonerate himself," a co-conspirator's statements about the defendant's involvement in the crime should be viewed with "special suspicion." Id. (quoting from Bruton v. United States, 391 U.S. 123, 141, 88 S.Ct. 1620, 1630, 20 L.Ed.2d 476 (1968) (White, J., dissenting) (citations omitted)). This suspicion stems from the "reality of the criminal process, namely, that once partners in a crime recognize that the 'jig is up,' they tend to lose any identity of interest and immediately become antagonists, rather than accomplices." Id. 476 U.S. at 544-45, 106 S.Ct. at 2063-64.
> ...
>
> In cases decided after Bruton, the Court has followed the same analysis. For example, in Richardson v. Marsh, the Court upheld the admission of a nontestifying co-conspirator's confession against the co-conspirator himself in a joint trial but only because there was a limiting instruction and all references to the defendant had been redacted. 481 U.S. 200, 211, 107 S.Ct. 1702, 1709, 95 L.Ed.2d 176 (1987). In Cruz v. New York, the Court disallowed introduction of nontestifying co-conspirator's confession which incriminated defendant even though the jury was instructed not to consider confession against defendant. 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987). In explaining its reasoning, the Court in Marsh distinguished the co-conspirator's statement in that case from the one in Bruton by noting that the nontestifying co-conspirator's statement in Bruton "expressly implicated the defendant as [the] accomplice" of the nontestifying co-conspirator and that the statement was "powerfully incriminating" on its face. Richardson, 481 U.S. at 208, 107 S.Ct. at 1707.

U.S. v. Gomez-Lemos, 939 F.2d 326, 330-333 (6th Cir. 1991); see also Stanford v. Parker, 266 F.3d 442, 455 (6th Cir. 2001).

### B. The Rule in Crawford

The Sixth Amendment Confrontation Clause holdings of the Supreme Court in Bruton and Richardson are further reinforced and emphasized by the recent decision of the Court in

3

Crawford v. Washington, 541 U.S. 36 (2004). The "principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of ex parte examinations as evidence against the accused .... The Sixth Amendment must be interpreted with this focus in mind." Crawford v. Washington, 541 U.S. 36, 50 (2004). Crawford involved a Washington state conviction for stabbing a man, Lee, who allegedly had tried to rape Crawford's wife. The wife was present at the stabbing and gave a tape-recorded statement to the police. Her statement was damaging to Crawford's defense that he stabbed Lee in self-defense because he believed that Lee was about to assault him. At Crawford's trial, his wife did not testify because the state marital privilege prevented such testimony without the other spouse's consent. The prosecution introduced the wife's tape-recorded statement at Crawford's trial. The Washington Supreme Court upheld its introduction because it was trustworthy. Crawford, 541 U.S. at 39-42.

The United States Supreme Court reversed, holding that the introduction of the tape violated the Confrontation Clause. The Court stated and applied the following standard governing the requirements of the Confrontation Clause: "Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." Id. at 59. For purposes of the Confrontation Clause, statements made to government officers are considered testimonial. Id., 50-51 (Confrontation Clause bars admission of testimonial statements, such as "formal statement[s] to government officers"); United States v. Arnold, 410 F.3d 895, 903 (6th Cir. 2005) (finding fact that statement of witness was made to government officer as indication that the statement was testimonial); United States v. Pugh, 405 F.3d 390 (6th Cir. 2005); United

States v. Gibson, 409 F.3d 325, 338 (6th Cir.2005) (describing statements as nontestimonial where the "statements were not made to the police or in the course of an official investigation"); United States v. Cromer, 389 F.3d 662 (6th Cir.2004) (statements made by a confidential informant to the police are testimonial under Crawford).

In Crawford, the Court rejected "reliability" as a standard for applying the Confrontation Clause, and ruled that "testimonial" statements of a non-testifying individual are admissible only if there has been "a prior opportunity for cross-examination." See 541 U.S. at 68. Crawford thus involved the admissibility under the Confrontation Clause of recorded testimonial statements of a person who did not testify at the trial. The holding in Crawford was that such statements, regardless of their reliability, are not admissible unless the defendant was able to cross-examine their maker. After Crawford, there is "an absolute bar to statements that are testimonial, absent a prior opportunity to cross examine." Id. at 61. Indeed, the Court summed up its holding in these words: "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." Id. at 68-69. Crawford only apparently exempts non-testimonial hearsay from the rule, and lists business records and statements in furtherance of a conspiracy as non-testimonial hearsay. Crawford, 124 S.Ct. at 1367.

