# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.3:08-cr-175 |
| ) | JUDGES PHILLIPS/SHIRLEY |
| CLARK ALAN ROBERTS, and ) | |
| SEAN EDWARD HOWLEY, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO SUPPRESS

Comes the defendant, Clark Alan Roberts, by and through counsel, pursuant to the Fourth, Fifth, Sixth Amendments to the United States Constitution, Fed. R. Crim. P. Rules 12(b) and 41, and other applicable law, and respectfully moves the Court for an Order suppressing the fruits a search and seizure conducted by law enforcement at Wyco Tire Technology, Inc. in Greenback, Tennessee in September 2007.

In further support thereof, defendant states the following:

(1) Defendant has moved the Court for an Order compelling the government to provide the defendant with discovery. Given the limited information available to the defendant at this time, such as the lack of information concerning the exact nature of the computer information seized and the scope of the initial and subsequent searches of such information, it is impossible for the defendant to raise and brief all issues at this time concerning suppression.

(2) Defendant Roberts has standing to contest the search and seizure of the premises of Wyco Tire Technology. A corporate agent may have a reasonable expectation of privacy in a business that has been subjected to a search and seizure. One factor in the analysis is whether the defendant was considered one of the targets of the search of the corporate premises. Each

1

claim of standing is a unique, fact-intensive analysis to determine whether a person has an objective expectation of privacy over the place where the government has seized objects. This case is no exception, and an evidentiary hearing is necessary.

(3) The search warrant lacked sufficient particularity. In the instant case, the warrant provided no specificity to narrow the search of the computer information by the government agents. There is no way for an agent executing the warrant to ascertain, from looking at a computer server or individual computer, whether it is something to be seized without conducting a further and more particularized search of the contents of the computer data. In effect, the limitations in the warrant were no limitations at all. Arguably, investigators could open every file on the computers, claiming to be evaluating the files as to whether they relate to *evidence* of trade secrets violations. Such non-particularized, discretionary access to computer data violates the Fourth Amendment's prohibition against general warrants.

(4) Even if the warrant met the particularity and specificity requirements, the search(es) conducted exceeded the scope of the warrant. The receipt for the warrant at issue indicates that multiple computers were imaged by the government, to include laptops, workstations, file servers, and an e-mail server. The receipt indicates carte blanche seizure of electronic materials. From the information currently available to the defendant, the defense is uncertain, at this time, as to the scope of further searching of the items contained on the drives imaged.

(5) A computer is similar to a container; under Fourth Amendment jurisprudence, the opening up of a container constitutes a search of its contents. Sifting through the contents of a computer's hard drive and exposing each packet of information is the equivalent of opening a

closed container in a house; this constitutes a separate search.  Probable cause to search some files on a computer does not provide probable cause to search all files.

(6)     For the above reasons, the defendant moves the Court for the entry of an Order suppressing all items obtained as a result of the search warrant executed on the premises of Wyco Tire Technology in Greenback, Tennessee in September 2007.  Defendant further moves the Court for an evidentiary hearing, for the opportunity to supplement the instant motion upon the receipt of additional discovery, and to join in co-defendant Howley's motion to suppress the fruits of the same search.

s/ W. Thomas Dillard
**W. THOMAS DILLARD**
**[BPR # 002020]**

s/ Stephen Ross Johnson
**STEPHEN ROSS JOHNSON**
**[BPR# 022140]**

**RITCHIE, DILLARD, & DAVIES, P.C.**
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN 37901-1126
(865) 637-0661
www.rddlawfirm.com
*Counsel for Clark Alan Roberts*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2009, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

s/ Stephen Ross Johnson