UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.3:08-cr-175 |
| | ) | JUDGES PHILLIPS/SHIRLEY |
| CLARK ALAN ROBERTS, and | ) | |
| SEAN EDWARD HOWLEY, | ) | |
| | ) | |
|     Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS**

The defendant, Clark Alan Roberts, by and through counsel, and pursuant to the Fourth, Fifth, Sixth Amendments to the United States Constitution, Fed. R. Crim. P. Rules 12(b) and 41, and other applicable law, has moved the Court for an Order suppressing the fruits a search and seizure conducted by law enforcement at Wyco Tire Technology, Inc. in Greenback, Tennessee in September 2007.

Defendant has moved the Court for an Order compelling the government to provide the defendant with discovery. Given the limited information available to the defendant at this time, such as the lack of information concerning the exact nature of the computer information seized and the scope of the initial and subsequent searches of such information, it is impossible for the defendant to raise and brief all issues at this time concerning suppression. Defendant moves the Court for an evidentiary hearing on the instant motion, to supplement the motion with any additional information learned through discovery, and for the opportunity to file a post-hearing brief.

**I.    STANDING**

The Fourth Amendment to the United States Constitution provides:

1

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The purpose of the prohibition against unreasonable searches and seizures under the Fourth Amendment is to "safeguard the privacy and security of individuals against arbitrary invasions of government officials." Camara v. Municipal Court, 387 U.S. 523, 528, (1967). The Fourth Amendment protects individuals against arbitrary governmental action wherever they have a reasonable expectation of privacy that society recognizes. Katz v. United States, 389 U.S. 347, 351-52 (1967).

A corporate agent may have a reasonable expectation of privacy in a business that has been subjected to a search and seizure. See United States v. Mohney, 949 F.2d 1397, 1403-1404 (6th Cir. 1991); United States v. Brien, 617 F.2d 299, 306 (1st Cir. 1980); United States v. Mancini, 8 F.3d 104, 108, 109 (1st Cir. 1983); United Sates v. Haydel, 648 F.2d 1152, 1154 (5th Cir. 1981). One factor in the analysis is whether the defendant was considered one of the targets of the search of the corporate premises. Mohney, 949 F.2d at 1403-1404. Each claim of standing is a unique, fact-intensive analysis to determine whether a person has an objective expectation of privacy over the place where the government has seized objects. This case is no exception, and an evidentiary hearing is necessary.

## II. THE SEARCH WARRANT LACKED SUFFICIENT PARTICULARITY

A search warrant must state with particularity the place to be searched and the items to be seized. U.S. Const. amend IV. General warrants, which authorize searches without setting forth a particular description of the items to be seized, are expressly forbidden. See U.S. Const. amend IV; Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971). The particularity requirement is met

when the description particularly points to a definitely ascertainable place so as to exclude all others, and enables the officer to locate the place to be searched with reasonable certainty without leaving it to his discretion. The less precise the description of the place to be searched or things to be seized, the less likely there is probable cause to seize the enumerated items. See Maryland v. Garrison, 480 U.S. 79, 84 (1987) ("By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirement ensures that the search will be carefully tailored to its justifications.").

A warrant authorizing a search of a computer must specify with particularity the specific documents and files to be searched. See United State v. Carey, 172 F.3d 1268, 1275 (10th Cir. 1999) (suppressing search of defendant's computer where the warrant authorized search for evidence of drug transactions and graphic files of child pornography were subsequently discovered, the court held that "law enforcement must engage in the intermediate step of sorting various types of documents then only search the ones specified in a warrant").

In the instant case, the warrant allowed seizure of any "[c]omputers, computer hardware, software, computer related documentation, passwords, data security devices …, videotapes, digital recording devices, digital recording players, monitors, flatbed scanners, ***which contain evidence*** related to violations of Title 18, United States Code, Sections 1832 and 2314 as described more filly in paragraphs three (3) through seven (7) below." See Warrant, Attachment B, pg. 1 (emphasis added). Subparagraph 3 provides that "trade secret information belonging to Goodyear Tire and Rubber Co." is to be seized. Subparagraph 4 provides that e-mails from October 2006 to present "which discuss or refer to trade secret information belonging to Goodyear Tire and Rubber Co." are to be seized. Subparagraph 5 provides that correspondence and documents, including e-mails concerning travel by Wyko employees to Goodyear facility in

3

Topeka, Kansas in 2007, are to be seized. Subparagraph 6 provides that any records pertaining to HHSC are to be seized. Subparagraph 7 provides that documentation related to export of trade secret information belonging to Goodyear is to be seized.

