UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:08-CR-175 |
| | ) | JUDGES PHILLIPS/SHIRLEY |
| CLARK ALAN ROBERTS, and | ) | |
| SEAN EDWARD HOWLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR BILL OF PARTICULARS

COMES NOW the United States of America, by and through its undersigned counsel and hereby files this response in opposition to Defendants' Motion for Bill of Particulars and respectfully requests that the Motion be denied.

### I. RELEVANT FACTS

Specifically, the defendants' have moved for a bill of particulars requiring the government to specify the trade secrets referenced in the Indictment and to provide further information concerning the material misrepresentations made by the defendants. The defendants are charged with one count of Conspiracy pursuant to 18 U.S.C. §1832(a)(5), one count of Theft and Attempted Theft of Trade Secrets in violation of 18 U.S.C. §§ 1832(a)(1), (a)(4) & 2, one count of Photographing and Attempted Photographing of Trade Secrets in violation of 18 U.S.C. §§ 1832(a)(2), (a)(4) & 2, three counts of Transmittal and Attempted Transmittal of Trade Secrets in violation of 18 U.S.C. §§ 1832(a)(2), (a)(4) & 2, one count of Possession and Attempted Possession

of Stolen Trade Secrets under 18 U.S.C. §§ 1832(a)(3), (a)(4) & 2 and three counts of Wire Fraud under 18 U.S.C. §§ 1343 and 2. See Court Clerk's Docket Document #6.

## II. ARGUMENT

Federal Rule of Criminal Procedure 7(f) permits a defendant to seek a bill of particulars, only where appropriate, that is, "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (emphasis added) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)).

The Indictment in this case is lengthy and detailed. It describes in depth the nature of the charges against the defendants. In addition, the defendant received ample discovery which more than explains the very questions they are seeking to have answered through a bill of particulars. Viewing the Superceding Indictment, both on its own or in conjunction with the discovery, the defendants have been apprised of the charges against them, are able to prepare a defense, prevent surprise at trial, and avoid double jeopardy.

The decision whether to grant or deny a request for a bill of particulars is within the trial court's discretion. *United States v. Long*, 706 F.2d 1044, 1053 (9th Cir. 1983) (citing *Will v. United States*, 389 U.S. 90, 99 (1967)). When deciding whether to grant such a request, a court should consider whether the indictment has adequately advised the defendant of the charges so as to minimize surprise at trial, aid the defendants in preparing a defense, and protect against double jeopardy. *United States v. Robertson*, 15 F.3d 862, 873-74 (9th Cir. 1994); *United States v. Burt*, 765 F.2d 1364, 1366 (9th Cir. 1985). This determination is made not only by examining the

Indictment, but also by examining the indictment in conjunction with the discovery that has been disclosed to a defendant. *Long*, 706 F.2d at 1054.

However, a bill of particulars may not be used to obtain a detailed disclosure of the government's evidence or theories prior to trial. *United States v. Gioiosa*, 924 F.2d 1059(6th Cir. 1991); *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). Moreover, a defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial. *See United States v. Largent*, 545 F.2d 1039, 1043 (6th Cir.1976); *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir.1993). A bill of particulars is not intended to serve as a discovery device or to compel the government's disclosure of the factual proof planned for trial. *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988); *Giese*, 597 F.2d at 1181 ("Appellant's request for the 'when, where, and how' of every act in furtherance of the conspiracy was equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars."). See generally *Wong Tai v. United States*, 273 U.S. 77 (1927).

Here, it is clear that the defendants are using their request for a Bill of Particulars to engage in a fishing expedition. The government's case regarding the theft of trade secrets is clear: 1) the defendants conspired to take unauthorized photographs of a piece of Goodyear tire manufacturing equipment (a rollover-plydown device) which contained trade secrets, 2) they possessed photographs containing trade secrets that they knew were stolen, and 3) the defendants emailed these stolen trade secrets to co-workers to assist them in the creation of a similar piece of tire manufacturing equipment for a potential competitor of Goodyear.

Similarly, the case Superceding Indictment explains the wire fraud counts: 1) the defendant's made material misrepresentations to Goodyear employees to obtain access to the

Goodyear tire manufacturing facility in Topeka, Kansas 2) They took unauthorized photographs of Goodyear proprietary information while in the Goodyear plant and 3) they wired the photographs to to co-workers to assist them in the creation of a similar piece of tire manufacturing equipment for a potential competitor of Goodyear.   The Indictment and the Rule 16 discovery spell out the times, dates, and other details of the offenses with great specificity, provide more than adequate opportunity for the defendants to prepare their trial defense.

The primary reason for defendants' request appears to be to assist them to "sift more efficiently through the evidence." Defendants' Motion at 11.  However, this is not the purpose of Rule 7.  Moreover, the defendants fail to explain how a bill of particulars is needed to avoid surprise at trial.  The Superceding Indictment and discovery both contain the evidence the government will use at trial to prove the stolen trade secrets and the materiality of the misrepresentations made by the defendants. The defendants' motion is an attempt to discover the particular evidence the government intends to use at trial, not by reading the discovery, but by using the format of a bill of particulars to, in effect, "depose" the government or require the government to "sift through" the facts for them.

It is clear that upon review of the Superceding Indictment and the discovery that has been made available pursuant to Rule 16, that the defendant's have been provided with the information they now seek in a bill of particulars and therefore, their motion should be denied.

### III. CONCLUSION

For the reasons mentioned above, the United States respectfully requests that this court find that the defendants have adequate notice from the Superceding Indictment and discovery to: 1) inform them of the nature of the charges against them with sufficient precision to enable them to prepare for trial, 2) avoid or minimize the danger of surprise at the time of trial, and 3) protect them from another prosecution for the same offense, and deny the Defendants' Motion for a Bill of Particulars.

Respectfully submitted,

JAMES R. DEDRICK
United States Attorney

s/ D. Gregory Weddle
s/ Thomas S. Dougherty
D. GREGORY WEDDLE
Assistant United States Attorney
THOMAS S. DOUGHERTY
Trial Attorney, U.S. Department of Justice
800 Market Street, Suite 211
Knoxville, Tennessee 37902
Telephone: (865)545-4167

CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2009, a copy of the foregoing GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR BILL OF PARTICULARS was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    s/ D. Gregory Weddle
    s/ Thomas S. Dougherty
D. GREGORY WEDDLE
Assistant United States Attorney
THOMAS S. DOUGHERTY
Trial Attorney, U.S. Department of Justice
800 Market Street, Suite 211
Knoxville, Tennessee 37902
Telephone: (865)545-4167