UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:08-CR-175 |
| | ) | JUDGES PHILLIPS/SHIRLEY |
| CLARK ALAN ROBERTS, and | ) | |
| SEAN EDWARD HOWLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT HOWLEY'S MOTION TO SUPPRESS STATEMENT

COMES NOW the United States of America, by and through the undersigned counsel and hereby respectfully submits this response in opposition to Defendant Howley's Motion to Suppress Statements.

Defendant seeks to suppress a statement made to the FBI after the execution of a search warrant at his workplace on September 25, 2007, as involuntary. However, defendant fails to allege any disputed facts which if even true would support a finding that his statement was not voluntary. Therefore, defendant's motion should be denied without an evidentiary hearing.

### I. RELEVANT FACTS

Defendant Sean Edward Howley ("defendant") was an employee at the Wyko Incorporated manufacturing plant in Greenback, Tennessee when the Federal Bureau of Investigation (FBI) executed a search warrant on September 27, 2007 to search for evidence concerning theft of trade secrets. Soon after entering the building, FBI Special Agents Kevin

Gounaud and David O'Connor asked the defendant if he would speak with them. The defendant agreed and they moved to a private office located inside the Wyko facility for the interview. The Agents then interviewed the defendant for approximately two hours. The Agents never told the defendant that he was under arrest, that he was not free to leave or that he would be arrested. Also, the Agents did not advise the defendant of his Miranda rights since he was not in custody. During the interview the defendant admitted that he and co-defendant Clark Alan Roberts, conspired to take unauthorized photographs of Goodyear tire manufacturing equipment to assist Wyko in completing a similar piece of equipment for a potential

competitor of Goodyear.

## II. ARGUMENT

A. DEFENDANT WAS NOT IN CUSTODY AND HIS STATEMENT WAS VOLUNTARY

Defendant's motion should be denied in that he has failed to raise any issue of fact or law which supports his allegation the statement he made to the FBI was involuntary. Defendant merely makes vague unsupported assertions that "[h]e was not free to leave," Defendant's Motion at 1, and that he was "placed in a room with numerous other people with not egress, windows and surrounded by numerous armed law enforcement officers," Defendant's Memorandum at 1. Defendant goes on to list several facts concerning his interview, none of which support a finding that he was in custody. Defendant's Motion at 1. Thus, defendant has failed to raise any issue or make any factual allegation which shows he was in custody or that his statement was involuntary and therefore, his motion must be denied.

The obligation to administer a Miranda warning to a person only arises when an individual is in custody. "For an individual to be 'in custody,' there must be 'a formal arrest or restraint on

2

freedom of movement of the degree associated with formal arrest.' " *United States v. Mahan*, 190 F.3d 416, 421 (6th Cir.1999)(citing *Thompson v. Keohane*, 516 U.S. 99, 102 (1995)). *See also United States v. Swanson*, 341 F.3d 524, 528 (6th Cir.2003).

In *Swanson*, the Sixth Circuit further explained that the following factors should be used when determining whether a person is subject to custodial interrogation and thus entitled to Miranda warnings: (1) whether the person was restrained to the level associated with an arrest; (2) the agents' purpose in questioning the person; (3) whether the location of the questioning was "hostile or coercive"; (4) the length of the questioning; (5) whether the person was informed that she was free to leave; and (6) whether the agents made a showing of force. *Id*. at 529; *see also United States v. Crossley*, 224 F.3d 847, 862 (6th Cir. 2000).

First, the setting of the questioning, a private office in defendant's own workplace, cannot be considered hostile or coercive. *See Mahan*, 190 F.3d at 422 (court held that an employee questioned at work was not subject to custodial interrogation*); Crossley*, 224 F.3d at 862(also finding that work environment was not coercive); *Salvo*, 133 F.3d at 950-51 ("the locations of the interviews-- Salvo's dormitory computer room and the parking lot of the Burger King restaurant--can hardly be said to be hostile or coercive environments," in contrast to "a station-house or security room, which can be inherently intimidating").

