UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-175 |
| | ) | Judges Phillips/Shirley |
| CLARK ALAN ROBERTS, and | ) | |
| SEAN EDWARD HOWLEY | ) | |
| | ) | |
| Defendants. | ) | |

UNITED STATES' OPPOSITION TO
DEFENDANT ROBERTS' MOTION FOR NOTICE UNDER 12(b)(4)(B)

The United States of America, by and through James R. Dedrick, United States Attorney for the Eastern District of Tennessee, respectfully submits this response in opposition to the Defendant Roberts' Motion for Notice Pursuant to Rule 12(b)(4)(B) of Government's Intention to Use Evidence Arguably Subject to Suppression. [Doc. 38]

Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure requires a defendant to file a motion to suppress evidence prior to trial. Rule 12(e) provides that failure to file a motion to suppress prior to trial constitutes a waiver, unless, for good cause shown, the court grants relief from the waiver. Rule 12(b)(4)(B) provides, "at the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." F. R. Crim. P. 12(b)(4)(B).

Rule 12 does not entitle defendant to an exhibit list, or to a list of all of the items to which defendant is entitled to discover under Rule 16 which the United States intends to offer in its case-in-chief, but only to those items which would be subject to a motion to suppress. Rule 12(b) is a mechanism or matter of procedure which allows defendant to comply with its obligations under Rule 12(b)(3). "Rule 12(d) [former designation for what is currently Rule 12(b)(4)] was not designed to aid the defendant in ascertaining the government's trial strategy, but only in effectively bringing suppression motions before trial, as required by Rule 12(b)(3)." *United States v. Cruz-Paulino*, 61 F.3d 986, 994 (1st Cir. 1995). See also, *United States v. El-Silimy, M.D.*, 228 F.R.D. 52, 57 (D. Maine 2005).

The United States intends to offer into evidence materials obtained during the execution of the search warrant at Wyko's premises. Defendant has already filed a motion to suppress that evidence. Thus, the Defendant's motion is moot.

Respectfully submitted submitted this 5th day of June, 2009,

        JAMES R. DEDRICK
        UNITED STATES ATTORNEY

        *S/ D. Gregory Weddle*
        *S/ Thomas Dougherty*
        _____
        D. Gregory Weddle
        Thomas Dougherty
        Assistant U.S. Attorneys
        800 Market Street, Suite 211
        Knoxville, TN 37902
        865-225-1710

CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2009, a copy of the foregoing UNITED STATES' OPPOSITION TO DEFENDANT ROBERTS' MOTION FOR NOTICE UNDER 12(b)(4)(B) was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

*S/ D. Gregory Weddle*
*S/ Thomas Dougherty*
_____
D. Gregory Weddle
Thomas Dougherty
Assistant U.S. Attorneys
800 Market Street, Suite 211
Knoxville, TN 37902
865-225-1710