UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-175 |
| | ) | Judges Phillips/Shirley |
| CLARK ALAN ROBERTS, and | ) | |
| SEAN EDWARD HOWLEY | ) | |
| | ) | |
| Defendants. | ) | |

UNITED STATES' OPPOSITION TO
DEFENDANT ROBERTS' MOTION TO COMPEL

The United States of America, by and through James R. Dedrick, United States Attorney for the Eastern District of Tennessee, respectfully submits this response in opposition to the Defendant Roberts' Motion to Compel.

Defendant Roberts has filed a Motion for an Order compelling the United States to provide the Defendant with discovery [Doc. 42]. Defendant Howley has purportedly joined in that motion [Doc. 43]. Despite the Court's Order on Discovery and Scheduling [Doc. 11], which provides, "One principal purpose of this discovery order is to avoid the necessity of counsel for the defendant(s) filing routine motions for routine discovery," counsel sent a ten page, single spaced letter requesting either routine discovery or items to which Defendant is not entitled under any rules of discovery. Moreover, the Defendant's Motion does not even specify what materials he wants the Court to order the government to produce. Many of the items the Defendant's counsel seeks are clearly beyond the scope of Rule 16 discovery.

Under the subheading "The Defendant's Statements," counsel, in addition to what is

provided by Rule 16(a)(1)(A) and (B) and this Court's Order on Discovery paragraphs A.1 and B. 1 and 2, demands that the government provide the "the name and whereabouts of any government agent or witness who has had contact with the defendant but who has not been interviewed to determine whether the defendant made statements in his or her presence." Defendant cites no authority for this demand and it is patently absurd. Equally absurd and unsupported is the request for any oral statement made by the Defendant to government or law enforcement authorities "which the government may use for impeachment or other purposes."

Under the subheading of "Prior Criminal Record," counsel demands, in addition to his own criminal record, "the prior criminal records in the possession of the government of all alleged co-conspirators and other named and unnamed [sic] in the indictment." The case cited by the Defendant, a 1971 New York District Court opinion, only required the government to provide the prior criminal record of persons named in the indictment as a defendant or co-conspirator. So, not only is this decision contrary to Sixth Circuit jurisprudence, but also, it does not stand for the broad proposition that counsel suggests.

Under the subheading of "Brady Material," counsel asks the government to "provide any statements by witnesses which fail to support the theory that the defendant intended to commit the crime." This request is unintelligible and is certainly far beyond that required under Brady and progeny. Additionally, counsel demands that the government provide the names and addresses of any witness the government believes would give testimony favorable to the defendant . . . even though the government may not be in possession of a statement of this witness. . . ." This includes, demands the Defendant, "the names and addresses of any witnesses who could exonerate the defendant or corroborate her [sic] presumption of innocence and plea of

not guilty to any portion of the charged offenses." Accordingly, it would appear that the Defendant would have the government somehow speculate what various people might say generally about the Defendant's guilt. Presumably a person who might have a personal opinion, regardless of the basis of that opinion, that the Defendant wouldn't steal trade secrets would somehow corroborate the Defendant's pleas of not guilty. This request is well beyond the scope of Brady and borders on nonsense.

Under the subheading "Seized Evidence," counsel requests production of any evidence seized pursuant to a search (presumably by law enforcement) whether with or without a warrant. In view of the complaint lodged in the Defendant's Motion to Compel that "only a portion of the e-mail server and an image from a single laptop hard drive have been provided in discovery," this request can only be read to include material which the government does not intend to present in its case-in-chief. However, Defendant has not suggested how any other seized evidence is material to the defense, that is, refutes the government's arguments that the Defendant committed the crimes charged.

Under the subheading "Tangible Objects," the Defendant demands production of "any and all items obtained, seized, or subpoenaed in the course of this investigation which the government does not intend to use in its case in chief, as its decision not to use arguably relevant material creates the inference that it is passively or actively helpful to the accused." Again, this request is far beyond the ken of Rule 16. Under this theory, everything in the government's possession would be discoverable. Counsel for the Defendant knows better.

Under the subheading "Evidence of Bias or Motive to Lie," Defendant demands any evidence that any prospective government witness is biased or prejudiced against the Defendant

or has a motive to falsify or distort his or her testimony." The United States understands its obligations under Brady and Giglio.

Under the subheading "Impeachment Evidence," the Defendant demands "any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant." In a similar vein, under the subheading "Evidence of Criminal Investigation of Any Government Witness," Defendant requests "any evidence that any prospective witness is or has been under investigation by federal, state, or local authorities for any criminal conduct."

Under the subheading "Statements Relevant to the Defense," Defendant requests the disclosure of "any statement that may be 'relevant to any possible defense or contention' that he might assert." To comply with this, the Defendant will either have to reveal what his defense and/or contentions are, or the government will have to engage in a mind-reading exercise.

Under the subheading "Government witnesses," Defendant asks for "the name, address and phone number of any person whom the government intends or will potentially call as a witness in any trial or hearing in this case." Counsel is well aware that they are not entitled to a witness list. The Defendant also seeks an exhibit list, at least as to documents (see subheading "Business records") as well as the evidentiary basis for the admissibility of those documents. Again, counsel knows that they are not entitled to this and to demand it and then file a Motion seeking to Compel it is patently abusive.

The Court has issued its standard Discovery Order which addresses the discovery to which the Defendant is entitled. Yet, Defendant here seeks, through the use of a form discovery letter, followed up by a Motion to Compel, materials that the Defendant is clearly not entitled to

4

under Rule 16.

The Motion to Compel should be denied.

Respectfully submitted this 5th day of June, 2009.

JAMES R. DEDRICK
United States Attorney

*S/ D. Gregory Weddle*
*S/ Thomas Dougherty*
_____
D. Gregory Weddle
Thomas Dougherty
Assistant U.S. Attorneys
800 Market Street, Suite 211
Knoxville, TN 37902
865-225-1710

CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2009, a copy of the foregoing UNITED STATES' OPPOSITION TO DEFENDANT ROBERTS' MOTION TO COMPEL was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

*S/ D. Gregory Weddle*
*S/ Thomas Dougherty*
_____
D. Gregory Weddle
Thomas Dougherty
Assistant U.S. Attorneys
800 Market Street, Suite 211
Knoxville, TN 37902
865-225-1710