UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-175 |
| | ) | Judges Phillips/Shirley |
| CLARK ALAN ROBERTS, and | ) | |
| SEAN EDWARD HOWLEY | ) | |
| | ) | |
| Defendants. | ) | |

UNITED STATES' OPPOSITION TO
DEFENDANT HOWLEY'S MOTION TO SUPPRESS

The United States of America, by and through James R. Dedrick, United States Attorney for the Eastern District of Tennessee, respectfully submits this response in opposition to the Defendant Howley's Motion to Suppress Search Pursuant to Search Warrant. The motion should be denied on the grounds that the Defendant does not have standing to challenge the warrant and the warrant establishes probable cause to search the computers and seize the contents thereof.

Defendant Howley lacks standing to challenge the warrant executed at Wyko's business premises authorizing the seizure of Wyko's business records. He has not established an expectation of privacy in Wyko's business records. Without such an expectation of privacy he has no standing. Defendant's citation of *United States v. Mohney*, 949 F.2d 1347 (6th Cir. 1991) to support his claim of standing is clearly misplaced. In *Mohney,* the Court found that the individual defendant did not have standing to challenge the search warrant executed at a corporation's premises. The "rights assured by the Fourth Amendment are personal rights, [which] ... may be enforced by exclusion of evidence only at the instance of one whose own protection was infringed by the search and seizure." *Simmons v. United States*, 390 U.S. 377,

389, 88 S.Ct. 967, 974, 19 L.Ed.2d 1247 (1968), *quoted in Rakas v. Illinois*, 439 U.S. 128, 138, 99 S.Ct. 421, 427, 58 L.Ed.2d 387 (1978). While the Mohney court did recognize that "in some circumstances, an officer of a corporation may be a 'person aggrieved' by a corporate search and seizure and thus have standing to challenge the search," 949 F2d at 1403, it, nevertheless held, [w]here the documents seized were normal corporate records not personally prepared by the defendant and not taken from his personal office, desk, or files, in a search that was not directed at him personally, the defendant cannot challenge a search as he would not have a reasonable expectation of privacy in such materials. *Id.*, *citing United States v. Britt*, 508 F.2d 1052, 1055 (5th Cir.), *cert. denied*, 423 U.S. 825, 96 S.Ct. 40, 46 L.Ed.2d 42 (1975). As the Second Circuit so succinctly held, "When a man chooses to avail himself of the privilege of doing business as a corporation, even though he is its sole shareholder, he may not vicariously take on the privilege of the corporation under the Fourth Amendment; documents which he could have protected from seizure, if they had been his own, may be used against him, no matter how they were obtained from the corporation." *Lagow v. United States*, 159 F.2d 245, 246 (2d Cir. 1946). Defendant Roberts does not have standing to challenge the seizure of Wyko's records.

Even if Defendant Howley did have standing to challenge the search, his grounds for suppression, namely, 1) that he affiant was not trained in trade secrets and 2) that the affiant did not notify the magistrate of an informant's bias and reason to be "less than honest," are meritless. He does not even allege that anything in the affidavit is false or that probable cause is lacking. In order to be entitled to a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), the Defendant "must make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Franks*, 438 U.S. at 155-56. See also *United States v. Zimmer*, 14 F.3d 286 (6th Cir.

1994)(defendant has burden of proving deliberate falsehood or reckless disregard for the truth); *United States v. Giacalone*, 853 F.2d 470 (6th Cir. 1988)(*Franks* hearing not required absent "substantial preliminary showing" that false statements originated with the government affiant or that the informants' statements were repeated with reckless indifference to the truth). Moreover, as noted by the Sixth Circuit in *United States v. Bonds*, 12 F.3d 540, 569 (1993), omissions, without more, do not show reckless disregard for the truth or an intent to deceive on the part of the affiant. Defendant has failed to carry his burden under *Franks*.

