UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No.3:08-cr-175 |
| | ) | JUDGES PHILLIPS/SHIRLEY |
| CLARK ALAN ROBERTS, and | ) | |
| SEAN EDWARD HOWLEY, | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT MOTION TO CONTINUE TRIAL SETTING AND MODIFY CERTAIN DEADLINES IN THE ORDER ON DISCOVERY AND SCHEDULING**

Come the defendants, by and through counsel, pursuant to 18 U.S.C. § 3161(h)(8) and the Sixth Amendment to the United States Constitution, and hereby move this Honorable Court to enter an Order continuing the trial date and modifying certain deadlines in the Order on Discovery and Scheduling. The defendants respectfully submit that the ends of justice are served by taking such action, particularly in order to ensure the effective assistance of counsel and zealous representation required by the Sixth Amendment to the United States Constitution and Tenn. Sup. Ct. R. 8, Rules of Prof. Conduct, and that the ends of justice outweigh the defendants' and public's interests in a speedy trial.

In further support of this motion, defendants state the following:

(1) A Superseding Indictment was filed on March 3, 2009. (Doc. 6). The Superseding Indictment alleges various violations of 18 U.S.C. § 1832(a)(5) (conspiracy to commit theft, unauthorized photographing and transmitting, and receiving and possessing of trade secrets), 18 U.S.C. § 1832(a)(1)&(a)(4) (theft and attempted theft of

trade secrets), 18 U.S.C. § 1832(a)(2)&(a)(4) (photographing and attempting to photograph trade secrets), 18 U.S.C. § 1832(a)(2)&(a)(4) (transmittal and attempted transmittal of trade secrets), 18 U.S.C. § 1832(a)(3)&(a)(4) (possession and attempted possession of trade secrets), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1349 (conspiracy to commit wire fraud), and 18 U.S.C. § 2.

(2) On March 6, 2009, this Court entered an Order on Discovery and Scheduling (Doc. 11), which set various deadlines in this case. Under the Order, discovery was due to be produced by the government by March 16, 2009, pretrial motions were to be filed by the defendants by April 6, 2009, and trial was scheduled to begin on April 29, 2009. Id.

(3) On March 23, 2009, the defendants jointly filed a Motion to Continue (Doc. 15) on the basis that the government had not, as of that date, produced any discovery to the defendants because it maintained that items to be produced in discovery were trade secrets, thereby requiring a protective order. The parties finally agreed on the language in a protective order that was approved by the Court on April 3, 2009 (Doc. 17). On April 3, 2009, the Court also entered an order continuing the trial to July 21, 2009, and set a deadline for the government to produce discovery by April 10, 2009 (Doc. 18).

(4) On April 10, 2009, counsel for the defendants were allowed to review certain items of physical evidence in the Office of the United States Attorney. The items reviewed consisted of some, yet not all, of the items that had been seized pursuant to the execution of a search warrant by federal agents at Wyco Tire Technology in Greenback, Tennessee, in 2007. At the conclusion of the review, counsel for defendants met with government's counsel. The government produced approximately 800 pages of printed e-

mails, a CD-Rom containing approximately 3,800 separate image files in JPG picture format, another CD-Rom with two unopenable data files that purported to contain e-mails received from Yahoo via subpoena for a person named Tom Brown, and a computer harddrive that contained several Microsoft Exchange Server PST files for individual employees of Wyco Tire Technology and an unopenable forensic image of a Lenovo laptop harddrive. The CD-Rom containing the approximately 3,800 image files consisted of electronic copies of some of the physical materials seized from Wyco Tire Technology that were viewed by defense counsel at the Office of the United States Attorney. At the conclusion of the meeting on April 10, 2009, defense counsel requested the government to copy and provide additional items in the boxes of documents seized from Wyco Tire Technology that the government indicated were not on the CD-Rom. Government's counsel said that once defense counsel produced to the government a list of the additional items viewed by defense counsel that were not copied, the government would have the additional items scanned or copied and produced to the defense. As a result, counsel for defendant Roberts provided a letter to counsel for the government on April 20, 2009, detailing the specific additional items to be copied. See Discovery Letter of April 20, 2009 (Doc. 42-1).

(5) Each of the electronic items produced to defense counsel on April 10, 2009, by government's counsel were in a format that had to be manipulated and re-saved before it could be viewed by defense counsel, thus hindering counsel's review and analysis of discovery materials and delaying trial preparation. For example, the CD-Rom containing 3,800 images consisted of copies of some of the physical materials seized from Wyco Tire Technology. The images were on the disc in a picture format, as

opposed to PDF, that allowed only for the viewing of a single image at a time. Defense counsel had to purchase software to batch convert the images to PDF format so the documents could be more efficiently reviewed and analyzed. The hard disk produced on April 10, 2009, that contained the PST e-mail files had to be imported into a clean version of Microsoft Outlook and indexed for analysis, revealing that literally thousands of e-mails had to be sifted through and reviewed. The other portion of the same harddrive that contained the laptop image file was in an unopenable format, and defense counsel had to engage a forensic computer company to reproduce the image in a bootable format that would allow review of its contents. Once the reformat had been completed, it was ascertained that the harddrive image produced was of a laptop harddrive from a person named Tom Brown, a former Goodyear engineer who consults with various tire equipment companies, to include Wyco Tire Technology. The CD-Rom containing the files with Yahoo e-mails was also unopenable, and a forensic computer company had to be engaged by the defense to reformat the files into openable e-mails, revealing that thousands of e-mails were produced in that fashion as well.

