UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No.3:08-cr-175 |
| | ) | JUDGES PHILLIPS/SHIRLEY |
| CLARK ALAN ROBERTS, and | ) | |
| SEAN EDWARD HOWLEY, | ) | |
| Defendants. | ) | |

**REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR A HEARING TO DETERMINE THE EXISTENCE OF A CONSPIRACY**

The defendant, Clark Alan Roberts, by and through counsel, and pursuant to the Fifth and Sixth Amendment to the federal constitution, Bourjaily v. United States, 483 U.S. 171, 180 (1987); United States v. James, 590 F.2d 575 (5th Cir. 1979); and United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979), herein replies to the government's Response (Doc. 51) to his motion for a hearing to determine the existence of a conspiracy. (Doc. 32, 33).

The government asserts that while conducting a hearing to determine the existence of a conspiracy for the purpose of admitting co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E) is indeed within the court's discretion pursuant to United States v. Vinson, 606 F.2d 149, 152 (6th Cir. 1979), the procedure is unnecessary, burdensome, and allows the defendant to circumvent pre-trial discovery rules. (Doc. 51). The government's arguments are flawed in several respects.

First, the government argues that the practice of conditionally admitting co-conspirator statements subject to later demonstration of their admissibility, arguably less burdensome than the pre-trial hearing method, "historically has not produced adverse effects or unnecessary

1

mistrials in this district." (Doc. 51 at 2). The government can offer no proof or authority in support of this statement, however, and it is in fact contrary to the findings of our sister circuits. See, e.g., United States v. Roe, 670 F.2d 956, 962 n.2 (11th Cir. 1982) (stating that the district court should not lightly forego the advantages of a James hearing, as the hearing reduces the chances of a mistrial and the risk that the jury will hear inadmissible testimony); United States v. Urena, 27 F.3d 1487, 1490 (10th Cir. 1994) (stating that the pre-trial hearing method of determining the existence of a conspiracy is "strongly preferred" within the Tenth Circuit); United States v. Barker, 623 F.Supp. 823, 832 n.9 (D.C. Colo. 1985) (noting agreement among the circuits that a pretrial hearing is preferable and noting that such a position is also supported by Fed. R. Evid. 104(c)).

Furthermore, the government wholly fails to offer any response to the defendant's argument that the pre-trial hearing on the existence of a conspiracy should be viewed as more critical in light of Crawford v. Washington, 541 U.S. 36, 50 (2004). (Doc. 33 at 4). Under the authority of Crawford, if co-conspirator statements are allowed to come into evidence before the jury preliminarily, and the prosecution is unable to tie such statements back to a proven conspiracy, then not only is 801(d)(2)(E) violated, but also the defendant's right to confrontation under the Sixth Amendment is implicated, making it unlikely that any prejudice can be cured by a "cautionary jury instruction." United States v. Vinson, 606 F.2d 149, 153 (6th Cir. 1979).

Finally, the government contends that a pretrial hearing to determine the existence of a conspiracy allows the defendant to circumvent pretrial discovery rules and is contrary to the legislative intent of Rule 16 and the Jencks Act, citing to United States v. Presser, 844 F.2d 1275 (1988). (Doc 51 at 2). Presser, however, in no way speaks to the instant issue regarding a pre-trial hearing to determine the existence of a conspiracy, but rather merely held that the district

court abused its discretion in ordering the government to disclose impeachment material exempted from pre-trial discovery under the Jencks Act, where the material was not subject to disclosure either under Brady v. Maryland, 373 U.S. 83 (1963) or Rule 16 of the Federal Rules of Criminal Procedure. Presser, 844 F.2d at 1276. In Presser, the trial judge's order for disclosure was outside the scope of his discretionary authority, while in the present case the authority of the district court to hold a pre-trial hearing on the existence of a conspiracy is well-establish by the Sixth Circuit. United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979).

For the above reasons, the defendant requests a pre-trial hearing to determine whether or not the government may satisfy its burden of proof on the existence of the charged conspiracies before any alleged co-conspirator statements may be admitted in the government's case-in-chief at trial. (Doc. 32, 33).

s/ W. Thomas Dillard
**W. THOMAS DILLARD**
**[BPR # 002020]**

s/ Stephen Ross Johnson
**STEPHEN ROSS JOHNSON**
**[BPR# 022140]**

**RITCHIE, DILLARD, & DAVIES, P.C.**
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN 37901-1126
(865) 637-0661
www.rddlawfirm.com
*Counsel for Clark Alan Roberts*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.
s/ Stephen Ross Johnson