UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.3:08-cr-175 |
| ) | JUDGES PHILLIPS/SHIRLEY |
| CLARK ALAN ROBERTS, and ) | |
| SEAN EDWARD HOWLEY, ) | |
| ) | |
| Defendants. ) | |

## REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR BILL OF PARTICULARS

The defendant, Clark Alan Roberts, by and through counsel, and pursuant to Fed. R. Crim. Proc. 7(f), the Indictment, Due Process, and Double Jeopardy clauses of the Fifth Amendment, the Notice Clause of the Sixth Amendment, Hamling v. United States, 418 U.S. 87, 117 (1974), and their progeny, herein replies to the government's Response (Doc. 45) to his Motion for a Bill of Particulars (Docs. 34, 35).

The government argues that a Bill of Particulars is unnecessary in this case because through both the Superceding Indictment alone and in conjunction with discovery provided, the defendants have been adequately apprised of the charges against them, are able to prepare a defense, prevent surprise at trial, and avoid double jeopardy. (Doc. 45 at 2). These arguments fail, as the indictment does not contain sufficient particularization[1], and the weight of authority indicates that the courts should liberally grant requests for Bills of Particulars under Federal Rule of Criminal Procedure 7(f).

---

[1] The defendant has moved the court to dismiss the Superceding Indictment due to its constitutional insufficiencies (Doc. 27-30) and requests a Bill of Particulars in the event the court finds that the Superceding Indictment meets minimum constitutional requirements.

1

First, the government argues that defendants have received "ample discovery" which provides the information now sought through a bill of particulars. (Doc. 45 at 2, 4). The government's reliance on discovery is misplaced. It is clear that no amount of discovery can alone cure insufficient particularization in the indictment. See United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988) (stating that neither Jencks Act material nor voluminous discovery provided by the government excused the denial of a bill of particulars since "such material may not be automatically relied on by the Government as an adequate substitute for a straightforward identification in a bill of particulars"); United States v. Spur Knitting Mills, Inc., 187 F.Supp. 653, 654 (D.C.N.Y. 1960). ("The fact that a defendant may have some, or even all of the information requested, does not necessarily defeat his right to a bill of particulars. The issue on a motion for a bill of particulars is what the Government intends to prove upon the trial in support of its charge. The defendant is entitled to this information in order properly to prepare to meet the charges and to avoid surprise upon the trial.").

The government cites to United States v. Long, 706 F.2d 1044, 1053 (9th Cir. 1983), for the proposition that the amount of the discovery provided to the defendant is relevant to the bill of particulars analysis. (Doc. 54 at 2-3). In Long, however, note that the defendant admitted to the court that he had received full discovery and was fully satisfied that sufficient information had been supplied in advance of trial. 706 F.2d at 1053. In the instant case, by contrast, not only does the indictment lack sufficient particularization, but significant discovery issues are present concerning crucial pieces of information that have not yet been provided to the defense. See Motion to Compel Discovery (Doc. 42).

Next the government asserts that the defendant is merely using the request for a bill of particulars to engage in a fishing expedition to discover evidence, and that the government's case

is clearly spelled out in the Superceding Indictment (Doc. 45 at 3-4). Contrary to the government's argument, the Superceding Indictment fails to offer adequate information as to either the theft of trade secret or wire fraud counts. As to Counts One through Seven, the Superseding Indictment only alleges theft and conspiracy to commit theft of a trade secret *contained* in the roll over-ply down device owned by Goodyear. Nowhere does the indictment utilize the statutory definition of a trade secret and allege facts to support the statutory elements within 18 U.S.C. § 1839(3)(A)-(B), which are also essential elements of the offenses. As to Counts Eight through Eleven, where Mr. Roberts is charged with three substantive wire fraud allegations and a wire fraud conspiracy, other than just stating that the alleged representations were "false" and "material," no facts are alleged to establish the essential element of materiality as well as any facts to support that the representations had the purpose of inducing Goodyear to part with the property or undertake some action that would not otherwise be done absent the misrepresentation or omission.

Moreover, the fact that a bill of particulars may require the government to reveal some of its evidence or theories is not a basis on which to deny the request. See United States v. Smith, 16 F.R.D. 372 (W.D.Mo. 1954) (when necessary, a bill of particular is granted "even though it requires the furnishing of information which in other circumstances would not be required because it is evidentiary in nature.") (opinion of Justice Whittaker cited with approval in Advisory Committee Note to Rule 7(f)); Will v. United States, 389 U.S. 90, 98-99 (1967) ("[I]t is not uncommon for the Government to be required to disclose the names of potential witnesses in a bill of particulars"); United States v. Levine, 546 F.2d 658, 666 (5th Cir. 1977) (bill of particulars expected to inform defendant "as to what proof" he must meet at trial); United States v. Brighton Bldg. & Maintenance Co., 435 F.Supp. 222, 236 (N.D.Ill. 1977) (partial list of

witnesses ordered produced); United States v. Feola, 651 F.Supp. 1068 (S.D.N.Y. 1987) (list of witnesses to overt and substantive acts ordered produced).

In this case, Mr. Roberts seeks basic information as to the charges. The courts have emphasized that bills of particulars should be freely granted under these circumstances. See e.g., United States v. Addonizio, 451 F.2d 49 (3d. Cir. 1971) ("The 1966 amendment to Rule 7(f), Fed. R. Crim. P., eliminating the requirement that cause be shown before a bill of particulars may be ordered, is 'designed to encourage a more liberal attitude by the courts towards bills of particulars') (citing Notes of Advisory Committee on Rules, 18 U.S.C. Rule 7(f)); King v. United States, 402 F.2d 289, 292 (10th Cir. 1968) ("The liberalization [of Rule 7(f)] was undoubtedly in recognition of the trend toward fuller disclosure of the Government's case to better serve the ends of criminal justice.").

For the above reasons and those articulated in his original motion and supporting memorandum, the defendant moves the Court for the entry of an Order compelling the government to file a Bill of Particulars. (Docs. 34, 35).

Respectfully submitted this 11th day of June, 2009.

    s/ W. Thomas Dillard
    **W. THOMAS DILLARD**
    **[BPR # 002020]**

    s/ Stephen Ross Johnson
    **STEPHEN ROSS JOHNSON**
    **[BPR# 022140]**

    **RITCHIE, DILLARD, & DAVIES, P.C.**
    606 W. Main Street, Suite 300
    P. O. Box 1126
    Knoxville, TN 37901-1126
    (865) 637-0661
    www.rddlawfirm.com
    *Counsel for Clark Alan Roberts*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 11, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                            s/ Stephen Ross Johnson