# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA    )
                                       )
      Plaintiff,           )
                                       )
v.                             )     Case No.3:08-cr-175
                                     )     JUDGES PHILLIPS/SHIRLEY
CLARK ALAN ROBERTS, and    )
SEAN EDWARD HOWLEY,     )
                                       )
      Defendants.       )

## REPLY TO GOVERNMENT'S RESPONSE TO THE MOTION TO DISMISS THE SUPERCEDING INDICTMENT ON THE BASIS FOR FAILURE TO STATE AN OFFENSE AND DEFENDANTS' MOTION TO DISMISS INDICTMENT ON THE BASIS OF UNCONSTITUTIONAL VAGUENESS

The defendant, Clark Alan Roberts, by and through counsel, and pursuant to Fed. R. Crim P. 7(c) and 12(b)(2) & (3)(A)-(B), the Indictment, Due Process, and Double Jeopardy clauses of the Fifth Amendment, the Notice Clause of the Sixth Amendment, Hamling v. United States, 418 U.S. 87, 117 (1974), United States v. Harriss, 347 U.S. 612, 613 (1954), herein replies to the government's omnibus response (Doc. 54) to the motion to dismiss the superceding indictment on the basis for failure to state an offense and constitutional and procedural insufficiencies (Doc. 27, 28) and the motion to dismiss the superceding indictment on the basis of unconstitutional vagueness. (Doc. 29, 30).

The Government argues that the Superceding Indictment in this case is not unconstitutionally vague, provides sufficient notice of the charges, and tracks the statutory language requirements. Each of these arguments is unpersuasive and the Superceding Indictment should be dismissed.

First, the government contends that that the trade secret statute is not unconstitutionally vague as applied in this case, citing to cases previously rejecting as applied vagueness

1

challenges. (Doc. 54 at 2-3). The government fails to address key distinction between those cases and the present, as discussed in the defendant's original motion. (Doc. 30 at 6-10). Nowhere in the instant indictment does it allege that Mr. Roberts *knew* that a trade secret was "contained" in the roll over-ply down device owned by Goodyear, much less is it alleged that he had specific *knowledge* of the trade secret status of the unnamed materials "contained" in the device. In the cases rejecting vagueness challenges, by contrast, specific knowledge of the trade secret was alleged and proven. See e.g., United States v. Krumrie, 258 F.3d 535, 537-539 (6th Cir. 2001) ("because the defendant *knew* that the information was proprietary and *knew* that his actions were illegal, the statute was constitutional as applied to him.") (emphasis added); United States v. Genovese, 409 F.Supp.2d. 253, 257-58 (S.D.N.Y. 2005) ("Having acknowledged both that the source code was proprietary to Microsoft and that someone else penetrated whatever safeguards Microsoft enlisted to protect it, Genovese cannot now argue that the statute was insufficient to put him on notice that the source code constituted a trade secret under the EEA.").

The government next argues that there is no authority for the position that the indictment must allege that the defendant knew that his conduct was illegal. (Doc. 54 at 4). While the government can point to one unpublished district court opinion rejecting this claim, United States v. Nosal, 2009 WL 981336, *3 (N.D. Cal., April 18, 2009), under the Supreme Court's more recent decision in Flores-Figueroa v. United States, 129 S.Ct. 1886 (2009), the mens rea element in a criminal statute applies to and modifies the elements following the mens rea element, thereby requiring, in this case, an allegation of specific knowledge of the trade secret status of the materials at issue. In Flores-Figueroa, the court held that for the purposes of aggravated identity theft under 18 U.S.C. § 1028A(a)(1), the "knowingly" element in the statute required the government to allege and prove that defendant not only knowingly transferred, possessed, or

2

used a means of identification, but that defendant had knowledge of unlawfulness as well as knowledge that the identification actually belonged to another person, which were later elements in the statute. 129 S.Ct. 1894.

The government next contends that the Superceding Indictment adequately alleges the mens rea requirements of the Economic Espionage Act with regards to Counts 1 through 7. (Doc. 54 at 9-15). The government, however, wholly fails to respond to the authority of Flores-Figueroa, 129 S.Ct. 1886 (2009), cited in the defendants' motion. (Doc. 28 at 9). Flores-Figueroa teaches that omission of the essential mens rea and other elements set forth in the beginning clause of the statute, as well as supporting facts, renders counts in an indictment wholly insufficient. 129 S.Ct. at 1894. Here, in Count One, nowhere does the Superseding Indictment allege that Mr. Roberts had the specific intent to convert a trade secret to the economic benefit of someone other than its owner while intending or knowing that the offense will injure the owner of the trade secret while conspiring to violate subsections (a)(1)-(3) of the statute. In Counts Two through Seven, nowhere it is alleged that Mr. Roberts stole an item that met the statutory definition of a trade secret. Such a fact is an essential element of the offense and must be alleged.

