UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.3:08-cr-175 |
| ) | JUDGES PHILLIPS/SHIRLEY |
| CLARK ALAN ROBERTS, and ) | |
| SEAN EDWARD HOWLEY, ) | |
| ) | |
| Defendants. ) | |

## REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR DEPOSITIONS PURSUANT TO FED. R. CRIM. P. 15

The defendant, Clark Alan Roberts, through counsel and pursuant to U.S. Const. amend. V and VI and Fed. R. Crim. P. 15, herein replies to the government's Response (Doc. 47) to his motion for depositions (Doc. 41).

In its response, the government maintains that the defendant's motion should be denied because specific witnesses have not been identified and no exceptional circumstances have been articulated. See Response (Doc. 47).

The government fails to respond to the defendant's request in the motion to modify the deadlines in the Order on Discovery and Scheduling tied to the trial date, such as the government's disclosure of expert reports, and for the production of necessary discovery materials, so that counsel for the defendant can make the necessary determinations about which overseas witnesses in the United Kingdom, Europe and China will need to be deposed for presentation of testimony at trial, and therefore the government apparently concedes that point.

As to the exceptional circumstances requirement, the government cites to a decision in which a deposition was found to be appropriate for an elderly and infirm witness within the

1

Court's jurisdiction, United States v. Campbell, 845 F.2d 1374, 1378 (6th Cir. 1988) (granting motion for deposition), yet fails to mention the basis for Mr. Roberts' motion is that many prospective witnesses, given the nature of the allegations in the Superseding Indictment, are overseas. Furthermore, in the only other case cited by the government in its response, United States v. Dillman, 15 F.3d 384, 388-389 (5th Cir. 1994), the circuit court found it erroneous for the district court to deny the deposition of a prospective defense witness in London, England, U.K., but found the error harmless given the trial testimony in that particular case.

A material witness who resides overseas can meet the exceptional circumstances requirement of Fed. R. Crim. P. 15. See Kinsella v. Krueger, 351 U.S. 470, 479, n. 12 (1956) (discussing problems with attempting to compel foreign witnesses to travel to United States for criminal trial testimony; "Attendance of foreign witnesses could be only on a voluntary basis and the testimony of no foreign witness could be compelled if the witness or his government refused. The expense of transporting witnesses would be considerable for the Government and probably impossible for a defendant, whose successful defense may depend on the demeanor of one witness. In fairness, the Government would have to bear the expense of transporting the defendant's witnesses as well as its own, and the possibilities of abuse are obvious."); United States v. Sturman, 951 F.2d 1466, 1480-1481 (6th Cir. 1991) (finding government's Rule 15 depositions of bank officials in Switzerland to be appropriate and admissible in prosecution for tax evasion); United States v. Mueller, 74 F.3d 1152 (11th Cir. 1996) (finding deposition of U.K. bank examiner, who resided in England, admissible in prosecution for tax evasion, tax perjury, and bank fraud); United States v. Des Marteau, 162 F.R.D. 364, 367 (M.D. Fla. 1995) (approving depositions in drug distribution case and finding the eleven witnesses, some of whom were Canadian law enforcement officers present during the defendant's arrest in Canada, that the

defendant sought to depose were residents of a foreign country and beyond the subpoena power of the United States); United States v. Sun Myung Moon, 93 F.R.D. 558 (S.D.N.Y. 1982), cert. denied, 466 U.S. 971 (1984) (finding defense depositions material and appropriate when 120 witnesses sought by defense resided in Japan, witnesses were outside the subpoena power of the federal district court, government's allegations were that ledgers of particular fund fraudulently and falsely accounted for deposits into bank, and foreign witnesses had been contributors into fund).

For the above reasons and for those stated in the defendant's original motion, the defendant moves the Court for the entry of an Order allowing the taking of depositions in accordance with Fed. R. Crim. P. 15. Since there are significant discovery issues outstanding in this case, it is impossible for the defendant to articulate, at this time, the identities of the specific witnesses to be deposed and, in general, the prospective nature of the testimony. The defendant's motion and the instant reply are made at this time in order to preserve the issue, and the defendant requests leave to supplement his motion once additional discovery materials have been obtained and analyzed, and as a result the defense investigation into meeting the government's allegations, to include identifying potential overseas witnesses, can be accomplished.

Respectfully submitted,

s/ W. Thomas Dillard
**W. THOMAS DILLARD**
**[BPR # 002020]**

s/ Stephen Ross Johnson
**STEPHEN ROSS JOHNSON**
**[BPR# 022140]**

**RITCHIE, DILLARD, & DAVIES, P.C.**
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN 37901-1126
(865) 637-0661
www.rddlawfirm.com
*Counsel for Clark Alan Roberts*


**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/ Stephen Ross Johnson

4