UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.3:08-cr-175 |
| ) | JUDGES PHILLIPS/SHIRLEY |
| CLARK ALAN ROBERTS, and ) | |
| SEAN EDWARD HOWLEY, ) | |
| ) | |
| Defendants. ) | |

**REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR NOTICE PURSUANT TO RULE 12(b)(4)(B)**

The defendant, Clark Alan Roberts, through counsel and pursuant to Fed. R. Crim. P. 12(b)(4)(B), herein replies to the government's Response (Doc. 38) to his motion for notice (Doc. 41).

In its response, the government limits the scope of its notice requirement under Rule 12(b)(4)(B), states that the rule does not exist to provide the defendant with an exhibit list or a list of items the defense is entitled to discover under Rule 16, and cursorily maintains that it intends to introduce "into evidence materials obtained during the execution of the search warrant at Wyko's premises." (Doc. 38, pg. 2). The response further states that "Defendant has already filed a motion to suppress that evidence. Thus, the Defendant's motion is moot." Id. None of these arguments prevail.

Initially, the defendant notes that the only notice provided in the government's response is that the government intends to introduce into evidence materials obtained during the execution of the search warrant at Wyko's premises. While some of the materials from that search have been provided in discovery, the bulk of the materials, such as the Wyko file servers and laptops

1

(to include the computers of defendants Howley and Roberts) imaged by the Federal Bureau of Investigation's CART personnel during the search, as well as several documentary items, have not been provided in discovery (and are the subject of a separate motion to compel discovery). Furthermore, the defendant notes that while the search warrant and affidavit have been provided in discovery, the return and inventory have not been provided. Thus, the above statement in the government's response is a tacit admission that it has not complied with its Fed. R. Crim. 16 discovery obligations.

The government incorrectly characterizes the defendant's motion for notice as a request for an exhibit list or a list of all discoverable materials under Rule 16. Nowhere does Mr. Roberts' motion for notice state such a request. Rather, the motion requests notice for certain types of evidence that could arguably be subject to suppression, such as statements that the government will attribute to the defendant (Doc. 38, pg. 2, para. 2(g)).

The government has, to date, provided to the defendant a volume of discovery materials, both documentary and electronic, seized during the search conducted on the premises of Wyko Tire Technology in Greenback, Tennessee, in September 2007. However, an equally large, if not larger given its nature, volume of materials seized has not been provided. In that sense, the government's information to date has been both over-inclusive and under-inclusive. It is under-inclusive with respect to Rule 16(a) production and over-inclusive with respect to Rule 12(b)(4)(B) notice.[1] Undoubtedly the government will not introduce at trial all the materials seized; however, since all the materials were seized pursuant to the search warrant, which authorized only the seizure of items believed to be used in the commission of a violation of the

---

[1] Although, it is noted that the notice provided in the government's response is also arguably under-inclusive if the government has failed to itemize statements it will attribute to the defendant, recordings, or other items of evidence the government intends to introduce at trial that were not part of the items seized during the search of Wyko.

Economic Espionage Act, the very seizure itself lends materiality to the items under Rule 16. All the materials seized must be produced to the defendant under Rule 16(a), along with sufficient Rule 12(b)(4)(B) notice, to enable the defendant ascertain what the government will intend to introduce, what is subject to suppression, and what is material to the preparation of the defense.

Along those lines, then, it is necessary for the government to specifically delineate which of the materials seized it intends to introduce as opposed to the blanket statement in the response. That is why the defendant's request for notice asked for any Rule 12(b)(4)(B) materials to be "specifically identified from among the items of other discovery that will be produced pursuant to Rule 16." (Doc. 38, pg. 2, para. 3). See United States v. Anderson, 416 F.Supp.2d 110 (D.D.C. 2006) (holding that government was required to notify defendant of what specific items seized from his home and office would be introduced by the government at trial). The government's argument in this case is similar to the one rejected by the district court in Anderson:

> In connection with this holding, the Court emphatically rejects the government's suggestion, made in its opposition brief and at oral argument, that it has satisfied Rule 12(b)(4)(B) by "providing open-file discovery and giving notice that it intends to use all of the materials provided to the defendant pursuant to that policy." See Government's Opposition at 8. It is irrelevant under Rule 12 whether the government or its witnesses have reviewed or will "rely on" all of this material; **unless the government intends to offer every single item in question as an exhibit in presenting its affirmative case at trial, any assertion that it will "use all of the materials provided" is simply not credible**. See United States v. de la Cruz-Paulino, 61 F.3d 986, 993 (1st Cir.1995) ("To the extent that the government's open files contain information that is subject to Rule 16 discovery, Rule 12(d)(2) [now Rule 12(b)(4)(B)] creates a notice requirement. The open file policy does not, in and of itself, satisfy this notice requirement **because it does not specify which evidence the government intends to use at trial**. Providing open-file discovery does not satisfy [Rule 12(b)(4)(B)] because the defendant is still left in the dark as to exactly what evidence, discoverable under Rule 16, the government intends to rely upon in its case in chief at trial.")

