UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.3:08-cr-175 |
| ) | JUDGES PHILLIPS/SHIRLEY |
| CLARK ALAN ROBERTS, and ) | |
| SEAN EDWARD HOWLEY, ) | |
| ) | |
| Defendants. ) | |

## REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO COMPEL DISCOVERY

The defendant, Clark Alan Roberts, through counsel and pursuant to Fed. R. Crim. P. 16, herein replies to the government's response (Doc. 49) to his motion to compel discovery (Doc. 42).

The government's response, while some six pages in length, wholly fails to address the specific items requested in the defendant's motion and the two specific discovery letters provided to the government. Rather, the government has chosen to only respond to the more general portions contained within the defendant's first discovery letter. For example, the first discovery letter provided to the government, dated April 20, 2009, listed at the outset the specific items of discovery viewed at the Office of the United States Attorney that the defendant desired to arrange to have copied, as well as additional items that the government maintained had "trade secret" status. (Doc. 42-1, April 20, 2009 Letter, pgs. 1-2, paras. (1)-(5)). The second discovery letter provided to the government, dated May 8, 2009, also listed specific items, such as the inventory, return, and receipt concerning the search executed at Wyko Tire Technology in Greenback, Tennessee, information concerning the analysis and scope of search of the electronic

1

materials seized, the production of all items seized during the search, the Goodyear F-408 forms at issue that are specifically named in the Superseding Indictment, the items the government intends to rely on to support the "security measures" allegation in the Superseding Indictment, items related to the government's viewing in Sussex, England of the Swab Down system at issue built by Wyko Tire Technology, the materials the government would maintain were actual trade secrets, etc. (Doc. 42-2, May 8, 2009 Letters, pgs. 1-2).

Earlier this week, the government produced to the defendant technical drawings, schematics, photographs, and other items that it purports document the "trade secrets" contained within the Swab Down system referenced in the Superseding Indictment. To date, however, those are the only additional items produced that were requested in the defendant's specific discovery requests to the government. None of the other items requested have been produced, and it is clear that the government's response does not address the items specifically listed in the aforementioned letters or the defendant's motion to compel.

For the foregoing reasons and those stated in his motion, the defendant moves the Court for an Order compelling the government to provide discovery.

    Respectfully submitted,

    s/ W. Thomas Dillard
    **W. THOMAS DILLARD**
    **[BPR # 002020]**

    s/ Stephen Ross Johnson
    **STEPHEN ROSS JOHNSON**
    **[BPR# 022140]**

    **RITCHIE, DILLARD, & DAVIES, P.C.**
    606 W. Main Street, Suite 300
    P. O. Box 1126
    Knoxville, TN 37901-1126
    (865) 637-0661

Case 3:08-cr-00175-TWP-CCS   Document 66   Filed 06/12/09   Page 2 of 3   PageID #: 321

## CERTIFICATE OF SERVICE

  I hereby certify that on June 12, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

              s/ Stephen Ross Johnson

3

Case 3:08-cr-00175-TWP-CCS   Document 66   Filed 06/12/09   Page 3 of 3   PageID #: 322