# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.3:08-cr-175 |
| | ) | JUDGES PHILLIPS/SHIRLEY |
| CLARK ALAN ROBERTS, and | ) | |
| SEAN EDWARD HOWLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## APPEAL FROM MAGISTRATE JUDGE'S MEMORANDUM AND ORDER [DOC. 81]

Comes the defendant, Clark Alan Roberts, by and through counsel and pursuant to the

provisions of 28 U.S.C. § 636(b)(1), and herein respectfully appeals the Memorandum and Order

of the Magistrate Judge [Doc. 81].[1] The Magistrate Judge's Memorandum and Order [Doc. 81,

pgs. 4-6] denies Mr. Roberts' motion for bill of particulars [Doc. 34].

The Memorandum and Order denies the motion for bill of particulars by relying on an

oral representation of government's counsel as a substitute for the pleading requirements of Fed.

R. Crim. P. 7. [Doc. 81, pg. 6]. Specifically, the government maintained during oral argument

on the motion for bill of particulars that even though the Superseding Indictment alleges that the

roll over-ply down device at issue "contains" a trade secret, it is the government's position that

the *entire device* is a trade secret. [Doc. 81, pg. 6]. It is clear that oral representations of

counsel, or even voluminous discovery materials, are not a substitute for pleading the

information in a bill of particulars. *United States v. Davidoff*, 845 F.2d 1151, 1154-1155 (2nd

---

[1]      The Memorandum and Order was entered on November 20, 2009 [Doc. 81]. The
instant appeal is timely filed pursuant to Fed. R. Crim. Proc. 45(a) (excluding weekends and
federal holidays from computation of time less than eleven days) (effective through Nov. 30,
2009) and 28 U.S.C. § 636(b) (ten day filing deadline from magistrate decision to the district
judge).

-1-

Cir. 1988) (granting new trial and reversing denial of grant of bill of particulars; rejecting government's assertion that providing voluminous discovery that detailed evidence of the case provided adequate notice, since such information may not be relied upon as a substitute for a "straightforward bill of particulars", since "[a] bill is appropriate to permit a defendant 'to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense.'") (quoting *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam)).

Additionally, the Memorandum and Order denies a bill of particulars on the materiality element of the wire fraud counts, and in doing so relies on the same analysis found in the Report and Recommendation's [Doc. 80] determination that the Superseding Indictment's failure to specifically allege facts to support materiality does not render the Superseding Indictment insufficient. [Doc. 81, pgs. 6-7]. With respect to the materiality issue, Mr. Roberts herein incorporates by reference the portion of his objections [Doc. 83] to the Report and Recommendation on the Superseding Indictment's insufficiency in alleging materiality.

Mr. Roberts further relies upon, and incorporates herein by reference, his motion for bill of particulars, supporting memorandum, and reply [Docs. 34, 35, and 59].

Respectfully submitted this 1st day of December, 2009.

s/ W. Thomas Dillard
**W. THOMAS DILLARD**
**[BPR # 002020]**

s/ Stephen Ross Johnson
**STEPHEN ROSS JOHNSON**
**[BPR# 022140]**

**RITCHIE, DILLARD, & DAVIES, P.C.**
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN 37901-1126
(865) 637-0661
www.rddlawfirm.com
*Counsel for Clark Alan Roberts*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/ Stephen Ross Johnson