UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-cr-175 |
| | ) | JUDGES PHILLIPS/SHIRLEY |
| CLARK ALAN ROBERTS, and | ) | |
| SEAN EDWARD HOWLEY, | ) | |
|     Defendants. | ) | |

**RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER [Doc. 98]**

Comes the defendant, CLARK ALAN ROBERTS, by and through counsel and pursuant to U.S. Const. amend. V and VI, 28 U.S.C. § 2072(b), 18 U.S.C. § 1835, and Fed. R. Crim. P. 26, and herein responds in opposition to the government's motion for a protective order concerning the jury trial of this case. [Doc. 98].

**I. THE GOVERNMENT'S MOTION IS UNTIMELY AND SHOULD BE DENIED.**

A motion for leave to file a motion out of time did not accompany the government's motion, and nowhere in the government's motion is any good cause or reason stated for the eleventh hour filing of its motion for a protective order. The issues concerning the way to conduct the jury trial in an alleged theft of trade secrets case, and whether any restrictions at all should apply under 18 U.S.C. § 1835, are certainly not matters that have recently come to the government's attention. Given the issues of first impression surrounding the government's proposed restrictions on a public criminal jury trial and reliance on § 1835 - a statute that has only been addressed in four federal opinions and has never been applied in the context of trial - the government should have filed its motion at the outset of the case in order to allow the Court and the parties to timely address these issues of first impression concerning the manner and conduct of the trial.

This case was originally set for trial on April 29, 2009. *See* Order on Discovery and Scheduling [Doc. 11]. The deadline for filing pretrial motions was originally April 6, 2009. *Id*. at pg. 4. However, due to the government's position on a protective order concerning discovery, as of March 23, 2009, the defendants had still not received any discovery, and as a result the trial was continued to July 21, 2009. [Doc. 18]. The parties were eventually able to come to an agreement on a protective order as to discovery matters only, and the pretrial motions deadline was extended to May 15, 2009. *Id*. at pg. 3. Once again, the case was continued due to a delay in discovery, and the pretrial motions deadline was extended to July 24 for discovery motions and August 21 for "*all other pretrial motions*." [Doc. 69, pg. 4] (emphasis added). Importantly, even though the motions deadline was extended to July 24 and August 21, the Court's Memorandum and Order specifically stated that before any such motions were to be filed even by those deadlines, the parties must move for leave to do so. *Id*. at pg. 4, para. 6. This extension of the May 15 motions deadline was to allow the defense additional time to review the additional items of discovery once it was provided and raise any additional pretrial motions.

The government's filing of its motion for a protective order concerning trial procedures was not something dependent on the receipt of information from the defense, unlike the defense pretrial motions that were dependent on receipt of discovery from the government. There is no reason why the government's motion for a protective order concerning trial could not have been filed by the original motions deadline of April 6, 2009. The government clearly knew of these issues concerning 18 U.S.C. § 1835 since the same statute formed the basis for the government's demand back in March of 2009 that the defense enter into a protective order concerning discovery materials. However, even giving the government the benefit of the extended pretrial motions deadline, the government must have at least filed a motion for leave to file its motion

requesting the protective order it now seeks and the motion itself by no later than August 21, 2009. The government's motion was filed some five months out of time, and the government has waived any relief it requests in its late-filed motion, both before this Court and on any potential interlocutory appeal to the Sixth Circuit under 18 U.S.C. § 1835. *See United States v. Obiukwu*, 17 F.3d 816, 819 (6th Cir.1994) (holding that failure to timely make pretrial motion waives the issue and precludes appellate review); *United States v. Davis*, 809 F.2d 1194, 1208 (6th Cir.), *cert. denied*, 483 U.S. 1007 (1987); *United States v. Sachs*, 801 F.2d 839, 847 (6th Cir. 1986); *United States v. Jones*, 766 F.2d 994, 999 (6th Cir.), *cert. denied*, 474 U.S. 1006 (1985); *see also United States v. Wheeler*, 129 F.3d 1266 (Table), No. 96-6230, 1997 WL 685414 (6th Cir. Oct. 29, 1997) (holding that failing to timely raise motions under deadlines set by the district court waives the issue for appellate review purposes); *see*, *e.g.*, *United States v. Mullen*, 450 F. Supp. 2d, 212, 215 n.2 (W.D.N.Y. 2006) (defendant's motion filed after cut-off denied where defendant failed to show good cause).

