UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-175 |
| | ) | Judges Phillips/Shirley |
| CLARK ALAN ROBERTS, and | ) | |
| SEAN EDWARD HOWLEY | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' RESPONSE TO
DEFENDANT ROBERTS' MOTION TO EXCLUDE STATEMENT**

The United States of America, by and through James R. Dedrick, United States Attorney for the Eastern District of Tennessee, respectfully submits this response to Defendant Roberts' Motion to Exclude Late-Produced Alleged Post-Arrest Statement of Defendant Roberts. [Doc. 109]

Rule 16(a)(1)(A), Federal Rules of Criminal Procedure, provides as follows: "Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement by the defendant, before or after arrest, **in response to interrogation by a person the defendant knew was a government agent** if the government intends to use the statement at trial"[1] (emphasis supplied). Rule 16(a)(1)(B)(ii) provides that the government must disclose "the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement **in response to interrogation by a person the defendant knew was a government agent**" (emphasis supplied). It is clear that

---

[1]/ In his motion, Defendant misstates the rule by neglecting to note that the Rule 16 discovery obligation extends only to oral statements made in response to government interrogation.

Defendant's statement in the presence of the FBI Special Agents transporting the Defendant was unsolicited, spontaneous, and not in response to any interrogation by the agents. Accordingly, Rule 16 imposes no obligation to disclose that statement prior to trial. *Smith v. United States*, 285 Fed. Appx. 209, 2008 WL 2622657 (6th Cir. 2008)(defendant's alleged statement to police officer regarding her receipt of weapon from her supplier was not made in response to functional equivalent of interrogation, and thus was not required to be disclosed by prosecution prior to trial); *United States v. Godinez*, 114 F.3d 583 (6th Cir. 1997)(defendant's statement taken as part of routine personal history questionnaire at booking, was not elicited in response to interrogation and thus, government was not obligated to provide that statement in pretrial discovery); *United States v. Cummings*, 948 F.2d 1290 (Table), 1991 WL 241978 (C.A.6 (Mich.)) ("This court has held that defendants are not entitled to receive spontaneous, unsolicited statements or admissions as part of Rule 16 discovery."). Notwithstanding, the government has disclosed it to the Defendant prior to trial. Moreover, at this point, the government does not intend to introduce the statement in its case-in-chief. Accordingly, the Motion to Exclude should be denied.

        Respectfully submitted this 17th day of March, 2010.

    JAMES R. DEDRICK
    United States Attorney

    *s/ D. Gregory Weddle*
    *s/ Thomas Dougherty*
    D. Gregory Weddle
    Thomas Dougherty
    Assistant U.S. Attorneys
    800 Market Street, Suite 211
    Knoxville, TN 37902
    865-225-1710

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 17, 2010, a copy of the foregoing UNITED STATES' RESPONSE TO DEFENDANT ROBERTS' MOTION TO EXCLUDE STATEMENT was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                              By:    *s/ D. Gregory Weddle*
                                          Assistant United States Attorney