UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>CLARK ALAN ROBERTS, and )<br>SEAN EDWARD HOWLEY, )<br>    Defendants. ) | Case No. 3:08-cr-175<br>JUDGES PHILLIPS/SHIRLEY |

### REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION [DOC. 121] TO DEFENDANT'S APPEAL [DOC. 117]

Comes the defendant, CLARK ALAN ROBERTS, by and through counsel and pursuant to EDTN Local Rule 7.1, and herein replies to the government's response to the defendant's appeal of the Magistrate Judge's Memorandum and Order granting the government's motion for a protective order at trial.

Given that the government's response was filed late in the evening on the day before oral argument, a complete written reply as contemplated within the timeframe of Local Rule 7.1 is impossible. However, it is important to reply in writing to the government's misapplication of the legislative history of 18 U.S.C. § 1835.

First, the government mischaracterizes the defendant's argument as dependent on an interpretation of § 1835's provisions to pertain only to actual, as opposed to alleged, trade secrets. See Response [Doc. 121] at pgs. 6-7. As is clearly set out in the defendant's appeal, the defendant's argument is not dependent solely on the issue of statutory interpretation. Even if the statute applies to alleged trade secrets, even though the clear statutory language says "trade secrets", it is the defendant's position that before protective measures are employed that

-1-

implicate the defendant's trial rights, the government has the burden of establishing, by clear and convincing evidence, that the items and information it seeks to protect must be protected in some fashion at the trial itself and that the remedy it proposes is sufficiently narrowly tailored so that it does not infringe on the trial rights of the defendant. For the reasons fully articulated in the defendant's appeal [Doc. 117], the government has not met its burden.

Second, the legislative history of 18 U.S.C. § 1835 isn't to be consulted because the plain language of the statute is clear. The Supreme Court has repeatedly held that it is a well-established rule of statutory construction that the legislative history of a statute is consulted only if the statutory language is vague or unclear. Toibb v. Radloff, 501 U.S. 157, 161 (1991); Blum v. Stenson, 465 U.S. 886, 896 (1984); Walton v. Hammons, 192 F.3d 590, 593-94 (6th Cir.1999) (citing West Virginia Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 98 (1991)); Group Life & Health Ins. Co. v. Royal Drug Co., Inc., 440 U.S. 205, 210 (1979); Parker-Hannifin Corp. v. Commissioner of Internal Revenue, 139 F .3d 1090, 1095 (6th Cir.1998). The intent of Congress is presumed from an expression of the ordinary meaning of the words used. Morales v. Trans World Airlines, 504 U.S. 374, 383 (1992); Securities Industry Ass'n v. Board of Governors, 468 U.S. 137, 149 (1984). "Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." Consumer Product Safety Commission v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980); Dunn v. CFTC, 519 U.S. 465, 470 (1997) ("[A]bsent any 'indication that doing so would frustrate Congress's clear intention or yield patent absurdity, our obligation is to apply the statute as Congress wrote it.'"). **Where the statute is unambiguous and the plain language clear, the inquiry ends and the Court does not review underlying legislative history and intent to determine the appropriate construction.** Connecticut Nat. Bank v. Germain, 503 U.S. 249, 254 (1992); Rubin v. United

States, 449 U.S. 424, 430 (1981); United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989) ( "[W]here ... the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'").

With these principles in mind, the statutory language of 18 U.S.C. § 1835 is clear and unambiguous. The statute does not state "alleged trade secrets", but rather provides that the Court shall take the necessary action to protect "trade secrets" so long as that action is consistent with the rules of procedure and other applicable law. Given the plain and unambiguous statutory language about the statute applying to "trade secrets" as opposed to mere allegations of trade secrets or proprietary information in general, then the inquiry ends and the Court cannot go behind the statute's plain language to review legislative history. Connecticut Nat. Bank v. Germain, 503 U.S. 249, 254 (1992); Rubin v. United States, 449 U.S. 424, 430 (1981); United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989).

