UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No.3:08-cr-175 |
| | ) | JUDGES PHILLIPS/SHIRLEY |
| CLARK ALAN ROBERTS, and | ) | |
| SEAN EDWARD HOWLEY, | ) | |
| Defendants. | ) | |

## MOTION TO EXCLUDE STATEMENT AND LAWSUIT OF CO-DEFENDANT SEAN EDWARD HOWLEY OR, IN THE ALTERNATIVE, FOR SEVERANCE OF DEFENDANTS

Comes defendant Clark Alan Roberts pursuant to Fed. R. Crim. Proc. 14(a), Bruton v. U.S., 391 U.S. 123 (1968), Gray v. Maryland, 523 U.S. 185 (1998), Crawford v. Washington, 541 U.S. 36 (2004), and other authorities, and by and through counsel respectfully moves this Honorable Court for an Order excluding pretrial statements of co-defendant Sean Edward Howley.

In further support thereof, defendant states the following:

(1)    Via correspondence dated Nov. 3, 2010, the government provided the defendants with notice that it intends to introduce at trial a lawsuit filed by Mr. Howley against his former employer and others. Via correspondence dated November 12 and November 16, 2010, the government provided redacted versions of Mr. Howley's lawsuit and his statement to the FBI.

(2)    An unredacted copy of the FBI memorandum of Mr. Howley's statement was disclosed during pretrial motions proceedings last year. When Mr. Roberts previously filed a motion to exclude Mr. Howley's statements to the FBI or to sever the case, the Court held that

1

since the government had not yet proposed redactions to the statement, the issue was not yet ripe for the Court's consideration.

(3) The government's redactions of the memorandum of Mr. Howley's statement to the FBI seek to exclude Mr. Roberts' by name, but the redactions still present significant areas of concern. The proposed redactions cannot remove obvious reference to Mr. Roberts; just deleting his name is insufficient.

(4) The government's version of the redacted statement does not indicate or leave the impression that just Mr. Howley was involved in the events he describes in his statement, but rather by implication and context emphasizes the role and involvement of Mr. Roberts.

(5) Additionally, in order to effectively confront the government's redactions, undoubtedly Mr. Howley's counsel will be required to emphasize the differences between the government's redacted version of the statement and the unredacted version in order impeach the testifying agent and to attempt to probe Mr. Howley's role and intent level in the charged offenses.

(6) The government's proposed redactions of Mr. Howley's lawsuit are also problematic and in no way resolve Mr. Roberts' confrontation problem with the lawsuit. Mr. Howley's lawsuit against Eriks 10, Inc., Mark Byerley, and Ian Smith alleges a version of the facts concerning the criminal charges currently pending against Mr. Howley and Mr. Roberts that minimizes Mr. Howley's role and, by implication, emphasizes the role of Mr. Roberts. The factual inaccuracies in the lawsuit, to include the implication of Mr. Roberts' role in instructing Mr. Howley to take photographs, must be confronted by Mr. Roberts. In addition, Mr. Howley's lawsuit contains summary assertions of fact that are hearsay within hearsay. All of the above problems articulated with the FBI memorandum of Mr. Howley's statement are also present with

Mr. Howley's lawsuit.

(7) For these reasons, Mr. Howley's statement to the FBI and his lawsuit must either be excluded from any joint trial with Mr. Roberts or a severance must be granted. If the Court is inclined to sever the cases in order to resolve the confrontation issues, Mr. Roberts respectfully requests to keep the current trial date of December 1, 2010.

(8) Counsel for defendant Shaun Howley has been contacted, and the undersigned are authorized to represent that counsel for Mr. Howley agrees with the position of exclusion or severance taken in this motion.

(9) Defendant further relies upon, and incorporates fully herein, the supporting memorandum and exhibits filed with this motion.

Respectfully submitted this 17th day of November, 2010.

s/ W. Thomas Dillard
**W. THOMAS DILLARD**
**[BPR # 002020]**

s/ Stephen Ross Johnson
**STEPHEN ROSS JOHNSON**
**[BPR# 022140]**

**RITCHIE, DILLARD, & DAVIES, P.C.**
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN 37901-1126
(865) 637-0661
www.rddlawfirm.com
*Counsel for Clark Alan Roberts*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/ Stephen Ross Johnson

3