UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:08-CR-175 |
| | ) | JUDGES PHILLIPS/SHIRLEY |
| CLARK ALAN ROBERTS, and | ) | |
| SEAN EDWARD HOWLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT ROBERTS'
MOTION TO EXCLUDE STATEMENTS OF HOWLEY, OR
IN THE ALTERNATIVE, FOR SEVERANCE**

COMES NOW the United States of America, by and through the undersigned counsel and hereby respectfully submits this response in opposition to Defendant Roberts' Motion to Exclude Statement and Lawsuit of Co-Defendant Sean Edward Howley or, in the Alternative for Severance of the Defendants.

Defendant Roberts has moved to exclude certain statements of Co-Defendant Howley that the United States intends to introduce at trial based upon objections under *Bruton* and *Crawford*. Defendants' motion is meritless and should be denied.

I. **What the United States Intends to Introduce**

The United States intends to present the testimony of FBI Special Agent Kevin Gounaud regarding admissions made to him by Defendant Howley during an interview on September 25, 2007. Special Agent Gounaud's testimony will be in conformity with the redacted FBI 302 attached as an exhibit to Defendant Roberts' memorandum. In other words, the actual redacted 302 will NOT be offered as evidence. Special Agent Gounaud will testify as to what Defendant Howley

told him about his own conduct. There will be absolutely no mention in his testimony about Defendant Roberts. Thus, this is not a situation where a jury will see any redacted or sanitized document which may lead them to conclude that Howley made any statements regarding Defendant Roberts.

The United States also intends to introduce Defendant Howley's admissions in his recently filed civil action that he took photographs of Goodyear equipment with his cell phone in May of 2007. The United States has proposed a redacted version of the complaint that redacts any mention of Roberts. Despite Defendant Roberts' unspecified and repeated mantra that the proposed redactions "do not indicate or leave the impression that just Mr. Howley was involved in the events he describes . . .," the Court can see that the redactions fully comport with the restrictions of *Bruton* and *Richardson v. Marsh,* 481 U.S. 200 (1987).

## II. **The Proposed Admissions of Co-defendant Howley Do Not Violate *Bruton*.**

As Magistrate Judge Shirley as held in this case,

> The Supreme Court has held that the admission of a co-defendant's confession, which also inculpates the defendant, in their joint trial violates the confrontation right of the defendant even if the trial court gives an limiting instruction directing the jury to consider the confession only with respect to the confessing co-defendant. *Bruton v. United States,* 391 U.S. 123, 127 (1968). In *Richardson v. Marsh*, 481 U.S. 200, 208 (1987), the Court limited *Bruton* by upholding the introduction of a co-defendant's statement which was not facially incriminating to the defendant, even though the co-defendant's statement became incriminating to the defendant when linked to other evidence presented at trial.

The legal flaw in Defendant Roberts' arguments to exclude Howley's admissions, is that he suggests that because other evidence in the case will place Roberts at the scene, the redactions will be ineffectual. That simply is not the law. Under *Richardson v. Marsh*, the admissibility of the statement is not dependant on other evidence in the case. One must look only to whether the statement itself is inculpatory to the co-defendant **on its face**. Clearly, the proposed statements in

2

no way incriminate Roberts on their face, since they neither mention Roberts or refer to him in anyway. There is nothing in the proposed statements themselves which would lead a jury to think that Howley said anything about Roberts. Thus, the statements are admissible.

This principle was re-iterated in *United States v. Sherlin*, 67 F.3d 1208, 1215 (6th Cir. 1995). There, the Sixth Circuit upheld the denial of a severance motion based on a *Bruton* argument. The court held that Sherlin's confrontation rights were adequately protected. As the court said, "Specifically, counsel for the United States did not offer into evidence statements of Teague [the co-defendant] that incriminated Sherlin, **and the court prevented Teague's attorney from eliciting such statements on cross-examination of the government's witness**." [1] 67 F.3d at 1215 (emphasis added). The court went on to say, "As in *Marsh*, Sherlin's name was redacted from Teague's statement to the investigator, and the statement did not expressly implicate Sherlin. Because Teague's statement was not facially incriminating of Sherlin and could only have been incriminating when linked with other evidence, this redacted statement did not pose *Bruton* problems." *Id.* at 1216 [2]

The United States District Court for the Eastern District of Michigan has recently relied on *Sherlin.* In *Clark v. Palmer*, 2009 WL 1518517, the district court rejected the petitioner's argument that the statement undermined his defense. The court said, "the Supreme Court has rejected this

---

[1] Defendant Roberts suggests that Defendant Howley would attempt to impeach the testimony of Special Agent Gounaud by asking him about Howley's statements regarding Roberts. This argument is misleading. Asking Gounaud about what Howley said regarding Roberts would not be impeaching in any way and would not further Howley's defense. As noted in *Sherlin*, the district court refused to allow Teague's counsel to elicit on cross-examination of the government witness any statements within Teague's confession that incriminated Sherlin. 67 F.3d at 1215. This Court, presumably, would do the same.

