UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:08-CR-175 |
| | ) | JUDGE PHILLIPS |
| CLARK ALAN ROBERTS, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' RESPONSE TO DEFENDANT ROBERTS' MOTION FOR DOWNWARD DEPARTURE AND VARIANCE

Comes now the United States of America, by and through the undersigned attorneys and hereby files this response to the Defendant Roberts' motion for downward departure and variance, and in support, states as follows:

## I. NO DOWNWARD DEPARTURES ARE WARRANTED.

Defendant requests a downward departure based on (1) his social history and good character; (2) employment record; (3) aberrant behavior; and (4) family contributions. The guidelines are designed to apply to a "heartland" of typical cases: "Atypical cases were not 'adequately taken into consideration,' and factors that may make a case atypical provide potential bases for departure." *Koon v. United States*, 518 U.S. 81, 94, (1996) (citations omitted), *superseded on other grounds by statute*; *see also* U.S.S.G. § 5K2.0 (permitting departures for aggravating or mitigating circumstances not adequately considered by guidelines).

It is clear from the Supreme Court's *Koon* decision that particular cases should only be deemed "outside the heartland" in rare circumstances. There is nothing rare or unusual about Defendant Robert's case which would take it "outside the heartland" of cases involving theft of trade secrets and wire fraud. An employee of a company making material misrepresentations to

a competitor to improperly obtain confidential and proprietary information is not an atypical case of trade secret theft or wire fraud and is well within the "heartland" of the guidelines. Thus, no departures are warranted.

U.S.S.G. § 5H1.11 states that "Civic, charitable, or public service; employment-related contributions; and similar prior good works <u>are not ordinarily relevant</u> in determining whether a departure is warranted" (emphasis added). Similarly, U.S.S.G. § 5H1.6 provides that ". . . family ties and responsibilities <u>are not ordinarily relevant</u> in determining whether a departure may be warranted" (emphasis added). Defendant seeks a departure based on sentencing factors that are deemed generally inappropriate for consideration in the guidelines sentence. See 28 U.S.C. § 994(e); *United States v. Christman*, 607 F.3d 1110, 1119 (6th Cir. 2010). Because they are discouraged factors, they should only be relied upon in "exceptional cases." *Id.*[1] Roberts offers nothing to support that these factors are in any way exceptional and therefore, a downward departure is not warranted.

Roberts also seeks a downward departure for aberrant behavior. The requirements to meet a departure for aberrant behavior are: "the defendant committed a single criminal occurrence or single criminal transaction that was (1) committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life. *United States v. Carson*, 560 F.3d 566, 589 (6th Cir.2009). First, the crime that Roberts and Howley conspired to commit took significant planning. Marty McCarter

---

[1] Defendant Roberts cites *Pepper v. United States*, 131 S.Ct. 1229 (2011) in support of his motion. However, the holding in *Pepper* was simply that a district court may consider post-sentencing rehabilitation at a re-sentencing and has no impact on the fact that U.S.S.G. §§ 5H1.2, 5H1.5, 5H1.6 and 5H1.11 are generally not relevant in determining whether a departure is warranted .

testified at trial that Roberts asked him for a small camera several days before Roberts and Howley traveled to the plant. Additionally, Howley admitted that they intended to take the photos for the benefit of the contract prior to going to the plant. *See United States v. Bueno*, 443 F.3d 1017, 1023 (8th Cir. 2006) ("The offense must have been more than something out of the defendant's character; it must have been a spontaneous and thoughtless act."). The fact that Roberts committed more than one criminal transaction (photographing and emailing the trade secrets) also automatically disqualifies himself from the departure.

Moreover, the crimes extended over a significant period of time. There is evidence that Roberts and Howley began planning to steal the trade secrets before traveling to Topeka in late May and their illegal possession and use of the trade secrets did not end until the search warrant was executed at the Wyko plant in September 2007. Thus, Roberts' crime was not of limited duration. *See United States v. Hillyer*, 457 F.3d 347, 352 (4th Cir.2006) (holding that § 5K2.20 departure should not have been granted where offense involved significant planning and persisted for ten days). The request for departure for aberrant behavior should be denied.

