UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-175 |
| | ) | Phillips/Shirley |
| CLARK ALAN ROBERTS | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on the defendant's motion for early termination of his sentence of probation [Doc. 220]. As outlined in his motion and supporting memorandum [Doc. 221], defendant states that he has completed his four month term of home confinement and 150 hours of community service. This was defendant's first and only criminal conviction and he has never been charged with any other felony or misdemeanor. Defendant does not have any history of violence or psychiatric episodes. He does not abuse either alcohol or drugs, and he is not a risk to the safety of the public. Defendant has been on probation for over three years and is in full compliance with the terms of his supervision and has completed all of his ordered community service. Defendant has stable employment with Quantitative Engineering Solutions and mows lawns to supplement his income. Defendant has a stable residence and family life, residing with his wife of 29 years in Maryville, Blount County, Tennessee since 1998. The defendant's wife also has stable employment and their daughter is a student at the University of Tennessee at Chattanooga.

The government opposes the motion, noting that defendant received a downward departure from a guideline range of 37 to 46 months of imprisonment, to a term of four years of probation. The government submits that to grant defendant's request would undermine the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Such a reduction would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offenses. Nor would a further reduction in the sentence provide adequate general deterrence to criminal conduct. Instead, terminating the defendant's probation prematurely would encourage theft of protected American technologies and send the wrong message to the public concerning crimes committed by individuals of defendant's socioeconomic class. Finally, the government argues a reduction in the term of probation would result in double-counting several of the factors already relied upon by the sentencing court in June 2013 to justify its downward departure to a sentence of probation [Doc. 222].

The Probation Office reports that defendant is in full compliance with his terms of supervision and he has completed more than the 150 hours of ordered community service by collecting and recycling aluminum cans for Ronald McDonald House. His supervising probation officer reports that defendant maintains employment and a stable residence for himself and his family. Further, the supervising probation officer recommends early termination of probation for defendant.

Defendant was convicted by a jury of seven counts of stealing trade secrets and three counts of engaging in wire fraud. On August 25, 2011, defendant was sentenced to four months of home confinement, 150 hours of community service, and four years of

2

probation. Defendant appealed his conviction to the Sixth Circuit Court of Appeals. The Sixth Circuit affirmed his conviction, but remanded the case for resentencing based on the sentencing court's failure to establish an amount of loss attributable to the offense conduct [Doc. 191].

At the resentencing hearing held on June 3, 2013 [Doc. 213], the court heard testimony from the government regarding the loss suffered by Goodyear Tire and Rubber Company attributable to the offense conduct. The court also heard testimony and considered evidence regarding defendant's post-sentencing rehabilitation. At the time of the resentencing hearing, defendant had obtained employment in his chosen field of engineering and was working to rebuild his life. Defendant also noted that his wife, although employed, would struggle to support herself and their daughter without his financial support. Defendant also provided support for his elderly parents. After considering all the evidence, the court resentenced defendant to four years of probation as to each count, all such terms to be served concurrently, and required defendant to perform 150 hours of community service (defendant had previously served four months of home confinement) [Doc. 215].

Defendant moves for early termination of probation pursuant to 18 U.S.C. § 3564(c) which provides:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a

3

felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

After carefully considering the requirements of the statute, the court finds the relevant portions of 18 U.S.C. § 3553(a) support an early termination of defendant's probation. In support of this determination, the court notes that defendant has completed more than three years of his term of probation; he has been in full compliance with the conditions of his probation; he has completed all court-ordered community service; he maintains steady employment and a stable residence for his family. In addition, his supervising probation officer recommends early termination. It appears to the court that defendant has rehabilitated himself and he poses no threat to any individual or the community to reoffend. Accordingly, pursuant to 18 U.S.C. § 3564(c), based on the defendant's conduct and the interests of justice, defendant's motion for early termination of probation [Doc. 220] is **GRANTED.** Defendant's term of probation is **TERMINATED.**

**IT IS SO ORDERED.**

                                               s/ Thomas W. Phillips
                                        SENIOR UNITED STATES DISTRICT JUDGE