### C. Bruton and Crawford require exclusion of co-defendant statements or the severance of defendant Roberts

Where a Bruton situation exists, the court may protect the non-confessing defendant's Sixth Amendment rights by 1) exclusion of the confession, 2) severance of the trial, or 3) redaction of the confession to avoid mention or obvious implication of the non-confessing

5

defendant. See Richardson v. Marsh, 481 U.S. 200, 209 (1987). Defendant Roberts requests exclusion of the statement to law enforcement by co-defendant Howley or statements that do not properly fall within the parameters of Fed. R. Evid. 801(d)(2)(e). However, if the Court is disinclined to exclude Mr. Howley's statements to law enforcement in a joint trial, then severance of Mr. Roberts is the alternative remedy. See Fed. R. Crim. Proc. 14(a) & (b).

### III. CONCLUSION

Bruton is concerned with the lack of confrontation at trial when a non-testifying co-defendant's confession, to either law enforcement or someone else, is admitted at a joint trial. The analysis in Bruton is not whether the statements were made to law enforcement; rather, the analysis centers on "uncross-examined co-conspirator's hearsay statements that do not come within the established exception for co-conspirator statements made during and in furtherance of the conspiracy." United States v. Gomez-Lemos, 939 F.2d 326, 331 (6th Cir. 1991) (reversing due to Bruton error at trial). If a statement of an alleged co-conspirator does not fall within Fed. R. Evid. 801(d)(2)(E), and defendant Roberts does not have an opportunity to cross-examine that alleged co-conspirator at trial, then evidence of that statement is barred by Bruton. This includes both indicted and unindicted co-conspirators.

Furthermore, the hearsay testimonial statements of any other individual are barred by Crawford if defendant Roberts has no opportunity to confront the witness. Specifically, the Sixth Circuit has defined testimonial to be a statement "made in circumstances in which a reasonable person would realize that it likely would be used in investigation or prosecution of a crime." United States v. Hadley, 431 F.3d 484, 499 (6th Cir. 2005). Under this definition, the Sixth Circuit has held that statements made by a confidential informant to law enforcement are

testimonial and barred by Crawford. See United States v. Cromer, 389 F.3d 662 (6th Cir. 2004).

> Indeed, such tips are similar in many respects to statements made to the police in the course of interrogation, which Crawford holds are "testimonial under even a narrow standard." Crawford, 541 U.S. at 52, 124 S.Ct. at 1364. The only apparent distinction is that an informant's tip might be "volunteered" rather than "elicited through formalized police interrogation," Cromer, 389 F.3d at 675, although, as a matter of brute fact, the courts generally are not privy to the circumstances surrounding a confidential informant's disclosure to the authorities. In any event, Cromer rejects any bright-line distinction between volunteered statements and those elicited through interrogation, observing that an individual who "bears a grudge" against the accused, for example, would likely be only too happy to "volunteer to police, truthfully or not, information of the commission of a crime, especially when that person is assured he will not be subject to confrontation." Cromer, 389 F.3d at 675.

United States v. Hedley, 431 F.3d 484, 500 (6th Cir. 2005).

Accordingly, defendant Roberts has moved the Court for exclusion at trial of co-defendant Howley's statements under Bruton, or, in the alternative, the granting of a severance to Mr. Roberts, and exclusion of any *testimonial* hearsay statements by any non-testifying person under Crawford.

Respectfully submitted this 15th day of May, 2009.

s/ W. Thomas Dillard
**W. THOMAS DILLARD**
**[BPR # 002020]**

s/ Stephen Ross Johnson
**STEPHEN ROSS JOHNSON**
**[BPR# 022140]**

**RITCHIE, DILLARD, & DAVIES, P.C.**
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN 37901-1126
(865) 637-0661
www.rddlawfirm.com
*Counsel for Clark Alan Roberts*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 15, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

              s/ Stephen Ross Johnson