There is no specificity provided to narrow the search of the computer information by the government agents. There is no way for an agent executing the warrant to ascertain, from looking at a computer server or individual computer, whether it is something to be seized without conducting a further and more particularized search of the contents of the computer data. In effect, the limitations in the warrant were no limitations at all. Arguably, investigators could open every file on the computers, claiming to be evaluating the files as to whether they relate to *evidence* of trade secrets violations. Such non-particularized, discretionary access to computer data violates the Fourth Amendment's prohibition against general warrants.

In Gouled v. United States, federal agents investigating the use of mails to defraud obtained a search warrant on probable cause for seizure of an executed contract, an unexecuted contract, and some bills for legal services, the U.S. Supreme Court ruled that search warrants "may not be used as a means of gaining access to a man's house or office and papers solely for the purpose of making search to secure evidence to be used against him in a criminal or penal proceeding." 255 U.S. 298 (1921).[1] The Court held that search warrants "may be resorted to

---

[1] Overruled in part by Warden v. Hayden, 387 U.S. 294 (1967). In Hayden, the Court held that, "The items of clothing involved in this case are not 'testimonial' or 'communicative' in nature, and their introduction therefore did not compel respondent to become a witness against himself in violation of the Fifth Amendment. This case thus does not require that we consider whether there are items of evidential value whose very nature precludes them from being the object of a reasonable search and seizure. The Fourth Amendment ruling in Goulad was based upon the dual, related premises that historically the right to search for and seize property depended upon the assertion by the Government of a valid claim of superior interest, and that it was not enough that the purpose of the search and seizure was to obtain evidence to use in apprehending and convicting criminals." (internal citation omitted). Despite Hayden, therefore, there remains the open possibility that, as the Court stated in Hayden, "there are items of

4

only when **a primary right** to such search and seizure may be found in the interest which the public or the complainant may have in the property to be seized, or in the right to the possession of it, or when a valid exercise of the police power renders possession of the property by the accused unlawful and provides that it may be taken, that is, only when the property is an instrumentality or fruit of crime or contraband.  Therefore, the Court held that the seizure of "mere evidence" violated the Fourth Amendment, and its admission into evidence violated the Fifth Amendment.

Even if there is probable cause to that certain described items are presently to be found in a certain described place, a lawful basis for search has not been established unless it is also shown to be probable that those items constitute the fruits, instrumentalities, or evidence of crime.  See United States v. Vigeant, 176 F.3d 565 (1st Cir. 1999); United States v. Rubio, 727 F.2d 786 (9th Cir. 1983) (warrant for "indicia of membership in or association with the Hell's Angels" invalid for lack of nexus with criminal activity, as "where there is no allegation that the enterprise is wholly illegitimate, as is true in this case, evidence of mere association would not necessarily aid in obtaining a conviction").

In general, the Fourth Amendment permits law enforcement officers executing a search warrant to seize only those persons or items "particularly" described in the warrant.  Marron v. Untied States, 275 U.S. 192, 196 (1927).  However, other property not specifically mentioned may be seized pursuant to the plain view exception.  See Horton v. California, 496 U.S. 128 (1990).  There are four requirements for a valid search under the plain view doctrine: (1) that the objects seized were in plain view; (2) the viewer had a right to be in position for the view; (3) that the seized object was discovered inadvertently; and (4) the incriminating nature of the object

---

evidential value whose very nature precludes them from being the object of a reasonable search and seizure."

must have been immediately apparent to the viewer. Horton v. California, 496 U.S. 128, 136-37 (1990) (citing Arizona v. Hicks, 480 U.S. 321 (1987)).

Whether an item is in plain view is a factual determination. Arizona v. Hicks, 480 U.S. 321 (1987). In Hicks, policemen properly entered the defendant's apartment under the exigent circumstances exception to the warrant requirement whereupon they noticed some expensive stereo components. Id. "Suspecting that they were stolen, he read and recorded their serial numbers-moving some of the components . . . in order to do so . . . ." Id. at 321. Arizona argued that these actions neither constituted a search nor a seizure. The Court agreed that the "mere recording of the serial numbers" did not constitute a seizure but held that moving the equipment even a few inches to view the serial numbers did constitute a search.