Here Defendant claims that he was taken to a "small room with one door and a window which had closed blinds." Defendant's Motion at 1. However, defendant makes no allegation that his freedom of movement was impeded in any way, that the door was locked, the Agents told him that he was under arrest or told him that he was not free to leave. The allegedly "small room" was a Wyko executive's private office, which according to defendant's own exhibit measured approximately 16 by 12 feet. This is certainly not a confined space which could be described as

3

intimidating. Moreover, the defendant never alleges that he was intimidated or coerced by the size of the room, but only makes an unsupported vague allegations that he was "kept in the room" and "was not free to leave." Defendants Motion at 1. Thus, defendant has offered no evidence that the room itself or the Agent's use of the room was objectively coercive.

The defendant also claims that the fact that he was interviewed for "nearly two (2) hours." *Id*. However, this amount of time is not long enough to render defendant in custody. *See Crossley*, 224 F.3d at 862 (defendant was not in custody even though subject to a 135-minute interview). Defendant also complains that the agents told him that he had lied and that it was a crime to lie to federal agents. Defendant's Memorandum at 2. However, defendant never alleges that this or any other comment caused him to say anything or that his will was overborne by the Agents. Again, he only makes a vague unsupported assertion that the statement was involuntary. Moreover, informing a suspect that they may have committed a crime does not make a statement involuntary. *See Mahan*, 190 F.3d at 422-423 (confession not coerced where agent told suspect that he could get into serious trouble for providing false information and that his story was unbelievable); *United States v. Gatewood*, 184 F.3d 550 (6th Cir. 1999)(dismissing defendant's assertion that confession was involuntary where the questioning occurred during "regular business hours," lasted only 3.5 hours and despite defendant's allegation that the officers threatened to charge him with other crimes and keep him from his wife.)

Finally, there is no evidence that the Agents displayed a firearm or otherwise made a showing of force against the defendant. Moreover, there is no evidence that the defendant was mistreated or threatened in any way or that any threats or promises were made. Thus, under a

totality of these circumstances, the defendant was simply not in custody and his statement was free and voluntary. Therefore, his motion must be denied.

B.  NO EVIDENTIARY HEARING IS REQUIRED

An evidentiary hearing is required "only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact...are in question." *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006) (citations omitted.) "Although Rule 12 does not by its terms specify when such a motion entitles a defendant to a pretrial evidentiary hearing, ... a defendant's moving papers must demonstrate a 'colorable claim' for relief. In order to be 'colorable,' a defendant's motion must consist of more than mere bald-faced allegations of misconduct. There must be issues of fact material to the resolution of defendant's constitutional claim." *United States v. Voigt*, 89 F.3d 1050, 1067 (3d Cir.1996) (internal citations omitted); *see also United States v. Richardson*, 764 F.2d 1514, 1526-27 (11th Cir.1985) ("[A] trial court may refuse a defendant's request for a suppression hearing and motion to suppress if the defendant fails to allege facts that, if proved, would require the grant of relief.").

There are no material disputed facts in this case. Therefore, no hearing is required. There is no dispute regarding the location of the interview, the length of the interview or what was discussed. The only support that the defendant provides with regard to his claim that his statement was involuntary are vague conjectural assertions. The Defendant has not alleged any disputed facts that even if true would allow the court to find that he was in custody or that his statement involuntary. Accordingly, an evidentiary hearing is not required.

### III. CONCLUSION

Wherefore, it is respectfully requested that the defendant's motion be denied without an evidentiary hearing.

Respectfully submitted,

JAMES R. DEDRICK
United States Attorney

s/ D. Gregory Weddle
s/ Thomas S. Dougherty
D. GREGORY WEDDLE
Assistant United States Attorney
THOMAS S. DOUGHERTY
Trial Attorney, U.S. Department of Justice
800 Market Street, Suite 211
Knoxville, Tennessee 37902
Telephone: (865)545-4167

CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2009, a copy of the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT HOWLEY'S MOTION TO SUPPRESS STATEMENT was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    s/ D. Gregory Weddle
    s/ Thomas S. Dougherty
D. GREGORY WEDDLE
Assistant United States Attorney
THOMAS S. DOUGHERTY
Trial Attorney, U.S. Department of Justice
800 Market Street, Suite 211
Knoxville, Tennessee 37902
Telephone: (865)545-4167