Even if Defendant Howley had standing and could show some Constitutional infirmity in the warrant, suppression is not appropriate. In *Herring v. United States*, 129 S. Ct. 695 (2009), the Supreme Court reiterated the limited applicability of the exclusionary rule, emphasized that the rule's purpose is to deter future Fourth Amendment violations, and held that, before applying the exclusionary rule, courts must weigh its substantial social costs against the culpability of the law enforcement agents. *Id*. at 700-01, 703. In that case, officers stopped and searched Herring because a computerized law enforcement database indicated there was an active warrant for his arrest. *Id*. at 698. In fact, the warrant had been recalled five months earlier, but the database had never been updated by police to reflect that information. *Id*. The Court thus held that, even though the mistake was made by the police, the drugs and firearm seized from Herring during the search incident to arrest should not be suppressed. *Id*. ("suppression is not an automatic consequence of a Fourth Amendment violation").

"To trigger the exclusionary rule," the Court explained, "police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." *Id*. at 702. Thus, under *Herring*, a district court must first objectively assess whether the police conduct was so "deliberate,

reckless, or grossly negligent" that exclusion would meaningfully deter such conduct in the future. *Id*. at 702. Second, the district court must weigh that conduct against the exclusionary rule's "costly toll upon truth-seeking and law enforcement objectives," including its "principal cost of . . . letting guilty and possibly dangerous defendants go free." *Id*. at 701.

The *Herring* Court signaled that the types of police action for which suppression is appropriate are those which originally gave rise to the exclusionary rule, *i.e.*, "intentional misconduct that was patently unconstitutional . . . [or] a flagrant or deliberate violation of rights." *Id*. at 702. The Court cited three examples of such misconduct: (a) breaking into a private residence and confiscating incriminating papers without a search warrant and without any sworn and particularized information that would have supported the issuance of a warrant, (b) entering a place of business "without a shadow of authority" and seizing everything, and (c) forcing open the door of a private residence, handcuffing the occupant, brandishing a false warrant, and searching the residence. *Id*. (discussing *Weeks v. United States*, 232 U.S. 383 (1914), *Silverthorne Lumber Co. v. United States*, 251 U.S. 386 (1920), and *Mapp v. Ohio*, 367 U.S. 643 (1961), respectively).

As the Supreme Court explained in *Herring,*

> [W]e conclude that when police mistakes are the result of negligence such as that described here, rather than systemic error or reckless disregard of constitutional requirements, any marginal deterrence does not "pay its way." *Id*., at 907-908, n. 6, 104 S.Ct. 3405 (internal quotation marks omitted). In such a case, the criminal should not "go free because the constable has blundered." *People v. Defore,* 242 N.Y. 13, 21, 150 N.E. 585, 587 (1926) (opinion of the Court by Cardozo, J.).

*Herring,* 129 S. Ct. at 704.

Under *Herring*, suppression is inappropriate in the present case.

Finally, Defendant Howley suggests that his statement to law enforcement agents given

on the date of the search was involuntary. Defendant Howley was not under arrest, was interviewed at his place of employment, and in no way was coerced into making a statement. He voluntarily agreed to speak with investigators. In order to support a determination that confession was coerced the evidence must establish that: 1) police action was objectively coercive; 2) the coercion was sufficient to overbear the will of the accused; and 3) the accused's will was in fact overborne as a result of the coercive police activity in question. *McCall v. Dutton,* 863 F.2d 454, 459 (6th Cir. 1988). The Defendant has alleged no facts to support a determination that any statement he gave was coerced.

For all of the above reasons and authorities, Defendant Howley's Motion to Suppress should be denied.

Respectfully submitted this 5th day of June, 2009.

> JAMES R. DEDRICK
> United States Attorney
>
> *S/ D. Gregory Weddle*
> *S/ Thomas Dougherty*
> _____
> D. Gregory Weddle
> Thomas Dougherty
> Assistant U.S. Attorneys
> 800 Market Street, Suite 211
> Knoxville, TN 37902
> 865-225-1710

CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2009, a copy of the foregoing UNITED STATES' OPPOSITION TO HOWLEY'S MOTION TO SUPPRESS was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

*S/ D. Gregory Weddle*
*S/ Thomas Dougherty*
_____
D. Gregory Weddle
Thomas Dougherty
Assistant U.S. Attorneys
800 Market Street, Suite 211
Knoxville, TN 37902
865-225-1710