(6)     The above items have only recently been able to be put into a format to where they can now be reviewed, indexed, and analyzed by defense counsel. While defense counsel have been diligently indexing and reviewing the discovery materials since their production, only a portion of the above items produced on April 10, 2009, have been able to be reviewed and indexed, despite multiple members of defense counsel's staff assisting in the review.

(7) Moreover, to date, the additional items requested to be copied and produced, and which the government agreed to produce during discussions with defense counsel on April 10, 2009, have still not been produced. See para. 4, supra.

(8) Additionally, defendant Roberts has a pending Motion to Compel Discovery (Doc. 42). In that motion, defendant Roberts articulates that there is still an extensive amount of discovery materials that have not been produced, including, but not limited to, the server drives imaged by federal law enforcement when it conducted the search of Wyco Tire Technology in 2007, the laptop harddrives imaged by federal law enforcement during the same search (to include the laptop harddrives of defendants Howley and Roberts), and photographs and other materials of the government's viewing in Sussex, England, of the machine manufactured by Wyco Tire Technology that forms the basis for the theft of trade secrets allegations in the Superseding Indictment.

(9) The government did finally agree to produce to the defendants the actual items it maintains are trade secrets, and defense counsel received copies of those materials yesterday. The items consist of photographs, documents, and industrial drawings.

(10) For all of these reasons, it is impossible for defense counsel to review the and analyze the discovery materials produced, as well as obtain and analyze the additional discovery materials the government has agreed to produce but has not yet provided, and prepare a defense within the timeframe between now and the trial setting of this case. When the additional discovery items that government has not produced, and has not agreed to produce, are also taken into consideration, the problem is exacerbated, particularly since the seized laptop harddrive images and server harddrive images from

Wyco Tire Technology, containing the drives as they existed at the time of the search in 2007, undoubtedly represent a volume of material. Accordingly, the defendants jointly move for a continuance of the currently scheduled trial date.

(11) Additionally, it is respectfully submitted that certain deadlines will need to be modified given the unique nature of this case. The Order on Discovery and Scheduling provides that the government must produce its opinion witness disclosures three weeks before trial. <u>See</u> Order on Discovery and Scheduling (Doc. 11) at para. L. Whether or not the materials defense counsel received yesterday actually are trade secrets will undoubtedly be the topic of opinion testimony. If the defendants do not receive the government's opinion testimony disclosures until three weeks before trial, and given the current restrictions in the Protective Order (Doc. 17) on the defendants in obtaining the assistance of experts in this field, it will be impossible for the defense to analyze the disclosures and prepare to meet the particulars of the government's opinion testimony prior to trial, thus necessitating another continuance motion. Notably, Fed. R. Crim. P. 16(a)(1)(G) provides that expert disclosures are to be provided "[a]t the defendant's request", and the rule does not provide the government with additional time to produce such disclosures beyond the deadline for the production of other Rule 16 materials. Furthermore, because the receipt of additional discovery by the defense, to include, for example, the items the government is maintaining are the actual trade secrets, as well as the fact that the defense has not, for the above reasons, been able to completely review the items earlier produced, the defendants request the ability to file any additional motions necessary once all discovery materials have been produced and reviewed.

(12) This motion is not submitted for the purpose of procrastination or unreasonable delay in this matter or some other improper purpose, but rather is made so that counsel may provide the defendants with the effective assistance of counsel to which they are entitled, that the defendants receive zealous representation, and that the defendants, through counsel, are able to adequately review discovery, research potential issues to be raised via motion, and investigate and develop evidence necessary to present a defense to the charged offenses. See 18 U.S.C. § 3161(h)(8)(B)(iv); Tenn. Sup. Ct. R. 8, Rules of Prof. Conduct; U.S. Const. Amend. VI.

Respectfully submitted this 10th day of June, 2009.

s/ W. Thomas Dillard
**W. THOMAS DILLARD**
**[BPR # 002020]**

s/ Stephen Ross Johnson
**STEPHEN ROSS JOHNSON**
**[BPR# 022140]**

**RITCHIE, DILLARD, & DAVIES, P.C.**
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN 37901-1126
(865) 637-0661
*Counsel for Clark Alan Roberts*

s/ Douglas A. Trant
**DOUGLAS A. TRANT**
**[BPR# 006871]**
900 S. Gay St., Suite 1502
Knoxville, TN 37902
(865) 525-7980
*Counsel for Sean Edward Howley*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on June 10, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

<u>s/ Stephen Ross Johnson</u>