The government further attempts to argue that the instant allegations show greater degree of knowledge on the part of the defendants than was held sufficient in United States v. Genovese, 409 F.Supp.2d 253, 257 (S.D.N.Y. 2005), where the defendant downloaded a stolen computer source code from the internet. This distinction is clearly unpersuasive, as in the instant case, nowhere is it alleged that Mr. Roberts had knowledge that Goodyear's roll over-ply down device derived independent economic value from not being generally known to, and not being readily ascertainable through proper means by, the general public. In Genovese, by contrast, the defendant described the stolen Miscrosoft code as "jacked," offered the code for sale and

successfully sold it, and was thus aware of the code's independent economic value. 409 F.Supp.2d at 257.

Next, the government argues that the Superceding Indictment gives Mr. Roberts adequate notice of the charges because each count adequately states the elements of the offenses. With respect to Count 1, the government cites to Wong Tai v. United States, 273 U.S. 77, 81 (1927), and contends that for allegations of conspiracy, it is not necessary to allege the elements essential to the commission of the object offense. Continued reliance on this authority is questionable in light of Flores-Figueroa. The conspiracy charged in Count 1 is modified by the mens rea elements present in the introductory clause of § 1832(a). Thus, under Flores-Figueroa, omission of the essential *mens rea* and other elements set forth in the beginning clause of the statute, as well as supporting facts, renders Count One's conspiracy allegation wholly insufficient, particularly in a statute that has its own conspiracy provision that is a subpart of the earlier stated mens rea element, as is the situation here. 129 S.Ct. at 1894.

With respect to Counts Two through Seven, the government suggests that it is not necessary to allege the statutory definition of trade secret or to allege the specific trade secrets at issue in the case. (Doc. 54 at 12-15). Arguing again that knowledge of illegality is not required, the government fails to analyze or discuss the underlying issue articulated in Russell v. United States, 369 U.S. 749, 769-770 (1962), that by failing to allege the statutory definition of trade secret or what the trade secrets actually are, the defendant can only guess what, if anything, the grand jury determined with regard to those essential elements, and it further fails to provide constitutional notice to the defendant. Because the Superceding Indictment only alleges theft "of a trade secret *contained* in the roll over-ply down device owned by Goodyear," the indictment

lacks the requisite amount of specificity that is constitutionally required under the Fifth and Sixth Amendments.

Finally, the government contends that the material misrepresentations are sufficiently alleged in Counts Eight through Eleven. (Doc. 54 at 16-17). The government defends the indictment's failure to allege any facts establishing the essential element of materiality by arguing that this is a jury question. Although United States v. Gaudin, 515 U.S. 506, 523 (1995), indeed held that the question of materiality is an issue for the jury rather than an issue of law for the court, the government confuses the issue. The issue is one of sufficient facts being alleged to support essential elements of the indictment, which in turn must be proved to and found by the jury beyond a reasonable doubt, as opposed to who makes the determination of the sufficiency of the proof on the allegations. Accordingly, the government's reliance on Gaudin and its progeny is misplaced, as the indictment in this case in no way makes a facially sufficient allegation of materiality that provides Mr. Roberts with constitutionally sufficient notice. Other than just stating that the alleged representations were "false" and "material" (mere legal conclusions), no facts are alleged to support that the representations had the purpose of inducing Goodyear to part with the property or undertake some action that would not otherwise be done absent the misrepresentation or omission, as required under United States v. Daniel, 329 F.3d 480, 487 (6th Cir. 2003).

For the above reasons, as well as those stated in his original motions (Docs. 27-30), the defendant moves the Court for the entry of an Order dismissing the superceding indictment in this matter.

s/ W. Thomas Dillard
**W. THOMAS DILLARD**
**[BPR # 002020]**

s/ Stephen Ross Johnson
**STEPHEN ROSS JOHNSON**
**[BPR# 022140]**

**RITCHIE, DILLARD, & DAVIES, P.C.**
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN 37901-1126
(865) 637-0661
www.rddlawfirm.com
*Counsel for Clark Alan Roberts*

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/ Stephen Ross Johnson