3

>   (quoting United States v. Brock, 863 F.Supp. 851, 868 (E.D.Wis.1994) and United States v. Kelley, 120 F.R.D. 103, 107 (E.D.Wis.1988)) (quotation marks omitted).

Anderson, 416 F.Supp.2d at 113, n.1 (emphasis added). Similarly, in this case the government's response only indicates, with no specificity, that it will introduce items seized from Wyko during the search. Unless the government intends to offer every single item seized during the search, the government has provided no effective notice under Rule 12(b)(4)(B). See also United States v. Musick, 291 Fed. Appx. 706, 722-723 (6th Cir. 2008) (discussing district court's grant of defense motion for more specific notice under Rule 12(b)(4)(B) and government's designation of exhibits it intended to introduce that were arguably subject to suppression).

Notably, one of the cases relied upon by the Anderson court, supra, is also relied upon the government in its response. (Doc. 48, pg. 2); United States v. de la Cruz-Paulino, 61 F.3d 986, 993 (1st Cir.1995). The government cites Cruz-Paulino for the point that the purpose of a Rule 12(b)(4)(B) notice is not to aid the defendant in ascertaining the government's trial strategy, but to rather effectively allow the bringing of suppression motions. (Doc. 48, pg. 2). The government fails to point out, however, that the First Circuit in Cruz-Paulino found the district court to have committed error in not compelling the government to provide a more specific Rule 12(b)(4)(B) [then 12(d)(2)] notice. The court held that just making discovery available without a specific designation still left "the defendant in the dark" as to "exactly what evidence, discoverable under Rule 16, the government intends to rely upon in its case in chief at trial" that was arguably subject to suppression. Cruz-Paulino, 61 F.3d at 993 (quoting United States v. Kelley, 120 F.R.D. 103, 107 (E.D. Wis. 1988), and citing United States v. Brock, 863 F.Supp. 851, 868 (E.D. Wis. 1994)).

4

To provide context to the notice problem, the following example is offered. The search and seizure of Wyko concerned a corporate entity.[2] Defendant Roberts has filed a motion and memorandum to suppress items seized. In the response to that motion, the government has asserted the defense of Mr. Roberts' standing. Thus, given the breadth of the items taken during the search, as well as Mr. Roberts' position within the company, an independent determination of standing will necessarily need to be made with respect to individual items seized and his level of expectation of privacy with respect to each item, i.e. – his laptop computer, his e-mails on the e-mail server, files on the data server that he was directly involved in working on, files on the data server that he may not have worked directly on but had supervisory authority over, papers and documents in his immediate working area, documents and materials in other areas of the facility where he regularly worked, items seized from parts of the facility where he occasionally worked but had supervisory authority over other employees, etc. Absent a designation of the specific items seized that the government intends to introduce, the defendant is incapable of fashioning an effective standing argument as to the items seized.

For the above reasons and for those articulated in his motion, the defendant moves the Court to compel the government to provide a sufficient Rule 12(b)(4)(B) notice.

                                              Respectfully submitted,

                                              s/ W. Thomas Dillard
                                              **W. THOMAS DILLARD**
                                              **[BPR # 002020]**

                                              s/ Stephen Ross Johnson
                                              **STEPHEN ROSS JOHNSON**
                                              **[BPR# 022140]**

---

[2] Mr. Roberts notes that his motion for notice is not limited to just the search and seizure conducted at Wyko in Greenback, Tennessee. It also applies to any statements the government will attempt attribute to him at trial and other items the government intends to introduce and for which a motion to suppress arguably could be made.

**RITCHIE, DILLARD, & DAVIES, P.C.**
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN 37901-1126
(865) 637-0661
[www.rddlawfirm.com](www.rddlawfirm.com)
*Counsel for Clark Alan Roberts*

### CERTIFICATE OF SERVICE

     I hereby certify that on June 12, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

     s/ Stephen Ross Johnson