What is good for the goose is good for the gander. If the defendant had filed a motion, particularly one implicating fundamental constitutional procedures as to the way to conduct the jury trial in this case and one potentially involving interlocutory review, some five months out of time and without a motion stating some extremely good cause on why the motion was filed so late, it is clear that the defendant would have waived the issue before this Court and appellate review would be precluded. The government must be held to the same standard.

**II.  THE GOVERNMENT HAS THE BURDEN OF PROVING, PRIOR TO TRIAL, THE EXISTENCE OF A TRADE SECRET BEFORE THE COURT MAY CONSIDER WHAT, IF ANY, PROTECTIVE MEASURES MAY BE EMPLOYED AT TRIAL.**

Even though untimely, if the government's motion is considered on its merits, it is clear that before any restrictions, at all, are placed on the mode and manner of the jury trial in this

case, the government must first establish to this Court prior to trial that the information sought to be protected actually is a trade secret. The statute cited by the government in support of its motion is 18 U.S.C. § 1835, which states:

> **§ 1835. Orders to preserve confidentiality**
> In any prosecution or other proceeding under this chapter, the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the *confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws*. An interlocutory appeal by the United States shall lie from a decision or order of a district court authorizing or directing the disclosure of any trade secret.

(Emphasis added). The statute does not say "alleged trade secrets." Under the plain language of the statute, any protective measures would potentially apply to *actual* trade secrets, not *allegations* of a trade secret.

As of this writing, there are no opinions interpreting this statute in the context of a federal criminal jury trial. The decisions that exist deal instead with protective orders concerning discovery. Importantly, other than the due process requirement of production of exculpatory and impeachment information as set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), there is no general constitutional right for a criminal defendant to be provided pretrial discovery. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case"). Therefore, it is noteworthy that the scant authority that does exist concerning § 1835 grapples with restrictions on the rule based discovery requirements of Fed. R. Crim. P. 16 in alleged theft of trade secrets cases and does not concern the heightened constitutional interests that come with criminal jury trials. Nevertheless, even in just the pretrial discovery context, the caselaw interpreting § 1835 provides that the material at issue must be proven to be a trade secret before any restrictions are applied.

Apparently, there are just four federal decisions interpreting the parameters of § 1835. *See United States v. Fei Ye*, 436 F.3d 1117 (9th Cir. 2006); *United States v. Hsu*, 155 F.3d 189 (3d Cir. 1998); *United States v. Hsu*, 185 F.R.D. 192 (E.D. Pa. 1999); *United States v. Hsu*, 982 F.Supp. 1022 (E.D. Pa. 1997); *see also* Chamblee, J. Michael, *Validity, Construction, and Application of Title I of Economic Espionage Act of 1996*, 177 A.L.R. Fed. 609 (2002). These four decisions stem from just two prosecutions under the Economic Espionage Act. The *Fei Ye* opinion from the Ninth Circuit involves an interlocutory appeal under § 1835, yet the only discussion of the statute is one concerning its interlocutory appeal provision. In *Fei Ye*, the Ninth Circuit held that it did not have jurisdiction, pursuant to the provision of § 1835 allowing interlocutory appeals from district court orders "authorizing or directing the disclosure of any trade secret," to hear the government's interlocutory appeal from a district court's order granting the defendants' motion for pre-trial depositions of expert witnesses that the government intended to call at trial, where the government conceded that it had already disclosed all alleged trade secret materials, and the depositions were sought merely to clarify exactly which of the disclosed materials the government contended were protected trade secrets; in other words, the district court order did not mandate disclosure of any trade secret materials that had not already been disclosed, and therefore the interlocutory appeal provision did not apply. *Fei Ye*, 436 F.3d at 1120-21.