Third, even if the Court delves into the legislative history of § 1835 to look behind the statute's plain language, the legislative history of § 1835 reveals that Congress considered and rejected broader language in § 1835 that would encompass just proprietary economic information, which is only one component of the narrow definition of a trade secret in 18 U.S.C. § 1839(3). In short, the legislative history indicates that Congress explicitly rejected a version of the statute consistent with the government's position. The Senate's version of what later became codified at 18 U.S.C. § 1835 was, in the Senate version, to be codified instead at 18 U.S.C. § 1837, and the statutory language in the Senate version was as follows:

> 1837. Preservation of confidentiality
>
> In any prosecution under this chapter, the court may enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of **proprietary economic information**, consistent with rule 16 of the Federal

-3-

> Rules of Criminal Procedure, the Federal Rules of Evidence, and
> other applicable laws. An interlocutory appeal by the United States
> shall lie from a decision or order of a district court **authorizing the
> disclosure of proprietary economic information**.

See S. Rep. 104-359, Section III, pg. 4 (emphasis added).

Notably, this is much different than the language of the statute as passed. 18 U.S.C. § 1835 rejects the much broader language of the Senate's version and instead provides:

> 1835. Orders to preserve confidentiality
>
> In any prosecution or other proceeding under this chapter, the court
> shall enter such orders and take such other action as may be
> necessary and appropriate to preserve the confidentiality of **trade
> secrets**, consistent with the requirements of the Federal Rules of
> Criminal and Civil Procedure, the Federal Rules of Evidence, and
> all other applicable laws. An interlocutory appeal by the United
> States shall lie from a decision or order of a district court
> **authorizing or directing the disclosure of any trade secret**.

(Emphasis added).

The legislative history of the Economic Espionage Act makes it clear that a very narrow definition of the term "trade secret" applies for purposes of the statute. Not only must the information be proprietary (which was the language in the rejected Senate version reproduced above), but the owner must take reasonable measures to keep the information secret, and the owner must derive independent economic value from the secrecy itself. See 18 U.S.C. § 1839(3) (defining "trade secret" for purposes of the Economic Espionage Act).

Therefore, in reconciling the two versions of the statutory language, Congress rejected the Senate's broader language and chose to only allow protective measures for *trade secrets*, which is very narrowly defined under the Economic Espionage Act, as opposed to the more expansive term *proprietary economic information*. Where particular language is used in a statute and other language is omitted, it is presumed that Congress did so intentionally, and not

inadvertently. BFP v. Resolution Trust Corp., 511 U.S. 531, 537 (1994); Russello v. United States, 464 U.S. 16, 23 (1983); see also Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194, 1197 (6th Cir.1983) ("It is a fundamental rule of statutory construction that inclusion in one part of a congressional scheme of that which is excluded in another part reflects a congressional intent that the exclusion was not inadvertent.").

The government's position renders meaningless the distinction in the earlier rejected version of the statutory language and the statute as codified. Accordingly, under the plain and unambiguous language of 18 U.S.C. § 1835, protective measures are only to be applied if the Court finds that an actual trade secret is involved. The authority interpreting § 1835, which was wholly ignored by the government in its initial motion and its response, indicates that there must be a determination by the Court that trade secrets, and not just some proprietary information, are subject to protection. If the Court makes such a finding, then the Court must make a determination of what protective measures are appropriate and if those measures can be fashioned in a way that do not infringe on the defendant's trial rights and other applicable law.

Respectfully submitted this 14th day of April, 2010.

        s/ W. Thomas Dillard
        **W. THOMAS DILLARD**
        **[BPR # 002020]**

        s/ Stephen Ross Johnson
        **STEPHEN ROSS JOHNSON**
        **[BPR# 022140]**

        **RITCHIE, DILLARD, & DAVIES, P.C.**
        606 W. Main Street, Suite 300
        P. O. Box 1126
        Knoxville, TN 37901-1126
        (865) 637-0661
        www.rddlawfirm.com
        *Counsel for Clark Alan Roberts*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on April 14, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.


           s/ Stephen Ross Johnson

-6-

Case 3:08-cr-00175-TWP-CCS   Document 122   Filed 04/14/10   Page 6 of 6   PageID #: 823