[2] Teague's statement was that he acted as a lookout.

3

kind of 'contextual implication.' *Marsh*, 481 U.S. at 209, noting that 'the confession was not incriminating on its face, and became so only when linked with evidence introduced later at trial." *Id.* at *4.

Defendant cites Judge Collier's order in *United States v. Parkes*, 1:09-cr-38 as support for his position. *Parkes* is distinguishable. In *Parkes,* Judge Collier ruled that a redaction which stated "Mourier sold his share of RI to [another individual]" was a *Bruton* violation because the only person "another individual" could be was the co-defendant. We do not have such a case, because at no time is Roberts' name simply replaced by a blank or the words "another individual." There is no mention of any other individual in the proposed admissions by Howley. Thus, not only is there no mention of Roberts' name, there is no mention of or reference to Roberts' existence in the statements. This comports with the restrictions of *Bruton.*

> III. The Admission of Howley's Statements Do Not Violate *Crawford*

Defendant suggests that even if *Bruton* is not violated by the admission of Howley's statements, *Crawford* forbids it. He says that after *Crawford*, *Marsh* may not be good law. There is no support for this proposition and at least one district court has rejected such a suggestion. In *United States v. West*, 2009 WL 4043062 (E.D. Mich.), the district court rejected a *Crawford* challenge to the admission of a co-defendant's statement. It held, "*Crawford* did not overrule *Bruton* and its progeny." *Id.* at *2. This is certainly comports with common sense. *Crawford* prohibits the admission testimonial out-of-court statement by a third party **against** a defendant. Thus, *Crawford* deals with testimonial hearsay statements of non-parties; *Bruton* deals with statements by co-defendants. Since a statement by a co-defendant is offered as evidence only against the co-defendant who made the statement, other defendants do not have a *Crawford*

objection to the admission of the co-defendant's statement. Under Defendant Roberts' argument, no co-defendant statement would ever be admissible. This is simply not the law.

    IV.  Severance Is Not Warranted

The decision to grant of deny a severance is within the sound discretion of the trial court. *Zafiro v. United States*, 506 U.S. 534. A defendant must show a compelling and specific prejudice to reverse a trial court's denial of severance. *United States v. Sivils,* 960 F.2d 587, 594 (6th Cir. 1992). There is a strong policy presumption favoring joint trials for codefendants when criminal charges result from the same acts and will need to be proved by the same evidence. *United States v. Critton,* F.3d 1089, 1098 (6th Cir. 1995). The defendant bears a heavy burden since jurors are presumed to follow the court's instructions to consider each defendant's case separately. *Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985).

    V.  The Proposed Redacted Statement Was Not Untimely

Defendant suggests that the United States was required to submit its proposed redaction ten days prior to February 9, 2010. It is clear that the magistrate judge's order was for the government to propose its redactions 10 days before trial and that the Defendants file a motion in limine 5 days before trial. The proposed redactions have been submitted more than 10 days prior to trial. The Defendants have known all along that the United States intended to introduce Howley's admissions against Howley. As the the magistrate judge said in his order denying Defendant Roberts' motion to exclude Howley's statements, "The government may also use a redacted version of Defendant Howley's statement in the joint trial of Defendants Roberts and Howley, provided that the redacted statement eliminates any reference to Defendant Roberts or to his existence." This is exactly what the United States has done.

5

VI. Conclusion

Accordingly, Defendant Robert's Motion should be denied.

Respectfully submitted,

WILLIAM C. KILLIAN
United States Attorney

 s/ D. Gregory Weddle
 s/ Thomas S. Dougherty
D. GREGORY WEDDLE
Assistant United States Attorney
THOMAS S. DOUGHERTY
Trial Attorney, U.S. Department of Justice
800 Market Street, Suite 211
Knoxville, Tennessee 37902
Telephone: (865)545-4167

CERTIFICATE OF SERVICE

I hereby certify that, on November 18, a copy of the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT R OBERTS'MOTION TO EXCLUDE STATEMENTS OF HOWLEY, ORIN THE ALTERNATIVE, FOR SEVERANCE** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                         By:     /s/ D. Gregory Weddle
                                   Assistant United States Attorney