## II. NO VARIANCES ARE WARRANTED.

Roberts also seeks a variance to avoid incarceration because "the fact that he has ten felony convictions on his record are punishment enough" and the prosecution has "ruined" him. Roberts' Memorandum in Support of Downward Departure, p. 37. The more than 100 letters from Robert's supporters, however, show that he has suffered no loss of reputation or standing in the community from committing these crimes. A variance for these reasons is neither compelling nor warranted. Roberts is no different than any other defendant who has committed crimes and faces punishment for those illegal acts. Imprisonment is an inevitable consequence

3

of committing serious crimes.  Without this consequence, there would be no deterrence for others to engage in the same conduct.

Roberts, however, is different from most defendants in that he was given opportunities that most do not have.  He grew up in a two-parent household with a roof over his head and food to eat.  His parents provided him a "loving and disciplined environment."  He received two engineering degrees and held a good job for over 25 years with the same company.  While all of these factors are positive qualities, they make the fact that he committed these crimes even more egregious.  Roberts violated the goodwill and trust he had with Goodyear and its employees to steal from them and defraud them.  He used his extensive knowledge of Goodyear's tire-building technology and familiarity with their Topeka plant in order to commit the crime.  This would have been impossible for someone without Robert's training, knowledge and access.  He defrauded Goodyear and several of its employees in the course of committing the crimes he is convicted of.  These actions show a lack of candor on the part of Roberts.  In light of all this, Roberts should be sentenced pursuant to the guidelines.  He has provided no factors that warrant a variance from the applicable guidelines range.

Extraordinarily, Roberts argues that the Court should grant him a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.  This is incorrect on both the law and the facts.  In determining whether a defendant qualifies for acceptance, the first consideration is "truthfully admitting the conduct comprising the offense(s) of conviction."  See Application Note 1(A).  In *U.S. v Middleton*, the Sixth Circuit agreed with the government that despite the defendant's argument that he admitted not filing his tax returns, without his acknowledgment of his intent to commit a crime, he cannot be said to have "clearly demonstrate[d] acceptance of

4

responsibility for his offense." *United States v. Middleton*, 246 F.3d 825, 845 (6th Cir. 2001). Here, Roberts disputes that he had any intent to commit either of the crimes he was convicted of - theft of trade secrets and wire fraud. Roberts continues to minimize his role in the crimes. He repeatedly implicates Howley as the one who took the photos while conveniently leaving out the facts that he was present when they were taken, that he stood lookout for Howley while the photos were being taken, and the photos were taken at his instruction. Accordingly, Roberts has not accepted responsibility for his crimes and should not receive a reduction on this basis.

Because theft of trade secret cases can be extremely lucrative, there is a substantial incentive for individuals like Roberts to commit them. Deterrence becomes paramount to offset this incentive. A guidelines sentence is capable of securing that deterrence. Also, the most effective way to avoid true sentencing disparities is to impose a guidelines sentence. Roberts has provided no compelling factors that make his case an exception from the guidelines. In fact, his calculated actions and deceptive conduct only support a sentence within the applicable guideline range.

Respectfully submitted this 23rd day of August, 2011.

                                WILLIAM C. KILLIAN
                                United States Attorney

By:   *s/ D. Gregory Weddle*
      *s/ Thomas S. Dougherty*
      D. Gregory Weddle
      Assistant United States Attorney

      Thomas S. Dougherty
      Trial Attorney, U.S. Department of Justice

      800 Market Street, Suite 211
      Knoxville, Tennessee 37902
      Telephone: (865)545-4167

5

Case 3:08-cr-00175-TWP-CCS   Document 169   Filed 08/23/11   Page 5 of 6   PageID #: 2660

## CERTIFICATE OF SERVICE

      I hereby certify that, on August 23, 2011, a copy of the foregoing United States' Response to Defendant Roberts' Motion for Downward Departure and Variance was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                                            *s/ D. Gregory Weddle*
                                                            Assistant United States Attorney