> Merely inspecting those parts of the turntable that came into view during the latter search would not have constituted an independent search, because it would have produced no additional invasion of respondent's privacy interest. But taking action, unrelated to the objectives of the authorized intrusion, which exposed to view concealed portions of the apartment or its contents, did produce a new invasion of respondent's privacy unjustified by the exigent circumstance that validated the entry. This is why . . . the "distinction between 'looking' at a suspicious object in plain view and 'moving' it even a few inches" is much more than trivial for purposes of the Fourth Amendment. It matters not that the search uncovered nothing of any great personal value to respondent-serial numbers rather than (what might conceivably have been hidden behind or under the equipment) letters or photographs. A search is a search, even if it happens to disclose nothing but the bottom of a turntable.

Arizona v. Hicks, 480 U.S. 321, 321 (1987) (internal citations omitted). Similarly, the Supreme Court has held that an officer can enter any space not protected by a reasonable expectation of privacy without being counted as a "search." Illinois v. Andreas, 462 U.S. 765, 771 (1983). If an officer wants to enter a non-public place (i.e., a place protected by a reasonable expectation of privacy), he may do so only under special circumstances, see Smith v. Maryland, 442 U.S. 735,

6

739 (1979),[2] and generally cannot look for evidence in a place smaller than the evidence he wishes to seize.

Even assuming the validity of the search warrant, any results of the analysis of the computers seized must be suppressed. The contents of the computers were not in plain view, meaning that although the officers arguably had a right to search parts of the computers, they did not have a right to search the entirety of the computers.

## III. THE SEARCH EXCEEDED THE SCOPE OF THE WARRANT

As discussed above, the Fourth Amendment commands that no warrants shall issue except those "particularly describing the place to be searched and the . . . things to be seized." U.S. Const. amend. IV. A "seizure" of property is a "meaningful interference with an individual's possessory interests in that property." United States v. Jacobsen, 466 U.S. 109, 113 (1984). The receipt for the warrant at issue indicates that multiple computers were imaged by the government, to include laptops, workstations, file servers, and an e-mail server. The receipt indicates carte blanche seizure of electronic materials as opposed to even the broad limitations discussed above. From the information currently available to the defendant, the defense is uncertain as to the scope of further searching of the items contained on the drives imaged.

Computers are seized to further search them, but the warrant did not particularly describe the places on the hard drives to be searched. These deficiencies effectively permitted agents to

---

[2] The plain view doctrine permits the police to seize evidence discovered during a valid search if the incriminating nature of the item to be seized, enough to create probable cause that the item constitutes evidence, is readily and immediately apparent. This doctrine cannot cure the unconstitutionality of this search and seizure. A government agent must have a right to be present at the time the evidence is in "plain view." Coolidge v. New Hampshire, 403 U.S. 443 (1971); United States v. Calloway, 116 F.3d 1129 (6th Cir. 1997). The government may not employ an electronic device to obtain information in an area where one has a reasonable expectation of privacy that could not be gained through sensory observation. See United States v. Karo, 468 U.S. 705, 715 (1984); United States v. Knotts, 460 U.S. 276 (1983).

7

conduct searches of infinite duration and unlimited scope. Consequently, because the warrant did not curb any computer analyst's discretion or prescribe the scope of a permissible search of the computer's contents, the warrant was overbroad.

The Supreme Court has held that an officer can enter any space not protected by a reasonable expectation of privacy without being counted as a "search." Illinois v. Andreas, 462 U.S. 765, 771 (1983). If an officer wants to enter a non-public place (i.e., a place protected by a reasonable expectation of privacy), he may do so only under special circumstances, see Smith v. Maryland, 442 U.S. 735, 739 (1979), and generally cannot look for evidence in a place smaller than the evidence he wishes to seize. Because electronic data takes up virtually no space, without externally-imposed limits on the scope of a computer search, a forensic analyst has unfettered access to <u>all</u> files.