The most substantive discussion concerning the parameters of § 1835, albeit also within the context of restrictions on pretrial discovery, comes from three decisions in the *Hsu* prosecution in the Eastern District of Pennsylvania. The *Hsu* prosecution involved allegations of attempted theft and conspiracy to steal trade secrets concerning chemotherapy medication. *United States v. Hsu*, 155 F.3d 189, 197 (3d Cir. 1998). The Third Circuit's opinion in *Hsu* was

the result of an interlocutory appeal by the government pursuant to § 1835 from the district court's decision to reject the government's proposed restrictions on discovery, which allowed for redacted portions of discovery to be provided to the defense, and instead adopt the defense's proposed restrictions that allowed for the alleged trade secret materials to be provided to the defense but with certain nondisclosure requirements. *Id*. at 197-98; *see also United States v. Hsu*, 982 F.Supp. 1022 (E.D. Pa. 1997). The Third Circuit disagreed with the district court and found that since the defendants were charged with just conspiracy and attempt, as opposed to actual theft of trade secrets, the defendants were not entitled to pretrial discovery of the alleged trade secret materials. *United States v. Hsu*, 155 F.3d 189, 197-99 (3d Cir. 1998).

However, the Third Circuit also found that "[t]his section [1835] does not, of course, abrogate existing constitutional and statutory protections for criminal defendants." *Id*. at 197. "It should be noted at the outset that the confidentiality provision of the EEA does not exist in a vacuum. As the EEA provides in § 1835, confidentiality must coexist with or be tempered by other principles of the law, including a defendant's constitutional rights and the Federal Rules of Criminal Procedure." *Id*. at 198. Therefore, the Third Circuit remanded the matter back to the district court to determine whether the government's redaction of discovery materials only included those items that actually required protection. *Id*. at 205-06. Notably, since the issue in *Hsu* involved whether the discovery redactions by the government were actually trade secrets that required protection, the Third Circuit indicated that *in camera* review of the materials by the district court would be unavoidable. However, the Third Circuit stated that "[w]e leave to the district court the ultimate resolution of these issues if raised on remand by the defendants." *Id*. at 206.

On remand, the district court in *Hsu* held an evidentiary hearing and even engaged its own expert to review the alleged trade secret materials, consult with the court, and issue a report concerning the expert's opinion on whether the redactions by the government met the statutory definition of a trade secret in 18 U.S.C. § 1839(3). *United States v. Hsu*, 185 F.R.D. 192, 195-97 (E.D. Pa. 1999). The court's expert determined that some of the government's redactions constituted trade secret material under the statutory definition in the Economic Espionage Act and some did not. *Id*. at 200-01. As a result, the district court ordered some of the previously redacted pages of discovery to be provided to the defense. *Id*. at 201.

A few differences between this case and the *Hsu* prosecution are worth mentioning. First, the defendants in *Hsu* were not charged with completed theft of trade secrets, and as a result they were not provided, in discovery, with any materials that the district court determined to meet the statutory definition of a trade secret in 18 U.S.C. § 1839(3). Conversely, Mr. Roberts and Mr. Howley have been charged with attempt, conspiracy, *and completed theft* of trade secrets, and the protective order in place concerning discovery materials allows for the actual production of the alleged trade secret materials to the defense with restrictions on further disclosure outside of the offices of defense counsel. Therefore, while *in camera* review and an evidentiary hearing were determined to be necessary on remand to the district court in *Hsu*, *in camera* review is not necessary here since the defendants have already been provided with the information the government alleges to be a trade secret. Rather, it is necessary, as in *Hsu*, for the government to establish that the material in question actually meets the statutory definition of a trade secret before any determination can be made that certain protective measures, if any, are necessary and what measures would be consistent with the constitutional provisions applicable to criminal jury trials and the Federal Rules of Criminal Procedure. Second, unlike *Hsu* but similar

-7-

to *Fei Ye*, since the government has already disclosed to the defendants the alleged trade secret, the interlocutory appeal provisions of § 1835, even if the government's motion had been timely, are inapplicable.