A computer is similar to a container; under Fourth Amendment jurisprudence, the opening up of a container constitutes a search of its contents. Sifting through the contents of a computer's hard drive and exposing each packet of information is the equivalent of opening a closed container in a house; this constitutes a separate search. Probable cause to search some files on a computer does not provide probable cause to search all files. United States v. Ross, 456 U.S. 798, 824 (1982) ("Just as probable cause to believe that a stolen lawnmower may be found in a garage will not support a warrant to search an upstairs bedroom, probable cause to believe that undocumented aliens are being transported in a van will not justify a warrantless search of a suitcase. Probable cause to believe that a container placed in the trunk of a taxi contains contraband or evidence does not justify a search of the entire cab."). If one has a reasonable expectation of privacy in a container's contents, a search violates that privacy expectation. United States v. Ross, 456 U.S. 798 (1982). Granted, the traditional understanding

8

of the scope of the Fourth Amendment's protections is complicated by the technology involved, but the basic premise remains the same: needle-in-the-haystack searches are unsupportable under the Fourth Amendment without probable cause. Another analogy could be to multi-occupancy structures. A search warrant directed against a multi-unit dwelling is invalid unless is describes the *subunit* intended to be searched with sufficient particularity to exclude the search of an unintended subunit.

The search warrant should have specifically stated which terms could be searched on the computer and the methodology for searching for them. The Department of Justice appears to agree that this is the best practice. In the Department's own manual, it is suggested that "[w]hen agents have a factual basis for believing that they can locate the evidence using a specific set of techniques, the affidavit should explain the techniques that the agents plan to use to distinguish incriminating documents from comingled documents." Dept. of Justice, *Searching and Seizing Computers and Obtaining Electronic Evidence in Criminal Investigations* 73 (July 2002) available at http://www.usdoj.gov/criminal/cybercrime/s&smanual2002.pdf (last visited Jan. 6, 2009). Some federal courts properly require this practice. See In re Search of 3817 W. West End, First Floor Chicago, Illinois, 60621, 321 F. Supp. 2d 953 (N.D. Ill. 2004) (magistrate judge refused to issue a warrant without a search protocol settled beforehand); United States v. Barbuto, No. 2:00CR197K, 2001 WL 670930 (D. Utah Apr. 12, 2001) (suppressing evidence in absence of search protocol) ("[M]ethods or criteria should have been presented to the magistrate before the issuance of the warrants or to support the issuance of a second, more specific warrant once intermingled documents were discovered."). Here, the warrant lacked both a limiting search methodology and a particularization of the places on the computer to be searched. As such, the warrant was executed like a general exploratory warrant, contrary to the Fourth Amendment.

The affidavit and warrant should have prescribed a search strategy for the forensic specialist to follow in order to limit the scope of the search, such as the one outlined over a decade ago:

> Once computer data is removed from the suspect's control, there is no exigent circumstance or practical reason to permit officers to rummage through all of the stored data regardless of its relevance of its relation to the information specified in the warrant. After law enforcement personnel obtain exclusive control over computer data, requiring them to specify exactly what types of files will be inspected does not present any undue burden. A neutral magistrate should determine the conditions and limitations for inspecting large quantities of computer data. A second warrant should be obtained when massive quantities of information are seized, in order to prevent a general rummaging and ensure that the search will extend only to relevant documents.

Winck, *Searches and Seizures of Computers and Computer Data*, 8 Harv. J.L. & Tech. 75, 107 (1994). See also Trepel, *Digital Searches, General Warrants, and the Case for the Courts*, 10 Yale L. & Tech. 120 (2007).

Technology exists which could have easily limited the government's intrusion into places on the computer for which there was no probable cause to search. For example, the government could have run an on-site forensic software program in the hopes of establishing probable cause to support an application for a warrant to further search the computers or servers; or, the government could have made a mirror-image of the hard-drives, and then limited its search terms to those terms and dates for which probable cause existed, and then made another application to the court for permission to further search the computer drives. Results of all overbroad and invasive searching should be suppressed.

IV. **CONCLUSION**

For the above reasons, the defendant moves the Court for the entry of an Order suppressing all items obtained as a result of the search warrant executed on the premises of Wyco Tire Technology in Greenback, Tennessee in September 2007. Defendant

further moves the Court for an evidentiary hearing, for the opportunity to supplement the instant motion upon the receipt of additional discovery, and to join in co-defendant Howley's motion to suppress the fruits of the same search.

        s/ W. Thomas Dillard
**W. THOMAS DILLARD**
**[BPR # 002020]**

        s/ Stephen Ross Johnson
**STEPHEN ROSS JOHNSON**
**[BPR# 022140]**

**RITCHIE, DILLARD, & DAVIES, P.C.**
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN 37901-1126
(865) 637-0661
www.rddlawfirm.com
*Counsel for Clark Alan Roberts*

## CERTIFICATE OF SERVICE

    I hereby certify that on May 15, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

        s/ Stephen Ross Johnson