Accordingly, prior to any determination about what, if any, protective measures may be employed on restricting certain aspects of trial, the government has the burden of establishing at an evidentiary hearing prior to trial that the material it seeks to protect meets the statutory definition of a trade secret under 18 U.S.C. § 1839(3).

**III.   THE GOVERNMENT'S PROPOSED RESTRICTIONS ON THE CONDUCT OF THE TRIAL WOULD VIOLATE MR. ROBERTS' AND THE PUBLIC'S RIGHTS TO A PUBLIC TRIAL, MR. ROBERTS' RIGHT TO DUE PROCESS, A FAIR TRIAL, EFFECTIVELY CONFRONT THE EVIDENCE AGAINST HIM, AND MAKE HIS DEFENSE UNDER U.S. CONST. AMEND. V AND VI.**

Only if the government is able to prove at an evidentiary hearing prior to trial that the material it seeks to protect meets the statutory definition of a trade secret in 18 U.S.C. § 1839(3), then can a determination be made as to what, if any, protective measures are appropriate. The restrictions asked for by the government are completely inconsistent with the constitutional provisions concerning criminal jury trials, the Federal Rules of Criminal Procedure, and other relevant authorities. Furthermore, the restrictions asked for by the government on the presentation of evidence would unfairly suggest to the jury that, in fact, the materials at issue in this case are somehow confidential, proprietary, or secret, which is the very question for the jury's determination at trial.

28 U.S.C. § 2072(b), which governs the rules of procedure and evidence in federal courts, provides that "[s]uch rules shall not abridge, enlarge or modify any substantive right." Fed. R. Crim. P. 26 maintains that "[i]n every trial the testimony of witnesses must be taken in open court[.]" With respect to the relevant constitutional provisions at issue in a criminal jury

trial implicated by the government's proposed protective order, U.S. Const. amend. V requires due process before the abridgment of a liberty or property interest, which has been interpreted to include the right to a fair trial as well as that the government must prove all elements of the charged offenses beyond a reasonable doubt, and U.S. Const. amend. VI mandates a speedy and public trial, an impartial jury, and to confrontation of witnesses. U.S. Const. Art. III § 2, cl. 3 also requires criminal trials by jury. The Supreme Court has repeatedly struck down any abridgment of these fundamental rights. *See, e.g.*, *Holmes v. South Carolina*, 547 U.S. 319 (2006) (holding that due process right to challenge prosecution's allegations at trial dictated admissibility of third party evidence of guilt even though state evidence rule precluded admissibility); *Chambers v. Mississippi*, 410 U.S. 284 (1983) (same); *Crawford v. Washington*, 541 U.S. 36 (2004) (holding that confrontation clause in U.S. Const. amend. VI requires testimony and cross-examination of witness who makes out of court testimonial statement, irrespective of whether reliable hearsay exception would apply under rules of evidence); *In re Winship*, 397 U.S. 358 (1970) (holding due process requires that the prosecution in criminal case has the burden of proving, beyond a reasonable doubt, all elements of offense before a conviction may occur); *Waller v. Georgia*, 467 U.S. 39, 46 (1984) (finding that the Sixth Amendment right to a public trial extends beyond the actual proof at trial and ruling that even pretrial suppression hearings must be open to the public because "there can be little doubt that the explicit Sixth Amendment right of the accused is no less protective of a public trial than the implicit First Amendment right of the press and public.").

      For all of these reasons, Mr. Roberts asks this Court to deny the government's motion.

Respectfully submitted this 5th day of February, 2010.

s/ W. Thomas Dillard
**W. THOMAS DILLARD**
**[BPR # 002020]**

s/ Stephen Ross Johnson
**STEPHEN ROSS JOHNSON**
**[BPR# 022140]**

**RITCHIE, DILLARD, & DAVIES, P.C.**
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN 37901-1126
(865) 637-0661
www.rddlawfirm.com
*Counsel for Clark Alan Roberts*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/ Stephen Ross Johnson